# **EXHIBIT 2**

**Annotated Code of Maryland, Public Safety Article**

**§ 5-117.1. Handgun qualification license required to sell, rent, or transfer handguns**

### Application of section

(a) This section does not apply to:

(1) a licensed firearms manufacturer;

(2) a law enforcement officer or person who is retired in good standing from service with a law enforcement agency of the United States, the State, or a local law enforcement agency of the State;

(3) a member or retired member of the armed forces of the United States or the National Guard; or

(4) a person purchasing, renting, or receiving an antique, curio, or relic firearm, as defined in federal law or in determinations published by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

### Handgun qualification license required for purchaser, lessee, or transferees

(b) A dealer or any other person may not sell, rent, or transfer a handgun to a purchaser, lessee, or transferee unless the purchaser, lessee, or transferee presents to the dealer or other person a valid handgun qualification license issued to the purchaser, lessee, or transferee by the Secretary under this section.

### Requirements for purchase, rent, or receipt of handguns

(c) A person may purchase, rent, or receive a handgun only if the person:

(1)(i) possesses a valid handgun qualification license issued to the person by the Secretary in accordance with this section;

(ii) possesses valid credentials from a law enforcement agency or retirement credentials from a law enforcement agency;

(iii) is an active or retired member of the armed forces of the United States or the National Guard and possesses a valid military identification card; or

(iv) is purchasing, renting, or receiving an antique, curio, or relic firearm, as defined in federal law or in determinations published by the Bureau of Alcohol, Tobacco, Firearms and Explosives; and

(2) is not otherwise prohibited from purchasing or possessing a handgun under State or federal law.

### Issuance of handgun qualification license

(d) Subject to subsections (f) and (g) of this section, the Secretary shall issue a handgun qualification license to a person who the Secretary finds:

(1) is at least 21 years old;

(2) is a resident of the State;

(3) except as provided in subsection (e) of this section, has demonstrated satisfactory completion, within 3 years prior to the submission of the application, of a firearms safety training course approved by the Secretary that includes:

(i) a minimum of 4 hours of instruction by a qualified handgun instructor;

(ii) classroom instruction on:

1. State firearm law;

2. home firearm safety; and

3. handgun mechanisms and operation; and

(iii) a firearms orientation component that demonstrates the person's safe operation and handling of a firearm; and

(4) based on an investigation, is not prohibited by federal or State law from purchasing or possessing a handgun.

**Exemptions from firearms safety training course requirements**

(e) An applicant for a handgun qualification license is not required to complete a firearms safety training course under subsection (d) of this section if the applicant:

(1) has completed a certified firearms training course approved by the Secretary;

(2) has completed a course of instruction in competency and safety in the handling of firearms prescribed by the Department of Natural Resources under § 10-301.1 of the Natural Resources Article;

(3) is a qualified handgun instructor;

(4) is an honorably discharged member of the armed forces of the United States or the National Guard;

(5) is an employee of an armored car company and has a permit issued under Title 5, Subtitle 3 of the Public Safety Article; or

(6) lawfully owns a regulated firearm.

**Applications to Central Repository for State and national criminal history records check**

(f)(1) In this subsection, "Central Repository" means the Criminal Justice Information System Central Repository of the Department of Public Safety and Correctional Services.

(2) The Secretary shall apply to the Central Repository for a State and national criminal history records check for each applicant for a handgun qualification license.

(3) As part of the application for a criminal history records check, the Secretary shall submit to the Central Repository:

(i) a complete set of the applicant's legible fingerprints taken in a format approved by the Director of the Central Repository and the Director of the Federal Bureau of Investigation;

(ii) the fee authorized under § 10-221(b)(7) of the Criminal Procedure Article for access to Maryland criminal history records; and

(iii) the mandatory processing fee required by the Federal Bureau of Investigation for a national criminal history records check.

(4) The Central Repository shall provide a receipt to the applicant for the fees paid in accordance with paragraph (3)(ii) and (iii) of this subsection.

