IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, | * | |
| *Plaintiffs,* | * | |
| v. | * | Civil Case No. 16-cv-3311-MJG |
| LAWRENCE HOGAN, *et al.*, | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants Governor Lawrence Hogan and Superintendent of Maryland State Police William M. Pallozzi, having been sued in their official capacities, through their undersigned counsel, file this Answer to plaintiffs' First Amended Complaint ("Complaint").

**INTRODUCTION**

1) Defendants admit only that in 2013, the Maryland General Assembly passed and then-Governor Martin O'Malley signed into law the Firearm Safety Act of 2013 ("FSA"), a written document that speaks for itself. The remaining allegations in Paragraph 1 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, Defendants deny the allegations.

2) Defendants deny the allegations of Paragraph 2.

3) Defendants deny the allegations and characterizations of Paragraph 3, except that they admit that background checks for individual handgun purchases are

required under federal and state law and that those background checks, like the more robust background check required for the HQL, are initially processed electronically.

4) Paragraph 4 characterizes plaintiffs' lawsuit and legal theory and does not require a response. To the extent a response is required, the defendants deny the allegations in Paragraph 4.

### The Parties

5) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore deny them.

6) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore deny them.

7) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore deny them.

8) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore deny them, except that Defendants admit that an HQL is required to purchase a handgun in Maryland unless the purchaser is exempt by statute from that requirement.

9) To the extent Paragraph 9 states legal conclusions, no response is required. To the extent Paragraph 9 contains factual allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny them.

10) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore deny them.

11) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore deny them.

12) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore deny them.

13) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny them, except that Defendants admit that an HQL is required to purchase a handgun in Maryland unless the purchaser is exempt by statute from that requirement.

14) To the extent Paragraph 14 states legal conclusions, no response is required. To the extent Paragraph 14 contains factual allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny them.

15) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny them.

16) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny them.

17) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny them.

18) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny them, except that Defendants admit that an HQL is required to purchase a handgun in Maryland unless the purchaser is exempt by statute from that requirement.

19) To the extent Paragraph 19 states legal conclusions, no response is required. To the extent Paragraph 19 contains factual allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny them.

20) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore deny them.

21) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore deny them.

22) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore deny them, except that Defendants admit that an HQL is required to purchase a handgun in Maryland unless the purchaser is exempt by statute from that requirement.

23) To the extent Paragraph 23 states legal conclusions, no response is required. To the extent Paragraph 23 contains factual allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore deny them.

24) Defendants deny the characterization of the cost of acquiring an HQL as excessive. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and therefore deny them.

25) The allegations in the seventh sentence of Paragraph 25 consist of plaintiffs' opinion, characterizations, and legal arguments, to which no response is required. To the extent a response is required, the defendants deny the allegations in the

seventh sentence of Paragraph 25.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25, and therefore deny them.

26)  Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in the first, second, fourth, fifth, ninth, and tenth sentences of Paragraph 26.  Allegations in the third, fourth, sixth, seventh, eighth, ninth, and eleventh sentences of Paragraph 26 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required.  To the extent a response is required, Defendants deny these allegations.

27)  Defendants admit that Lawrence Hogan is Governor of the State of Maryland and that he has powers and duties as set forth in Article II of the Maryland Constitution, Title 3 of the State Government Article, and elsewhere in Maryland law. Defendants further admit that Governor Hogan has been sued only in his official capacity in this lawsuit arising from his official responsibility to implement the statutory scheme. The remaining allegations of Paragraph 27 are characterizations or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

28)  Defendants admit that William M. Pallozzi is Secretary and Superintendent of the Maryland State Police ("MSP"), that in that position he is responsible for executing and administering the HQL statute and regulations, that he has been sued in his official capacity, that his predecessor issued regulations to implement the HQL requirement, and that he has at all relevant times upheld his obligations under the law.  The remaining

allegations of Paragraph 28 are characterizations or legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

## Jurisdiction and Venue

29) Paragraph 29 contains legal conclusions to which no response is required.

