IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARYLAND SHALL ISSUE, INC., *et al.*,   *

   *Plaintiffs,*   *

v.   *   Civil Case No. 16-cv-3311-MJG

LAWRENCE HOGAN, *et al.*,   *

   *Defendants.*   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **STIPULATED CONFIDENTIALITY ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and in accordance with Local Rule 104.13, with the parties having consented to the entry of a protective order in this form without further notice, and the Court having found that the discovery of information that one or more parties or non-parties may consider confidential or proprietary has been or may be requested in this action and that the disclosure and distribution of such information should be reasonably restricted, the Court finds that good cause exists for the entry of this Order.

THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED that the parties, their representatives, agents, experts, and consultants, and any other interested persons, including non-parties from whom information may be sought in discovery, shall be entitled to the benefits of and adhere to the following terms regarding documents, data, and other information and tangible

things that are produced, made available for inspection, disclosed, or filed in this case:

1. The protection afforded by this Order shall in no way affect a party's or non-party's right to withhold documents as privileged under the attorney-client or other privilege or as otherwise exempted from discovery under Rule 26.

2. Parties and non-parties may designate material as "Confidential" and be entitled to the protections in accordance with this Order. However, nothing in this Order grants to non-parties access to the materials produced by others.

3. All information produced by the parties or non-parties (hereinafter the "producing entity") in the course of discovery proceedings in this action and designated "Confidential" shall not be used or disclosed except as expressly permitted hereunder.

4. A producing entity may designate as "Confidential" any document or other discovery material that is considered to be private, personal information of individuals including but not limited to social security numbers; driver's license numbers; telephone numbers; passport numbers; street addresses; email addresses; information about an individual's firearm ownership, including

the number of firearms owned, and identifying information about the type of firearm(s) owned; and usernames, passwords, and other private information related to an individual's HQL application.  "Confidential Information," as used herein, shall refer to any document designated "Confidential," other discovery materials so designated (including deposition transcripts as specified below) and all copies and extracts thereof, and shall also refer to the information contained therein. Discovery materials may be designated "Confidential" by stamping or otherwise marking "Confidential" on each page of the material in a manner that will not interfere with its legibility.  If a producing entity produces material that is entitled to be designated as "Confidential," but inadvertently fails to designate it as "Confidential," that producing entity may be subsequently designate such material as "Confidential," and such material will then be treated as "Confidential" pursuant to this Protective Order.

      5.    Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

    (a)    the parties and the attorneys for the parties in this action (including in-house counsel) and their paralegals, clerical and other assistants who have a clear need therefor in connection with this action;

(b) persons retained by the parties or counsel for the parties to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action (referred to as "consultants"), provided such persons have signed an acknowledgement in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

(c) stenographers engaged to transcribe depositions or other testimony conducted in this action;

(d) the Court and its support personnel; and

(e) a witness during the course of that witness's testimony or preparation therefor, provided such persons have signed a acknowledgment under penalty of perjury in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms.

6. During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for or an answer has disclosed Confidential Information. Such Confidential Information may be so designated either:

      (i)    during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter; or

      (ii)    by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

7. Thereupon, either counsel may request all persons, except persons entitled to receive Confidential Information pursuant to this Protective Order, to leave the room where the deposition is proceeding until completion of the answer or answers containing Confidential Information.

8. Persons described in paragraph 5 above shall be restricted to using Confidential Information only for purposes directly related to this action and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder.

9. Prior to any disclosure of Confidential Information to any person retained as an expert and/or consultant pursuant to subparagraph 5(b) above, counsel retaining such person shall cause such person to read this Protective

Order and sign an acknowledgement in the form annexed hereto. Counsel shall retain the signed acknowledgement, hold it in escrow, and produce it to opposing counsel prior to such person being permitted to testify at deposition or trial, or at the conclusion of the case, whichever comes first.

10. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 11 of this Confidentiality Order. The parties agree that they will use their best efforts to disclose or include Confidential Information in documents submitted to the Court

only when absolutely necessary, and agree, where possible, to designate only the confidential portions of filings with the Court to be filed under seal.

11. In the event that the requesting party disagrees with the designation by the producing entity of any document or discovery materials as "Confidential," the requesting party's counsel shall advise counsel for the producing entity in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. Within ten (10) days of receiving this written objection, the producing entity shall advise whether the "Confidential" designation will be removed. If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by motion or otherwise as the Court directs. In the event of such a dispute, the party seeking confidentiality shall have the burden to justify the designation as "Confidential." During the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information subject to the provisions of this Protective Order.

