## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARYLAND SHALL ISSUE, INC*., et al.*, | * | |
| *Plaintiffs,* | * | |
| v. | * | Civil Case No. 16-cv-3311-MJG |
| LAWRENCE HOGAN, *et al.,* | * | |
| *Defendants.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MOTION FOR SANCTIONS FOR FAILURE TO RESPOND TO DISCOVERY

Defendants Lawrence Hogan and William Pallozzi, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, move to compel Plaintiffs Christine Bunch and Ana Sliveira ("Plaintiffs") to provide responses to discovery propounded by the defendants or, in the alternative, to impose sanctions for their failure to respond.  Specifically, the defendants seek an order dismissing all claims asserted by Plaintiffs Bunch and Sliveira in this action.[1]   In the alternative, defendants request an order (1) prohibiting Plaintiffs Branch and Sliveira from introducing any evidence in support of their allegations in the Second Amended Complaint; and (2) compelling Plaintiffs to provide responses to defendants' unanswered discovery requests, without any objections, and produce all documents requested thereby, within five business days.  In support of their motion, defendants state:

---

[1] The dismissal of Plaintiffs Bunch and Sliveira will not terminate this litigation. There are four other plaintiffs in this action.

1.      This Court's Scheduling Order, entered on September 25, 2017, set March 30, 2018, as the deadline for completion of discovery.  ECF 36.

2.      The defendants have complied with the Scheduling Order, serving interrogatories and requests for production on Plaintiffs Bunch and Sliveira more than four months prior to the discovery deadline.  The requests for production were served on October 27, 2017, and the interrogatories were served on November 1, 2017.

3.      On November 16, 2017, Plaintiffs sought an extension of 30 days to answer the discovery propounded on them, which the defendants granted the following day, making the plaintiffs responses to the requests for production due on December 27, 2017, and the answers to interrogatories due on January 2, 2018.  *See* emails dated November 16-17, 2017, attached hereto as Exhibit 1.

4.      Plaintiffs did not serve any discovery responses on the agreed dates, nor did they request an extension prior to the agreed dates.  Instead, on January 9, 2018, when counsel for defendants inquired by email about the status of the responses, Plaintiffs requested a further extension until January 25, 2018 to serve their responses.  Defendants expressed concern that further delays would prejudice defendants' ability to complete discovery prior to expiration of the discovery deadline.  In response, Plaintiffs agreed to provide discovery by January 22, 2018.  *See* emails dated January 9-12, 2018, attached hereto as Exhibit 2.

5.      On January 22, 2018, Plaintiffs again sought until January 25, 2018 to serve their responses, and the defendants consented to this request.  *See* emails dated January 22, 2018, attached hereto as Exhibit 3.

6.      On January 30, 2018, defendants informed Plaintiffs that Plaintiff Bunch had served no responses to discovery and Plaintiff Sliveira had not served answers to interrogatories.  *See* email dated January 30, 2018, attached hereto as Exhibit 4.  In response to defendants' inquiries, Plaintiffs' counsel stated the parties would discuss the outstanding discovery responses on a meet-and-confer call scheduled for February 2, 2018.  *See* email dated February 1, 2018, attached hereto as Exhibit 5.  Due to a motions hearing in another case, Plaintiffs' counsel was unable to participate in that call.

7.      Defendants have since inquired about the status of the outstanding discovery responses by email on February 2 and again on February 6, and have received no response to their inquiries.  *See* emails dated February 2 and 6, 2018, attached hereto as 6.

8.      As of the filing of this motion, Plaintiff Bunch has provided no answers to interrogatories or responses to requests for production, and Plaintiff Sliveira has not served her answers to interrogatories—discovery that was propounded on Plaintiffs nearly three months ago.  Neither plaintiff has sought a further extension of time from the defendants.  No responses to defendants' inquiries about when these responses would be forthcoming have been provided.

9.      In setting the discovery schedule, this Court made clear that it expected the parties to complete fact discovery within the time provided in the Scheduling Order.  The defendants understand the Court's interest in the expeditious administration of its docket, and  the  defendants  have  attempted  to  complete  discovery—both  requests  and responses—in accordance with this Court's order.  Plaintiffs Bunch and Sliveira have not,

3

and they have offered no justification for their failure to do so.  Their failure will prejudice the defendants by preventing them from completing discovery and resolving any disputes within the time permitted under this Court's Scheduling Order.

10.     Accordingly, given the lack of any justification for the extensive delays in answering discovery in this case and the resulting prejudice to the defendants, defendants seek dismissal of all claims asserted by Plaintiffs Bunch and Sliveira in this lawsuit pursuant to Rule 37(b)(2)(A)(v).  In the alternative, defendants request that this Court enter an Order (1) prohibiting Plaintiffs Bunch and Sliveira from introducing any evidence in support of their allegations in the Second Amended Complaint in any proceeding before this Court pursuant to Rule 37(b)(2)(A)(ii); and (2) requiring Plaintiffs Bunch and Sliveira to provide responses, without objection, to the defendants' outstanding discovery, and produce all documents requested thereby, within 5 business days.  These remedies are justified by Plaintiffs Bunch's and Sliveira's failure to provide discovery responses, and will ensure that these plaintiffs do not benefit from their refusal to abide by this Court's Scheduling Order and the federal and local rules governing discovery.  *See LeCompte v. Manekin Constr., LLC*, 573 B.R. 187, 195-97 (D. Md.), *aff'd*, 706 F. App'x 811 (4th Cir. 2017) (affirming default judgment sanction where defendant failed to answer discovery until after sanctions motion was filed).

A proposed order is attached.

WHEREFORE, for the reasons stated herein, defendants respectfully request that the Court enter an order dismissing with prejudice all claims of Plaintiffs Bunch and Sliveira in this action or, in the alternative, (1) prohibiting Plaintiffs Bunch and Sliveira

4

from introducing any evidence in support of their allegations in the Second Amended Complaint in any proceeding before this Court pursuant to Rule 37(b)(2)(A)(ii), and (2) requiring Plaintiffs Bunch and Sliveira to provide responses, without any objections, to the defendants' outstanding discovery, and to produce all documents requested thereby, within 5 business days.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

_/s/ Jennifer L. Katz_____
JENNIFER L. KATZ (Fed. Bar # 28973)
ROBERT A. SCOTT (Fed. Bar # 24613)
Assistant Attorneys General
200 St. Paul Place
Baltimore, Maryland  21202
jkatz@oag.state.md.us
(410) 576-7005; (410) 576-6955 (fax)

Dated:  February 9, 2018          Attorneys for Defendants

## RULE 37(d)(1)(B) CERTIFICATION

I hereby certify that Defendants have attempted in good faith to resolve the discovery dispute with the Plaintiffs as evidenced by the e-mails attached as Exhibits 1-6 to this motion.   Defendants have consented to three extensions of time sought by Plaintiffs, and have initiated communication concerning the outstanding discovery requests via email on January 30, 2018 and February 1, 2, and 6, 2018.   Since Plaintiffs' counsel was unable to participate in a meet-and-confer call on February 2, 2018, there has been no responsive communication from Plaintiffs concerning the outstanding discovery requests.

_/s/ Jennifer L. Katz_____
JENNIFER L. KATZ (Fed. Bar # 28973)