**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MARYLAND SHALL ISSUE, INC., *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 16-cv-3311-MJG** |
| **v.** | ) | |
| | ) | |
| **LAWRENCE HOGAN, in his capacity of GOVERNOR OF MARYLAND, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF ATLANTIC GUNS, INC.'S LOCAL RULES 104.7 AND 104.8**
**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 104.7 and 104.8, I certify that counsel for Plaintiff Atlantic Guns, Inc. and counsel for Defendants have held the following meet-and-confer conferences regarding the attached Motion to Compel, Response, Reply, and Supplemental Reply:

- On April 13, at around 12:00 p.m. at the Maryland Attorney General's Office, Plaintiff's counsel (Mr. Sweeney and Mr. Nardone) held a meet-and-confer conference with Defendants' counsel (Ms. Katz and Mr. Scott).

- On March 19, 2018, at around 3:00 p.m., Plaintiff's counsel (Mr. Sweeney and Mr. Nardone) held a meet-and-confer teleconference with Defendants' counsel (Ms. Katz and Mr. Scott).

- On March 6, 2018, at around 2:00 p.m. at the Maryland Attorney General's Office, Plaintiff's counsel (Mr. Sweeney and Mr. Nardone) held a meet-and-confer conference with Defendants' counsel (Ms. Katz and Mr. Scott).

- On February 22, at around 10:00 a.m., Plaintiff's counsel (Mr. Sweeney and Mr. Nardone) held a meet-and-confer teleconference with Defendants' counsel (Ms. Katz and Mr. Scott).
- On February 2, 2018, at around 2:00 p.m., Plaintiff's counsel (Mr. Sweeney and Mr. Nardone) held a meet-and-confer teleconference with Defendants' counsel (Ms. Katz and Mr. Scott).

The only issue for the Court's resolution is whether the number of Handgun Qualifying License (HQL) applications that were started but not submitted is relevant to the parties' claims and defenses. The number of HQL applications initiated but not submitted as final is relevant to the existence and extent of the burden that the HQL requirement and application process places upon law-abiding, responsible Maryland citizens seeking to exercise their right to acquire a handgun for self-defense in the home. Specifically, the number of initiated but not submitted applications will support Plaintiffs' claims that many of these HQL applicants spend months completing the HQL requirements or become discouraged and abandon the process entirely.

The existence of this information is not in dispute. Indeed, both Col. Pallozzi and his Maryland State Police ("MSP") representative designee have confirmed that this information is available to Col. Pallozzi. Nevertheless, Col. Pallozzi persistently refuses to furnish this information, contending wrongly that it is not relevant to Atlantic Guns' claims. Col. Pallozzi also claims that he is withholding this information because he does not believe it is reliable. This objection is beside the point at this stage in litigation. Rule 26(b)(1) of the Federal Rules of Civil Procedure makes clear: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Case law in this Court is equally clear: "[r]elevant information need not be admissible at trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence." *In re Coventry Healthcare, Inc., ERISA Litig.*, 290 F.R.D. 471, 473 (D. Md. 2013) (citing *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 434 (D. Md. 2012)). Defendant cannot avoid his discovery obligations by unilaterally declaring discoverable information to be not relevant or reliable because he does not want to have to explain what he obviously believes is potentially damaging evidence.

Atlantic Guns seeks this information in its First Set of Interrogatories and respectfully requests this Court enter an order compelling Col. Pallozzi to supplement his answers to Interrogatory 5 to provide the raw number of HQL applications that have been initiated through MSP's website and the raw number of those HQL applications that have been submitted as final.

Dated: April 13, 2018.

Respectfully submitted,

/s/ John Parker Sweeney_

John Parker Sweeney (Bar No. 08761)
T. Sky Woodward (Bar No. 10823)
James W. Porter, III (Bar No. 19416)
Marc A. Nardone (Bar No. 18811)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: (202) 719-8216
Facsimile: (202) 719-8316
JSweeney@bradley.com

*Attorneys for Plaintiff Atlantic Guns, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of April, 2018, the foregoing was as served, via electronic delivery to Defendants' counsel via CM/ECF system which will forward copies to Counsel of Record:

Jennifer L. Katz
Robert A. Scott
Assistant Attorneys General
Maryland Office of the Attorney General
200 Saint Paul Street, 20th floor
Baltimore, Maryland 21202
jkatz@oag.state.md.us
rscott@oag.state.md.us

Cary J. Hansel
2514 N. Charles Street
Baltimore MD 21218
cary@hansellaw.com

/s/ John Parker Sweeney_
John Parker Sweeney, No. 08761