IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARYLAND SHALL ISSUE, INC., *et al.*,          )
                                               )
          Plaintiffs,                          )
                                               )   Case No. 16-cv-3311-MJG
          v.                                   )
                                               )
LAWRENCE HOGAN, in his capacity of             )
GOVERNOR OF MARYLAND, *et al.*,                )
                                               )
          Defendants.                          )

## PLAINTIFF ATLANTIC GUNS, INC.'S SUPPLEMENTAL REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

Plaintiff Atlantic Guns, Inc., by counsel, hereby submits this Supplemental Reply in Support of its Motion to Compel ("Motion") Defendant William Pallozzi ("Col. Pallozzi") to respond fully to discovery requests served by Atlantic Guns. After Atlantic Guns served its Reply Memorandum in Support of its Motion to Compel ("Reply"), the parties resolved Atlantic Guns' concerns with respect to Col. Pallozzi's response to Interrogatories 1 and 7 and Request for Documents No. 2 (in addition to having already resolved Atlantic Guns' concerns with respect to Interrogatories 2, 4, 6, 11, and 15–18). This Supplemental Reply narrows the discovery requests at issue in Atlantic Guns' Motion. The parties have not resolved concerns regarding Col. Pallozzi's answer to Interrogatory 5, and Atlantic Guns respectfully requests this Court enter an order compelling Col. Pallozzi to supplement his answers to Interrogatory 5 to provide the raw number of HQL applications that have been initiated through Maryland State Police's ("MSP's") website and the raw number of those HQL applications that have been submitted as final.



EXHIBIT
D

**Interrogatory 5**: Defendant Pallozzi refuses to produce the "number of [Handgun Qualification License] applications which were started in the [MSP's] system . . . but were never submitted as final to the MSP." *See* Supp. Resp. to Interrog. No. 5. By Col. Pallozzi's own admission, however, "it would be possible for the [MSP's] Licensing Division's information technology personnel to capture the raw number of applications that have been initiated through MSP's website and the raw number of applications that have been submitted as final"). *Id.* Col. Pallozzi's MSP's representative designee confirmed this fact at the deposition of its representative designee, Captain Andy Johnson, Commander of the Licensing Division. *See* Rule 30(b)(6) Deposition of Capt. Andy Johnson, Exhibit 1, at 97:12–99:17 (Capt. Johnson testified that he helped prepare Col. Pallozzi's supplemental response to Interrogatory No. 5 and specifically confirmed that this statement in the supplemental response is accurate). Col. Pallozzi further confirmed this fact in his Response to Atlantic Guns' Motion to Compel. *See* Response, at p. 5.

Col. Pallozzi claims that he is withholding this information because he does not believe it is relevant or reliable. Response, at pp. 5–6. These objections are beside the point. Rule 26(b)(1) of the Federal Rules of Civil Procedure makes clear: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Case law in this Court is equally clear: "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *In re Coventry Healthcare, Inc., ERISA Litig.*, 290 F.R.D. 471, 473 (D. Md. 2013) (citing *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 434 (D. Md. 2012)).

The information sought in this interrogatory is relevant to the parties' claims and defenses. The number of HQL applications initiated but not submitted to MSP is relevant to the existence

and extent of the burden that the HQL requirements and applications process place upon law-abiding, responsible Maryland citizens seeking to exercise their right to acquire a handgun for self-defense in the home. The number of initiated but not submitted applications will support Plaintiffs' claims that many of these HQL applicants spend months completing the HQL requirements or become discouraged and abandon the process entirely. The objection raised by MSP – that the data cannot show why some applications were left uncompleted – goes to the weight of the evidence but not to its relevance or discoverability. Defendant cannot avoid his discovery obligations by unilaterally declaring discoverable information to be "not relevant or reliable" because it does not want to have to explain what it obviously believes is potentially damaging evidence.

