**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-2985

April 20, 2018

LETTER TO ALL COUNSEL OF RECORD

Re:   *Maryland Shall Issue, Inc. et al v. Hogan et al*
       Civil No. 1:16–cv–03311–MJG

Dear Counsel:

      This case was brought as a challenge to Maryland's firearms legislation, Md. Code Ann., Public Safety § 5–117 *et seq.*, regarding Handgun Qualification Licenses ("HQL"). (ECF No. 1, Compl.). Plaintiffs seek to "relieve the Maryland taxpayer of the burden of an unnecessary and expensive process and to restore to Maryland residents their constitutional right to purchase a handgun." *Id.* at ¶ 4. It has been referred to me for resolution of all discovery and related scheduling matters pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. (ECF No. 43). The Court now has before it Plaintiff Atlantic Guns, Inc.'s Motion to Compel Defendant William M. Pallozzi (in his capacity as Superintendent of the Maryland State Police) to produce certain discovery material. (ECF No. 53). The Court has also reviewed Defendant's Response in Opposition, Plaintiff's Reply in Support, and Plaintiff's Supplemental Reply. *Id.* No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the reasons stated herein, Plaintiff's Motion to Compel is GRANTED.

      As a result of the parties' multiple attempts to resolve their discovery disputes prior to filing the Motion to Compel (for which the Court commends them) and relevant response and replies with the Court, there remains only one discovery dispute for the Court's disposition. The remaining dispute is over Plaintiff's Interrogatory 5, which requests identification of "the number of HQL applications not completed each year from 2013 through 2017." (ECF No. 53–1 at 3). Defendant objects to the request and claims that the number of incomplete HQL applications is neither reliable nor relevant for two reasons.[1] First, Defendant argues that an individual who began but did not complete an application could have done so for a "number of reasons": the individual may still intend to submit the pending application in the future; the individual may have begun one type of application and subsequently decided to submit a different type of application instead; the individual opened multiple accounts due to forgotten usernames/passwords; or the incomplete application may be an example of "[Maryland State Police] personnel set[ting] up fabricated accounts to test the system." (ECF No. 53-2 at 5). Second, Defendant states that "this raw data would not indicate why an application was initiated but not submitted as final" and thus "is not relevant to Plaintiffs' claims in this case that the HQL application process is burdensome."

      There is no doubt that Defendant has several valid arguments that could undermine Plaintiff's assertion that "completion percentage" is strong proof of the administrative burden of the HQL application process. However, notwithstanding that a factfinder might conclude that such information should be given little weight or that a trial judge in his or her role as gatekeeper might decide it is not reliable or probative enough for admission into evidence, it nonetheless has *some* weight. Just as a failure to complete might be due to a lost password, it might also be due to frustration or fatigue related to the process causing the applicant to abandon it altogether. At the discovery stage, in the absence of demonstrated burden, relevance, not ultimate admissibility at trial, is the touchstone of the inquiry. *See* Fed. R. Civ. P. 26(b)(1) ("[T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is

---

[1] Defendant had also objected that the interrogatory was "overly-broad and unduly burdensome," however Defendant offers no specific information relating to the alleged burden from which the Court could assess any burden and balance it against the importance of the information for Plaintiff's case.

1

relevant to any party's claim or defense and proportional to the needs of the case . . ."). Whether such information is ultimately reliable or probative enough for admission into evidence at trial is a matter for the trial judge. Accordingly, Plaintiff's Motion to Compel, (ECF No. 53), is GRANTED and Defendant is to provide the relevant discovery in due course.

   Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

            Sincerely yours,

             /s/

            J. Mark Coulson
            United States Magistrate Judge