IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARYLAND SHALL ISSUE, INC., *et al.*,    *

   *Plaintiffs*,    *

v.    *    Civil Case No. 16-cv-3311-MJG

LAWRENCE HOGAN, *et al.*,    *

   *Defendants*.    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT WILLIAM M. PALLOZZI'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFF ATLANTIC GUNS, INC.'S FIRST SET OF INTERROGATORIES**

Defendant, William M. Pallozzi, by his attorneys, hereby supplements his responses to Plaintiff Atlantic Guns, Inc.'s First Set of Interrogatories and states as follows:

A.    The word usage and sentence structure used in these answers is that of the attorneys who in fact prepared these answers and the language does not purport to be the exact language of the executing party.

B.    The Interrogatories have been interpreted and answered in accordance with the Federal Rules of Civil Procedure.

C.    Defendant Col. Pallozzi expressly reserves the right to supplement these answers at a later date should it become necessary to do so.

## GENERAL OBJECTIONS

1.    Col. Pallozzi objects to every Interrogatory to the extent it seeks information and/or documents protected by the attorney-client and/or work product privileges.

**EXHIBIT 14**

2. Col. Pallozzi objects to the extent that the Interrogatories, including subparts, exceed the number permitted under the Federal Rules of Civil Procedure.

3. Col. Pallozzi objects to the extent the Interrogatories seek information in possession of parties other than Col. Pallozzi or the Maryland State Police ("MSP"). These answers are based solely on the knowledge and information in the possession of Col. Pallozzi and MSP, and not on knowledge or information possessed by any other person or entity.

4. Subject to and without waiving the foregoing general objections, Col. Pallozzi responds to the Interrogatories as follows:

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 5:** Identify the number of HQL applications not completed each year from 2013 through 2017.

**ANSWER:** Col. Pallozzi objects to this interrogatory on the ground that the term "not completed" is undefined, vague and ambiguous. Without waiving these objections, Col. Pallozzi states that MSP does not have this information within its possession.

**SUPPLEMENTAL ANSWER:** In response to Atlantic Guns' clarification that this interrogatory seeks "information on the number of HQL applications which were started in the MSP system . . . but were never submitted as final to the MSP," Col. Pallozzi objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claims or defenses under Rule 26(b)(1) nor proportional to the needs of the case, and is overly broad and unduly burdensome. In support of these objections,

Col. Pallozzi states that although this information is not currently tracked by MSP, it would be possible for the Licensing Division's information technology personnel to capture the raw number of applications that have been initiated through MSP's website and the raw number of applications that have been submitted as final.  Given the large number of applications on the server, it would take approximately one week to 10 days just to capture this raw data.  Moreover, this raw data would not indicate whether an applicant who initiated an application that has not yet been submitted as final intends to submit the application in the future.  Further, because an application cannot be deleted once it has been initiated, this raw data would not indicate if an applicant began one type of application (a standard application, a training-exempt application, or a permit-exempt application) and then began another type of application, thus never submitting the initial application.  Nor would this raw data indicate why an application was initiated but not submitted as final.

**SECOND SUPPLEMENTAL ANSWER:**  Without waiving his objections, Col. Pallozzi states that the numbers of HQL *applications* that were initiated but not submitted as final to MSP in each year from 2013 through 2017 are as follows:

    2013: 3,535
    2014: 9,776
    2015: 12,946
    2016: 14,424
    2017: 14,875
    Total: 55,556

Col. Pallozzi further states that the numbers of *users* who initiated but never submitted any type of HQL application in each year from 2013 through 2017 are as follows:

    2013: 1,420
    2014: 4,637

3

2015: 6,786
2016: 8,438
2017: 9,596
Total: 30,877

Col. Pallozzi further states that this data does not indicate whether an applicant who initiated an application that has not yet been submitted as final intends to submit an application in the future. Nor does this data indicate why an application was initiated but not submitted as final. There are a number of reasons why an individual might initiate but not submit an application. For example, an application may be created for training purposes, or by an individual who has no intention of submitting an application. Further, MSP personnel who process applications routinely receive communications from individuals who are ineligible for an HQL, including because of their age, immigration status, residency status, or criminal history, who have initiated an application but ultimately decide not to submit the application because they are ineligible for an HQL.

        BRIAN E. FROSH
        Attorney General

        /s/ Jennifer L. Katz
        JENNIFER L. KATZ (Fed. Bar # 28973)
        ROBERT A. SCOTT (Fed. Bar # 24613)
        Assistant Attorney General
        200 St. Paul Place, 20th Floor
        Baltimore, Maryland 21202
        410-576-7005 (tel.); 410-576-6955 (fax)
        jkatz@oag.state.md.us

May 4, 2018        Attorneys for Defendants


## **VERIFICATION**

I, Col. William M. Pallozzi hereby execute these supplemental answers to interrogatories in my official capacity as Superintendent of the Maryland State Police. Some of the information set forth in these answers was collected by others and such information is not necessarily within my personal knowledge. However, in my official capacity, I solemnly affirm under the penalties of perjury that the foregoing Answers to Interrogatories are true to the best of my knowledge, information and belief.

_4 May 18_
Date

_[signature]_
Signature

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 4th day of May, 2018, a copy of the foregoing Defendant's Third Supplemental Responses to Interrogatories was sent by electronic mail to:

John Parker Sweeney, Esq. (JSweeney@bradley.com)
T. Sky Woodward, Esq. (SWoodward@bradley.com)
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036

Cary J. Hansel (cary@hansellaw.com)
2514 N. Charles Street
Baltimore, MD 21218

                                          __/s/ Jennifer L. Katz_____
                                          Jennifer L. Katz