UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 OCT 17 AM 10: 40

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

October 17, 2018

MEMORANDUM TO COUNSEL

    Re:    *Maryland Shall Issue, Inc. et al. v. Hogan et al.*
            Civil Action No. ELH-16-3311

Dear Counsel:

    As you know, on August 17, 2018, defendants Lawrence Hogan and William M. Pallozzi filed a motion for summary judgment. ECF 77. In connection with its opposition, plaintiff Atlantic Guns, Inc. ("Atlantic Guns") has filed a consent motion to seal the declaration of Stephen Schreider and two exhibits appended to the Declaration. ECF 80 (the "Motion"). Plaintiff has submitted, under seal, paper copies of the Declaration and the exhibits to the Court.[1]

    In the Motion, Atlantic Guns states that Exhibits A and B contain "product sales and sales revenue information." ECF 80, ¶ 4. According to Atlantic Guns, its disclosure of the exhibits "could expose Atlantic Guns to competitive disadvantage should its competitors obtain this information." *Id.* Furthermore, Atlantic Guns states: "There is no viable alternative to filing under seal to preserve the confidentiality of the information in Mr. Schneider's Declaration and its Exhibits A and B necessary to support that information." ECF 80, ¶ 6.

    The common law presumes the public and press have a qualified right to inspect all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). The common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

    The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253. If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing

---

[1] I directed the Clerk to docket the Declaration and exhibits under seal. *See* ECF 84.

-2-

*Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). "When presented with a sealing request, our right-of-access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'" *Doe*, 749 F.3d at 266 (4th Cir. 2014) (quoting *Stone*, 855 F.2d at 181).

In my view, Exhibits A and B should be sealed because they contain detailed financial information. However, the Declaration itself does not contain "detailed product sales and sales revenue information." *Id.* ¶ 4. Further, Atlantic Guns provides no other reasons for sealing the entire Declaration.

Therefore, consistent with Local Rule 105.11, by November 1, 2018, Atlantic Guns shall file a redacted version of the Declaration on the public docket. However, Exhibits A and B shall remain under seal. The Court will review the redactions to determine whether they are appropriate. However, if Atlantic Guns maintains that the Declaration cannot be redacted, it may submit a memorandum to the Court, under seal, explaining its position. Moreover, the Court will consider any response from opposing counsel.

Accordingly, I shall GRANT the Motion (ECF 80), subject to the terms stated here.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

                Sincerely,

                      /s/
                Ellen Lipton Hollander
                United States District Judge