(5) In accordance with §§ 10-201 through 10-234 of the Criminal Procedure Article, the Central Repository shall forward to the applicant and the Secretary a printed statement of the applicant's criminal history information.

(6) Information obtained from the Central Repository under this section:

(i) is confidential and may not be disseminated; and

(ii) shall be used only for the licensing purpose authorized by this section.

(7) If criminal history record information is reported to the Central Repository after the date of the initial criminal history records check, the Central Repository shall provide to the Department of State Police Licensing Division a revised printed statement of the applicant's or licensee's State criminal history record.

**Application form and fee**

(g) An applicant for a handgun qualification license shall submit to the Secretary:

(1) an application in the manner and format designated by the Secretary;

(2) a nonrefundable application fee to cover the costs to administer the program of up to $50;

(3)(i) proof of satisfactory completion of:

1. a firearms safety training course approved by the Secretary; or

2. a course of instruction in competency and safety in the handling of firearms prescribed by the Department of Natural Resources under § 10-301.1 of the Natural Resources Article; or

(ii) a valid firearms instructor certification;

(4) any other identifying information or documentation required by the Secretary; and

(5) a statement made by the applicant under the penalty of perjury that the applicant is not prohibited under federal or State law from possessing a handgun.

**Issuance or denial of handgun qualification license**

(h)(1) Within 30 days after receiving a properly completed application, the Secretary shall issue to the applicant:

(i) a handgun qualification license if the applicant is approved; or

(ii) a written denial of the application that contains:

1. the reason the application was denied; and

2. a statement of the applicant's appeal rights under subsection (l) of this section.

(2)(i) An individual whose fingerprints have been submitted to the Central Repository, and whose application has been denied, may request that the record of the fingerprints be expunged by obliteration.

(ii) Proceedings to expunge a record under this paragraph shall be conducted in accordance with § 10-105 of the Criminal Procedure Article.

(iii) On receipt of an order to expunge a fingerprint record, the Central Repository shall expunge by obliteration the fingerprints submitted as part of the application process.

(iv) An individual may not be charged a fee for the expungement of a fingerprint record in accordance with this paragraph.

**Expiration of license**

(i) A handgun qualification license issued under this section expires 10 years from the date of issuance.

**Renewal of license**

(j)(1) The handgun qualification license may be renewed for successive periods of 10 years each if, at the time of an application for renewal, the applicant:

(i) possesses the qualifications for the issuance of the handgun qualification license; and

(ii) submits a nonrefundable application fee to cover the costs to administer the program up to $20.

(2) An applicant renewing a handgun qualification license under this subsection is not required to:

(i) complete the firearms safety training course required in subsection (d)(3) of this section; or

(ii) submit to a State and national criminal history records check as required in subsection (f) of this section.

### Revocation of license

(k)(1) The Secretary may revoke a handgun qualification license issued or renewed under this section on a finding that the licensee no longer satisfies the qualifications set forth in subsection (d) of this section.

(2) A person holding a handgun qualification license that has been revoked by the Secretary shall return the license to the Secretary within 5 days after receipt of the notice of revocation.

### Hearing upon denial or revocation of license

(l)(1) A person whose original or renewal application for a handgun qualification license is denied or whose handgun qualification license is revoked, may submit a written request to the Secretary for a hearing within 30 days after the date the written notice of the denial or revocation was sent to the aggrieved person.

(2) A hearing under this section shall be granted by the Secretary within 15 days after the request.

(3) A hearing and any subsequent proceedings of judicial review under this section shall be conducted in accordance with Title 10, Subtitle 2 of the State Government Article.

(4) A hearing under this section shall be held in the county of the legal residence of the aggrieved person.

### Lost or stolen licenses

(m)(1) If an original or renewal handgun qualification license is lost or stolen, a person may submit a written request to the Secretary for a replacement license.

(2) Unless the applicant is otherwise disqualified, the Secretary shall issue a replacement handgun qualification license on receipt of a written request and a nonrefundable fee to cover the cost of replacement up to $20.

### Regulations

(n) The Secretary may adopt regulations to carry out the provisions of this section.