## Statement of Facts

30) Defendants deny Paragraph 30 as stated. The actual text of the Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

31) Paragraphs 31, 33, and 34 state legal conclusions to which no response is required. By way of further response, Defendants deny the plaintiffs' attempts to characterize the scope of the Second Amendment right, which is more fully and accurately set forth in the text of the amendment, in decisions of the Supreme Court including *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and in decisions of the Fourth Circuit including *Kolbe v. Hogan*, 849 F.3d 114 (2017) (en banc).

32) Admitted.

33) See answer to Paragraph 31, which is incorporated herein.

34) See answer to Paragraph 31, which is incorporated herein.

35) Paragraph 35 states a legal conclusion to which no response is required, and also purports to characterize a writing that speaks for itself. Maryland's HQL law appears at § 5-117.1 of the Public Safety Article.

36) Paragraph 36 states a legal conclusion to which no response is required, and also purports to characterize a writing that speaks for itself. Maryland's HQL law appears at § 5-117.1 of the Public Safety Article.

37) Paragraph 37 states legal conclusions to which no response is required, and also purports to characterize writings that speak for themselves. Maryland's HQL law appears at § 5-117.1 of the Public Safety Article and implementing regulations appear at COMAR 29.03.01.26 – .41. By way of further response, Defendants deny the allegations of Paragraph 37 to the extent they deviate from the requirements of the HQL law and implementing regulations, and specifically deny the characterizations and allegations contained in subparagraphs c, d, e (the last clause), h (as to alleged travel costs), i (the last clause), j, and m. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegation in subparagraph (f) as to the amount of vendor fees, and so deny that allegation.

38) Paragraph 38 states a legal conclusion as to which no response is required.

39) Defendants deny Paragraph 39 as stated.

40) Defendants deny the allegations of the first sentence of Paragraph 40. Defendants admit that the HQL application period is separate from the mandatory seven-day waiting period for handgun purchases.

41) Admitted.

42) The allegations in Paragraph 42 purport to characterize SOP 29-1403, a written document that speaks for itself, and defendants deny all allegations and characterizations that are inconsistent with that document.

43) Defendants admit that in many cases, HQL background checks are completed promptly and, in those cases, licenses are issued promptly. Defendants otherwise deny the characterizations and allegations in Paragraph 43.

44) Defendants admit that the FSA does not expressly provide for the immediate issuance of an HQL. The remaining allegations in Paragraph 44 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

45) Defendants admit that § 5-123 of the Public Safety Article operates separately from the HQL requirement.

46) To the extent Paragraph 46 consists of plaintiffs' opinion, characterizations, and legal arguments, no response is required. To the extent Paragraph 46 contains factual allegations, Defendants deny those allegations.

**Count I (Second Amendment – 42 U.S.C. § 1983)**

47) Defendants incorporate their responses to the paragraphs above.

48) The allegations in Paragraph 48 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, Defendants deny the allegations.

49) The allegations in Paragraph 49 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

50) The allegations in Paragraph 50 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

51) The allegations in the first two sentences of Paragraph 51 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in the third sentence of Paragraph 51 regarding training and other requirements imposed in all other jurisdictions in the United States, and so deny those allegations.

52) The allegations in Paragraph 52 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

53) To the extent the allegations in Paragraph 53 purport to summarize and characterize the requirements of statute and regulation, the statute and regulations speak for themselves, and no response is required.

54) The allegations in Paragraph 54 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

55) The allegations in Paragraph 55 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

56) The allegations in Paragraph 56 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

57) The allegations in Paragraph 57 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

### Count II (Due Process – 42 U.S.C. § 1983)

58) Defendants incorporate their responses to the paragraphs above.

59) The allegations in Paragraph 59 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

60) Pursuant to the Court's memorandum and order resolving Defendants' motion to dismiss (ECF No. 34), plaintiffs' procedural due process claim regarding the instructor certification requirement has been dismissed. No response is required.