12. Within thirty (30) days of the resolution of this action by settlement or judgment, including the conclusion of all appeals, all documents and discovery materials designated "Confidential" and any copies thereof shall be promptly returned to the producing entity or, with and upon the prior consent of

said entity, destroyed, provided that the requesting party certifies in writing that all designated documents and materials have been destroyed. Attorney work product containing or reflecting Confidential Information need not be transmitted to the producing entity, but may be destroyed instead at the election of the party that creates such work product. The Clerk is hereby authorized to return to counsel or destroy any sealed material filed with the Court upon the conclusion of the litigation.

13. Nothing contained herein shall preclude the producing entity from using his, her or its own confidential information, documents or materials in any manner he, she or it sees fit, or from revealing such confidential information, documents or discovery materials to whomever he, she or it chooses, without the prior consent of any other party or the Court.

14. Notwithstanding anything to the contrary that may be set forth herein, each producing entity shall have the right to object to any discovery or to apply to the Court at any time for an order granting other or additional protective relief with respect to any confidential, proprietary or privileged material. This order shall not be construed to require any producing entity to produce any documents or information not otherwise relevant, material, non-privileged and the appropriate subject of discovery in this action.

15. Inadvertent disclosure of any information without a designation of "Confidential" shall not be deemed a waiver of a party's right to assert "Confidential" status as to such information. A party to this Agreement may designate in writing in a letter to the other parties in the litigation that the inadvertently disclosed matter be "Confidential" pursuant to this Agreement.

16. Inadvertent disclosure of information which falls within the attorney-client privilege and/or the attorney work-product doctrine, shall not operate to waive any rights to assert such privilege(s) with respect to such information. Once the party receiving such privileged information is notified of the assertion of the privilege(s), the receiving party must return the privileged item(s) to the producing party within three (3) business days, including all copies or extracts of such information. If the receiving party disputes the applicability of the claimed privilege, the party disputing the privilege may present the issue to the court for a ruling.

17. If either party or its counsel receives a subpoena or other process from any person (including but not limited to natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) seeking production of Confidential Information, the party and/or its

counsel shall promptly give written notice by overnight delivery and/or facsimile to counsel for the other party, identifying the materials sought, and enclosing a copy of the subpoena or other process. In no event shall production or other disclosure be made before counsel has been given the aforementioned notice and has had an opportunity to quash such subpoena.

      18.   The provisions of this Protective Order and the obligation to retain the confidentiality of the Confidential Information produced hereunder, absent written permission or further Order of the Court, shall survive and continue to be binding after the conclusion of this action. This Court shall retain jurisdiction over the parties to the extent necessary to enforce said obligation.

    ORDERED, this _____ day of _____, 201__

                                                              _____
                                                              United States District Judge

AGREED AND CONSENTED TO:

**Counsel for Plaintiffs:**

      /s/ Cary J. Hansel
Cary J. Hansel
2514 N. Charles Street
Baltimore, MD 21218


      /s/ John Parker Sweeney
John Parker Sweeney, Esq.
T. Sky Woodward, Esq.
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036



**Counsel for Defendants:**

_____
BRIAN E. FROSH
Attorney General


      /s/      Robert A. Scott
JENNIFER L. KATZ (Fed. Bar # 28973)
ROBERT A. SCOTT (Fed. Bar # 24613)
Assistant Attorneys General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-7005 (tel.); 410-576-6955 (fax)
jkatz@oag.state.md.us

## Attachment A

## Acknowledgment of Receipt of
## Confidentiality Order and Contempt for Violation of Order

The undersigned hereby acknowledges receipt of a copy of the Stipulation and Confidentiality Order (the "Confidentiality Order") entered by the United States District Court for the District of Maryland in *Maryland Shall Issue, Inc. et al. v. Hogan et al.*, Civil Action No. 16-cv-3311-MJG.  The undersigned states that he or she has read, fully understands, and agrees to be bound by the provisions of said Confidentiality Order with respect to documents or information designated "Confidential" including the prohibition on the communication of any information contained in such documents or information except pursuant to the explicit terms of the Confidentiality Order, and is aware that for any violation of the provisions of said Confidentiality Order, he or she is subject to such penalties as the Court may direct.  The undersigned further expressly acknowledges that the disclosure in any manner of "Confidential" or information other than as allowed by the Confidentiality Order will constitute a violation of an Order of the Court.

_____
Signature

_____
Name (printed or typed)

_____
Title

_____
Date