Respectfully submitted,

/s/ John Parker Sweeney
John Parker Sweeney (Bar No. 08761)
T. Sky Woodward (Bar No. 10823)
James W. Porter, III (Bar No. 19416)
Marc A. Nardone (Bar No. 18811)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: (202) 719-8216
Facsimile: (202) 719-8316
JSweeney@bradley.com

*Attorneys for Plaintiff Atlantic Guns, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April, 2018, a copy of the foregoing was

sent via electronic mail to:

> Jennifer L. Katz
> Robert A. Scott
> Assistant Attorneys General
> Maryland Office of the Attorney General
> 200 Saint Paul Street, 20th floor
> Baltimore, Maryland 21202
> jkatz@oag.state.md.us
> rscott@oag.state.md.us
>
> Cary J. Hansel
> 2514 N. Charles Street
> Baltimore MD 21218
> cary@hansellaw.com
>
> /s/ John Parker Sweeney_
> John Parker Sweeney, No. 08761

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

------------------------------X

MARYLAND SHALL ISSUE, INC.,       :

et al.,                           :

                                  :   Case No:

          Plaintiffs              :   16-cv-3311-MJG

                                  :

          -vs-                    :   Pages 1 - 169

                                  :

LAWRENCE HOGAN, in his            :

capacity of Governor of           :

Maryland, et al.,                 :

                                  :

          Defendants              :

------------------------------X

Deposition of Andy R. Johnson

Baltimore, Maryland

Wednesday, April 11, 2018

Reported by:  Kathleen M. Vaglica, RPR, RMR

Job No:  393199

MAGNA LEGAL SERVICES

(866) 624-6221



EXHIBIT
1

Page 2

1

2

3

4

5

6                                    Wednesday, April 11, 2018

7                                    (10:00 a.m.)

8

9    Deposition of Andy R. Johnson, held at the offices

10   of:

11

12        Maryland Office of the Attorney General

13        200 Saint Paul Place

14        20th Floor

15        Baltimore, MD   21202

16

17

18   Pursuant to notice, before Kathleen M. Vaglica, RPR,

19   RMR, a Notary Public in and for the State of

20   Maryland.

21

22



1    Second Supplemental Answers to Interrogatories.

2              (Exhibit No. 93, Defendant Pallozzi's

3    Answers to Interrogatories, was marked for

4    identification and retained by Mr. Scott.)

5              (Exhibit No. 94, Supplemental Answers to

6    Interrogatories, was marked for identification and

7    retained by Mr. Scott.)

8              (Exhibit No. 95, Second Supplemental

9    Answers to Interrogatories, was marked for

10   identification and retained by Mr. Scott.)

11   BY MR. SWEENEY:

12        Q.    We have marked as Exhibit 93 a copy of

13   Defendant Pallozzi's Answers to Interrogatories, and

14   I believe you have a set of that in your notebook.

15   And 94 is the Supplemental Answers, and 95 are the

16   Second Supplemental Answers.  I believe you have

17   copies of both of those in your notebook as well?

18        A.    Yes, sir.

19        Q.    So my first question is are you familiar

20   with those documents?

21        A.    Yes, sir.

22        Q.    Were you at all involved in the



Page 98

1    preparation of those documents?

2         A.    Yes, sir.

3         Q.    All right.  What was your role in the

4    preparation of these depositions?

5         A.    Meeting with counsel, determining what

6    information needed to be compiled to answer the

7    interrogatories.

8         Q.    Let me direct your attention to what we've

9    marked as Exhibit 94, the Supplemental Answers.  And

10   directing your attention to page two and three, the

11   Interrogatory Number 5 asks to identify the number

12   of HQL applications not completed each year from

13   2013 to 2017.  The answer stated that MSP does not

14   have this information within its possession.

15           The supplemental answer, I won't read it

16   all into the record, but if you feel you need to

17   read it all, that's fine.  I want to focus on

18   paragraph, page three, top of the page where it

19   says, "This information is not currently tracked by

20   MSP.  It would be possible for the Licensing

21   Division's Information Technology personnel to

22   capture the raw number of applications that have



1    been initiated through MSP's website and the raw

2    number of applications that have been submitted as

3    final."  Did I read that correctly?

4         A.    I believe I was reading ahead of you, but

5    yes.

6         Q.    Take your time to read the whole thing so

7    you have it all in mind.  I don't want to take it

8    out of context, but I just want to focus on that

9    statement.

10        A.    Okay.

11        Q.    To your knowledge, that's a correct

12   statement?

13        A.    We are on page three, the part that you

14   read, if I'm correct, is from it would be possible

15   for Licensing Division?

16        Q.    Correct.

17        A.    Okay.  Yes, sir.

18        Q.    All right.  Thank you.  Going back to

19   number 93, the interrogatories.  94 is the

20   supplement.  Going back to 93, when we were looking

21   at the designated topics for testimony, specifically

22   item 20, the public safety benefits of HQL, your