61) Pursuant to the Court's memorandum and order resolving Defendants' motion to dismiss (ECF No. 34), plaintiffs' procedural due process claim regarding the instructor certification requirement has been dismissed. No response is required.

62) The allegations in Paragraph 62 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

63) The allegations in Paragraph 63 purport to summarize or quote written statutes, which speak for themselves. No response is required.

64)   The allegations in Paragraph 64 purport to summarize or quote a written statute, which speaks for itself, and also state legal conclusions. No response is required.

65)   The Defendants admit the first sentence of Paragraph 65, and further admit that MSP did not define the terms "receive" and "receipt" in the implementing regulations. The remaining allegations in Paragraph 65 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

66)   The allegations in Paragraph 66 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

67)   The allegations in Paragraph 67 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

68)   The allegations in Paragraph 68 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

69)   The allegations in Paragraph 69 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

70)   The allegations in Paragraph 70 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

71) Admitted.

72) The allegations in Paragraph 72 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

73) The allegations in Paragraph 73 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

## Count III (Ultra Vires)

74) Defendants incorporate their responses to the paragraphs above.

75) The allegations in Paragraph 75 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

76) Admitted.

77) Defendants admit that Paragraph 77 accurately quotes § 5-117.1 of the Public Safety Article (which appears in section 1 of the FSA), a written document that speaks for itself, except that the phrase "shall issue" is not underlined, bolded, or italicized in the statutory text.

78) Defendants admit that the Maryland State Police do not provide fingerprinting services for HQL applicants. The remaining allegations in Paragraph 78 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

79)     The allegations in Paragraph 79 consist of plaintiffs' opinion, characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

80)     The allegations in Paragraph 80 purport to characterize the FSA and COMAR 29.03.01, written documents that speak for themselves, and also contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 80.

81)     Defendants deny the allegations of the first sentence of Paragraph 81. The second sentence of Paragraph 81 purports to summarize a portion of a statute, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 18, and therefore deny those allegations.

82)     The allegations in Paragraph 82 consist of plaintiffs' characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

83)     The allegations in Paragraph 83 consist of plaintiffs' characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

84)     The allegations in Paragraph 84 consist of plaintiffs' characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

85) Defendants admit that the FSA provides for "a nonrefundable application fee to cover the costs to administer the program of up to $50." Defendants deny any allegations and characterizations that are inconsistent with the FSA, a written document that speaks for itself.

86) The allegations in Paragraph 86 consist of plaintiffs' characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

87) The allegations in Paragraph 87 consist of plaintiffs' characterizations, and legal arguments to which no response is required. To the extent a response is required, the defendants deny the allegations.

**Prayer for Relief**

WHEREFORE, the defendants pray that the plaintiffs be denied the relief requested in the Amended Complaint.

ALL ALLEGATIONS IN THE AMENDED COMPLAINT NOT SPECIFICALLY ADMITTED ARE DENIED, AND DEFENDANTS DEMAND STRICT PROOF THEREOF.

**DEFENDANTS' FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Amended Complaint, and each and every allegation thereof, fails to state a claim upon which relief can be granted.

**DEFENDANTS' SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, and by the doctrine of laches.

## DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by sovereign immunity.

**WHEREFORE**, having fully answered the plaintiffs' Amended Complaint, the defendants respectfully request that the Court deny the plaintiffs' relief requested in the Amended Complaint, enter judgment in favor of the defendants and against the plaintiffs, award the defendants their costs and attorney fees incurred in defending this action, and grant such further relief as this Court may deem just and appropriate.

Respectfully Submitted,

BRIAN E. FROSH
Attorney General

　　　/s/ Jennifer L. Katz　　　
JENNIFER L. KATZ (Fed. Bar #28973)
MATTHEW J. FADER (Fed. Bar # 29294)
Assistant Attorneys General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-7005 (tel.); 410-576-6955 (fax)
jkatz@oag.state.md.us

Dated: September 20, 2017          Attorneys for Defendants