# EXHIBIT 37

# Chapter 427

### (Senate Bill 281)

AN ACT concerning

### Firearm Safety Act of 2013

FOR the purpose of *establishing a certain exception to the prohibition against carrying a deadly weapon on public school property; making it a misdemeanor to possess or use certain firearm ammunition during and in relation to the commission of a certain crime of violence;* altering the authorization for a person to wear, carry, or transport a handgun to be within certain limitations; designating certain firearms as assault weapons; prohibiting, with certain exceptions, a person from transporting an assault weapon into the State or possessing, selling, offering to sell, transferring, purchasing, or receiving an assault weapon; ~~authorizing certain licensed firearms dealers to continue to possess, sell, offer for sale, or transfer assault long guns or copycat weapons~~ providing that certain prohibitions relating to certain assault weapons and detachable magazines do not apply to certain persons under certain circumstances; authorizing a person to transport certain assault weapons under certain circumstances; authorizing certain persons to continue to possess assault long guns or copycat weapons under certain circumstances; ~~providing that certain registration requirements for certain assault weapons do not apply under certain circumstances;~~ altering the maximum capacity of rounds of ammunition allowable to be manufactured, sold, offered for sale, purchased, received, or transferred for a firearm, *with certain exceptions*; making it a misdemeanor to use an assault long gun or a copycat weapon or a magazine that exceeds a certain maximum capacity of rounds of ammunition in the commission of a felony or a crime of violence; requiring a certain hearing officer, after making a certain determination, to order certain individuals to surrender ~~or consign~~ firearms in the individual's possession under certain circumstances; prohibiting an individual, while hunting for any wild bird or mammal, from shooting or discharging a firearm within a certain distance of a public or nonpublic school during certain times; *repealing certain duties of the Police Training Commission relating to a certain firearms safety training course;* requiring the Secretary of State Police to disapprove an application for a State–regulated firearms dealer's license if the Secretary determines that the applicant intends a certain person to participate or hold a certain interest in the management or operation of the business for which the license is sought; ~~requiring that~~ *requiring the Secretary to include certain information in a certain notice if a State–regulated firearms dealer's license application is denied; authorizing* the Secretary *to* suspend a dealer's license if the licensee is not in compliance with certain record keeping and reporting requirements; *authorizing the Secretary to lift a certain license suspension under certain circumstances;* prohibiting a certain person from

– 1 –

selling, purchasing, renting, transferring, or receiving a certain regulated firearm unless the person presents or possesses a certain handgun qualification license issued by the Secretary ~~of State Police~~ <u>or certain credentials or identification; providing for certain exceptions to the requirement to present and possess a certain handgun qualification license under certain circumstances;</u> establishing certain requirements and procedures for the issuance and renewal of a certain handgun qualification license; authorizing the Secretary to revoke a certain handgun qualification license under certain circumstances; requiring a certain person to return a certain handgun qualification license under certain circumstances; <u>establishing certain requirements and procedures for the issuance of a replacement handgun qualification license under certain circumstances;</u> requiring certain fees; requiring a certain licensee or designated law enforcement agency to transfer a certain firearm application to the Secretary in an electronic format; authorizing a certain hearing for a certain aggrieved person under certain circumstances; <u>altering the information required in a certain statement for a certain firearm application;</u> altering the circumstances under which a person is prohibited from possessing a certain regulated firearm; making it a misdemeanor for a certain person to possess certain ammunition if the person is prohibited from possessing a certain firearm under certain circumstances; establishing certain penalties; requiring certain persons to provide certain data about a certain person to a certain federal index in a certain manner under certain circumstances; authorizing a certain person who is subject to certain prohibitions from possessing certain firearms to apply for certain relief from certain prohibitions under certain circumstances; establishing the procedures and requirements for a person who is subject to certain prohibitions on the possession of certain firearms to apply for certain relief for certain prohibitions; ~~requiring certain persons to enter into a certain memorandum of understanding~~ <u>*authorizing the Secretary of Health and Mental Hygiene to adopt certain regulations; providing that certain individuals may not be held criminally or civilly liable for certain actions*</u>; requiring a person who moves into the State for the purpose of establishing residency to register certain firearms within a certain time period with the Secretary in a certain manner; <u>requiring that a licensed dealer keep records of all receipts, sales, and other dispositions of firearms affected in connection with the licensed dealer's business; requiring the Secretary to adopt certain regulations specifying certain information; requiring that the records that licensed dealers maintain include certain information; specifying certain record keeping requirements to be met when a firearms business is discontinued; requiring that a licensee respond in a certain way after receipt of a request from the Secretary for certain information; authorizing the Secretary to implement a system by which a certain person may request certain information; requiring the Secretary to inspect the inventory and records of a licensed dealer under certain circumstances; authorizing the Secretary to conduct a certain inspection during a certain time;</u> <u>*requiring certain persons who sell or transfer regulated firearms to notify certain purchasers or recipients at the time of purchase or transfer that the purchaser or*</u>

MARTIN O'MALLEY, Governor                    Ch. 427

*recipient is required to report a lost or stolen regulated firearm to a certain law enforcement agency; requiring the owner of a regulated firearm to report the loss or theft of the regulated firearm to a certain law enforcement agency within a certain period of time after the owner discovers the loss or theft; requiring a law enforcement agency on receipt of a report of a lost or stolen regulated firearm to enter certain information into a certain database;* providing that certain information is not open to public inspection; prohibiting a certain person from possessing a rifle or shotgun under certain circumstances; repealing a provision of law that prohibits a certain person from possessing a rifle or shotgun unless the person possesses a certain physician's certificate; requiring a certain applicant for a certain firearm permit to complete a certain firearm training course under certain circumstances; exempting a certain applicant for a permit from a certain training requirement under certain circumstances; authorizing the Secretary to issue a certain handgun qualification license without an additional application or fee under certain circumstances; *prohibiting public inspection of the records of certain regulated firearm dealers, owners, or permit holders; authorizing the individual named in the record and the individual's attorney to view certain records; providing that this Act does not prohibit the Department of Public Safety and Correctional Services and the Department of State Police from accessing certain records in the performance of official duties;* defining certain terms; *requiring the Department of State Police to make certain investigations and to report its findings to the Governor and the General Assembly on or before a certain date; providing for the termination of certain provisions of this Act;* and generally relating to firearms.

*BY adding to*
        *Article – Criminal Law*
        *Section 4–110*
        *Annotated Code of Maryland*
        *(2012 Replacement Volume and 2012 Supplement)*

BY repealing and reenacting, with amendments,
        Article – Criminal Law
        Section *4–102,* 4–203(b), and 4–301 through 4–306 to be under the amended
                subtitle "Subtitle 3. Assault Weapons and Detachable Magazines"
        Annotated Code of Maryland
        (2012 Replacement Volume and 2012 Supplement)

BY adding to
        Article – Health – General
        Section 10–632(g)
        Annotated Code of Maryland
        (2009 Replacement Volume and 2012 Supplement)

BY repealing and reenacting, with amendments,
        Article – Natural Resources

– 3 –

Section 10–410(g)
Annotated Code of Maryland
(2012 Replacement Volume)

BY repealing and reenacting, with amendments,
Article – Public Safety
Section *3–208*, 5–101, 5–110(a) *and (b)*, 5–114(a), 5–115, 5–118(b)(2) and (3),
5–120, 5–133, 5–143, 5–205, 5–206, 5–301, and 5–306
Annotated Code of Maryland
(2011 Replacement Volume and 2012 Supplement)

BY adding to
Article – Public Safety
Section 5–117.1, 5–118(b)(4), 5–133.1, 5–133.2, 5–133.3, ~~and 5–143~~ 5–143, *and*
5–145, *and 5–146*
Annotated Code of Maryland
(2011 Replacement Volume and 2012 Supplement)

BY repealing
Article – Public Safety
Section 5–119
Annotated Code of Maryland
(2011 Replacement Volume and 2012 Supplement)

*BY repealing and reenacting, without amendments,*
*Article – State Government*
*Section 10–616(a)*
*Annotated Code of Maryland*
*(2009 Replacement Volume and 2012 Supplement)*

*BY adding to*
*Article – State Government*
*Section 10–616(v)*
*Annotated Code of Maryland*
*(2009 Replacement Volume and 2012 Supplement)*

SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF
MARYLAND, That the Laws of Maryland read as follows:

## Article – Criminal Law

*4–102.*

(a)     *This section does not apply to:*

(1)     *a law enforcement officer in the regular course of the officer's duty;*

*(2)     AN OFF–DUTY LAW ENFORCEMENT OFFICER WHO IS A PARENT, GUARDIAN, OR VISITOR OF A STUDENT ATTENDING A SCHOOL LOCATED ON THE PUBLIC SCHOOL PROPERTY, PROVIDED THAT:*

*(I)     THE OFFICER IS DISPLAYING THE OFFICER'S BADGE OR CREDENTIAL; AND*

*(II)     THE WEAPON CARRIED OR POSSESSED BY THE OFFICER IS CONCEALED;*

*[(2)] (3)     a person hired by a county board of education specifically for the purpose of guarding public school property;*

*[(3)] (4)     a person engaged in organized shooting activity for educational purposes; or*

*[(4)] (5)     a person who, with a written invitation from the school principal, displays or engages in a historical demonstration using a weapon or a replica of a weapon for educational purposes.*

*(b)     A person may not carry or possess a firearm, knife, or deadly weapon of any kind on public school property.*

*(c)     (1)     Except as provided in paragraph (2) of this subsection, a person who violates this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 3 years or a fine not exceeding $1,000 or both.*

*(2)     A person who is convicted of carrying or possessing a handgun in violation of this section shall be sentenced under Subtitle 2 of this title.*

**4–110.**

*(A)     IN THIS SECTION, "RESTRICTED FIREARM AMMUNITION" MEANS A CARTRIDGE, A SHELL, OR ANY OTHER DEVICE THAT:*

*(1)     CONTAINS EXPLOSIVE OR INCENDIARY MATERIAL DESIGNED AND INTENDED FOR USE IN A FIREARM; AND*

*(2)     HAS A CORE CONSTRUCTED, EXCLUDING TRACES OF OTHER SUBSTANCES, ENTIRELY FROM ONE OR A COMBINATION OF:*

*(I)     TUNGSTEN ALLOYS;*

*(II)     STEEL;*

        *(III)    IRON;*

        *(IV)    BRASS;*

        *(V)    BERYLLIUM COPPER;*

        *(VI)    DEPLETED URANIUM; OR*

        *(VII)    AN EQUIVALENT MATERIAL OF SIMILAR DENSITY OR HARDNESS.*

    *(B)    A PERSON MAY NOT, DURING AND IN RELATION TO THE COMMISSION OF A CRIME OF VIOLENCE AS DEFINED IN § 14–101 OF THIS ARTICLE, POSSESS OR USE RESTRICTED FIREARM AMMUNITION.*

    *(C)    A PERSON WHO VIOLATES THIS SECTION IS GUILTY OF A MISDEMEANOR AND ON CONVICTION IS SUBJECT TO IMPRISONMENT NOT EXCEEDING 5 YEARS OR A FINE NOT EXCEEDING $5,000 OR BOTH.*

4–203.

    (b)    This section does not prohibit:

        (1)    the wearing, carrying, or transporting of a handgun by a person who [is on active assignment engaged in law enforcement,] is authorized at the time and under the circumstances to wear, carry, or transport the handgun as part of the person's official equipment, and is:

            (i)    a law enforcement official of the United States, the State, or a county or city of the State;

            (ii)    a member of the armed forces of the United States or of the National Guard on duty or traveling to or from duty;

            (iii)    a law enforcement official of another state or subdivision of another state temporarily in this State on official business;

            (iv)    a correctional officer or warden of a correctional facility in the State;

            (v)    a sheriff or full–time assistant or deputy sheriff of the State; or

            (vi)    a temporary or part–time sheriff's deputy;

(2)     the wearing, carrying, or transporting of a handgun, **IN COMPLIANCE WITH ANY LIMITATIONS IMPOSED UNDER § 5–307 OF THE PUBLIC SAFETY ARTICLE,** by a person to whom a permit to wear, carry, or transport the handgun has been issued under Title 5, Subtitle 3 of the Public Safety Article;

(3)     the carrying of a handgun on the person or in a vehicle while the person is transporting the handgun to or from the place of legal purchase or sale, or to or from a bona fide repair shop, or between bona fide residences of the person, or between the bona fide residence and place of business of the person, if the business is operated and owned substantially by the person if each handgun is unloaded and carried in an enclosed case or an enclosed holster;

(4)     the wearing, carrying, or transporting by a person of a handgun used in connection with an organized military activity, a target shoot, formal or informal target practice, sport shooting event, hunting, a Department of Natural Resources–sponsored firearms and hunter safety class, trapping, or a dog obedience training class or show, while the person is engaged in, on the way to, or returning from that activity if each handgun is unloaded and carried in an enclosed case or an enclosed holster;

(5)     the moving by a bona fide gun collector of part or all of the collector's gun collection from place to place for public or private exhibition if each handgun is unloaded and carried in an enclosed case or an enclosed holster;

(6)     the wearing, carrying, or transporting of a handgun by a person on real estate that the person owns or leases or where the person resides or within the confines of a business establishment that the person owns or leases;

(7)     the wearing, carrying, or transporting of a handgun by a supervisory employee:

(i)      in the course of employment;

(ii)     within the confines of the business establishment in which the supervisory employee is employed; and

(iii)    when so authorized by the owner or manager of the business establishment;

(8)     the carrying or transporting of a signal pistol or other visual distress signal approved by the United States Coast Guard in a vessel on the waterways of the State or, if the signal pistol or other visual distress signal is unloaded and carried in an enclosed case, in a vehicle; or

– 7 –

(9)     the wearing, carrying, or transporting of a handgun by a person who is carrying a court order requiring the surrender of the handgun, if:

        (i)     the handgun is unloaded;

        (ii)    the person has notified the law enforcement unit, barracks, or station that the handgun is being transported in accordance with the court order; and

        (iii)   the person transports the handgun directly to the law enforcement unit, barracks, or station.

<u>Subtitle 3.  Assault [Pistols] **WEAPONS** and Detachable Magazines.</u>

4–301.

**(A)     IN THIS SUBTITLE THE FOLLOWING WORDS HAVE THE MEANINGS INDICATED.**

**(B)     "ASSAULT LONG GUN" MEANS ANY ASSAULT WEAPON LISTED UNDER § 5–101(R)(2) OF THE PUBLIC SAFETY ARTICLE.**

**(C)     [**In this subtitle, "assault] **"ASSAULT** pistol" means any of the following firearms [or a copy regardless of the producer or manufacturer]:

    (1)     AA Arms AP–9 semiautomatic pistol;

    (2)     Bushmaster semiautomatic pistol;

    (3)     Claridge HI–TEC semiautomatic pistol;

    (4)     D Max Industries semiautomatic pistol;

    (5)     Encom MK–IV, MP–9, or MP–45 semiautomatic pistol;

    (6)     Heckler and Koch semiautomatic SP–89 pistol;

    (7)     Holmes MP–83 semiautomatic pistol;

    (8)     Ingram MAC 10/11 semiautomatic pistol and variations including the Partisan Avenger and the SWD Cobray;

    (9)     Intratec TEC–9/DC–9 semiautomatic pistol in any centerfire variation;

MARTIN O'MALLEY, Governor                    Ch. 427

(10)    P.A.W.S. type semiautomatic pistol;

(11)    Skorpion semiautomatic pistol;

(12)    Spectre double action semiautomatic pistol (Sile, F.I.E., Mitchell);

(13)    UZI semiautomatic pistol;

(14)    Weaver Arms semiautomatic Nighthawk pistol; or

(15)    Wilkinson semiautomatic "Linda" pistol.

**(D)    "ASSAULT WEAPON" MEANS:**

**(1)    AN ASSAULT LONG GUN;**

**(2)    AN ASSAULT PISTOL; OR**

**(3)    A COPYCAT WEAPON.**

**(E)    (1)    "COPYCAT WEAPON" MEANS:**

**(I)    A SEMIAUTOMATIC CENTERFIRE RIFLE THAT CAN ACCEPT A DETACHABLE MAGAZINE AND HAS ANY <u>TWO</u> OF THE FOLLOWING:**

1.    ~~A PISTOL GRIP THAT PROTRUDES CONSPICUOUSLY BENEATH THE ACTION OF THE WEAPON;~~

~~2.~~    ~~A THUMBHOLE STOCK;~~

~~3.~~    A FOLDING ~~OR TELESCOPING~~ STOCK;

~~4.~~ ~~3.~~ *2.* A GRENADE LAUNCHER OR FLARE LAUNCHER; *OR*

~~5.~~ ~~4.~~ *3.* A FLASH SUPPRESSOR; ~~OR~~

~~6.~~ ~~5.~~    ~~A FORWARD PISTOL GRIP;~~

**(II)    A SEMIAUTOMATIC CENTERFIRE RIFLE THAT HAS A FIXED MAGAZINE WITH THE CAPACITY TO ACCEPT MORE THAN 10 ROUNDS;**

**(III)    A SEMIAUTOMATIC CENTERFIRE RIFLE THAT HAS AN OVERALL LENGTH OF LESS THAN ~~30~~ *29* INCHES;**

~~(IV) A SEMIAUTOMATIC PISTOL THAT CAN ACCEPT A DETACHABLE MAGAZINE AND HAS ANY~~ TWO OF THE FOLLOWING:

~~1. A THREADED BARREL, CAPABLE OF ACCEPTING A FLASH SUPPRESSOR, FORWARD HANDGRIP, OR SILENCER;~~

~~2. A SECOND HANDGRIP;~~

~~3. A SHROUD THAT IS ATTACHED TO OR THAT PARTIALLY OR COMPLETELY ENCIRCLES THE BARREL, EXCEPT FOR A SLIDE THAT ENCLOSES THE BARREL, AND THAT ALLOWS THE BEARER TO FIRE THE WEAPON WITHOUT BURNING THE BEARER'S HAND; OR~~

~~4. THE CAPACITY TO ACCEPT A DETACHABLE MAGAZINE OUTSIDE THE PISTOL GRIP;~~

~~(V)~~ *(IV)* A SEMIAUTOMATIC PISTOL WITH A FIXED MAGAZINE THAT CAN ACCEPT MORE THAN **10** ROUNDS;

~~(VI)~~ *(V)* A SEMIAUTOMATIC SHOTGUN THAT HAS~~:~~

~~1.~~ A FOLDING ~~OR TELESCOPING~~ STOCK; ~~AND~~

~~2. A PISTOL GRIP THAT PROTRUDES CONSPICUOUSLY BENEATH THE ACTION OF THE WEAPON, THUMBHOLE STOCK, OR VERTICAL HANDGRIP;~~ OR

~~(VII)~~ *(VI)* A SHOTGUN WITH A REVOLVING CYLINDER.

(2) "COPYCAT WEAPON" DOES NOT INCLUDE AN ASSAULT LONG GUN OR AN ASSAULT PISTOL.

(F) "DETACHABLE MAGAZINE" MEANS AN AMMUNITION FEEDING DEVICE THAT CAN BE REMOVED READILY FROM A FIREARM WITHOUT REQUIRING DISASSEMBLY OF THE FIREARM ACTION OR WITHOUT THE USE OF A TOOL, INCLUDING A BULLET OR CARTRIDGE.

(G) "FLASH SUPPRESSOR" MEANS A DEVICE THAT FUNCTIONS, OR IS INTENDED TO FUNCTION, TO PERCEPTIBLY REDUCE OR REDIRECT MUZZLE FLASH FROM THE SHOOTER'S FIELD OF VISION.

~~(H) "FORWARD PISTOL GRIP" MEANS A GRIP THAT ALLOWS FOR A PISTOL-STYLE GRASP FORWARD OF THE TRIGGER.~~

MARTIN O'MALLEY, Governor                      Ch. 427

(I) *(H)*      "Licensed firearms dealer" means a person who holds a dealer's license under Title 5, Subtitle 1 of the Public Safety Article.

~~(J)      "Pistol grip that protrudes conspicuously beneath the action of the weapon" means a grip that allows for a pistol-style grasp in which the web of the trigger hand between the thumb and index finger can be placed below the top of the exposed portion of the trigger while firing.~~

~~(K)      "Thumbhole stock" means a stock with a hole that allows the thumb of the trigger hand to penetrate into or through the stock while firing.~~

4–302.

This subtitle does not apply to:

(1)      if acting within the scope of official business, personnel of the United States government or a unit of that government, members of the armed forces of the United States or of the National Guard, ***~~members of the Maryland Defense Force,~~*** ~~or~~ law enforcement personnel of the State or a local unit in the State, **OR A RAILROAD POLICE OFFICER AUTHORIZED UNDER TITLE 3 OF THE PUBLIC SAFETY ARTICLE OR 49 U.S.C. § 28101**;

(2)      a firearm modified to render it permanently inoperative;

(3)      **POSSESSION,** *IMPORTATION,* **MANUFACTURE, RECEIPT FOR MANUFACTURE, SHIPMENT FOR MANUFACTURE,** *STORAGE,* purchases, sales, and transport to or by a licensed firearms dealer or manufacturer who is:

(i)      providing or servicing an assault [pistol] WEAPON or detachable magazine for a law enforcement unit or for personnel exempted under item (1) of this section; ~~or~~

(ii)      acting to sell or transfer an assault [pistol] WEAPON or detachable magazine to a licensed firearm dealer in another state ***OR TO AN INDIVIDUAL PURCHASER IN ANOTHER STATE THROUGH A LICENSED FIREARMS DEALER***; **OR**

**(III)      ACTING TO RETURN TO A CUSTOMER IN ANOTHER STATE AN ASSAULT WEAPON TRANSFERRED TO THE LICENSED FIREARMS DEALER OR MANUFACTURER UNDER THE TERMS OF A WARRANTY OR FOR REPAIR;**

– 11 –

(4)      organizations that are required or authorized by federal law governing their specific business or activity to maintain assault [pistols] **WEAPONS** and applicable ammunition and detachable magazines;

(5)      the receipt of an assault [pistol] **WEAPON** or detachable magazine by inheritance**_, AND POSSESSION OF THE INHERITED ASSAULT WEAPON OR DETACHABLE MAGAZINE,_** if the decedent lawfully possessed the assault [pistol] **WEAPON _OR DETACHABLE MAGAZINE AND THE PERSON INHERITING THE ASSAULT WEAPON OR DETACHABLE MAGAZINE IS NOT OTHERWISE DISQUALIFIED FROM POSSESSING A REGULATED FIREARM_**; ~~or~~

(6)      the receipt of an assault [pistol] **WEAPON** or detachable magazine by a personal representative of an estate for purposes of exercising the powers and duties of a personal representative of an estate**: OR** ~~OR~~

**(7)      POSSESSION BY A PERSON WHO IS RETIRED IN GOOD STANDING FROM SERVICE WITH A LAW ENFORCEMENT AGENCY OF THE STATE OR A LOCAL UNIT IN THE STATE AND IS NOT OTHERWISE PROHIBITED FROM RECEIVING AN ASSAULT WEAPON OR DETACHABLE MAGAZINE IF:**

**(I)      THE ASSAULT WEAPON OR DETACHABLE MAGAZINE IS SOLD OR TRANSFERRED TO THE PERSON BY THE LAW ENFORCEMENT AGENCY ON RETIREMENT; OR**

**(II)      THE ASSAULT WEAPON OR DETACHABLE MAGAZINE WAS PURCHASED OR OBTAINED BY THE PERSON FOR OFFICIAL USE WITH THE LAW ENFORCEMENT AGENCY BEFORE RETIREMENT;** ~~OR~~

**(8)      POSSESSION OR TRANSPORT BY AN EMPLOYEE OF AN ARMORED CAR COMPANY IF THE INDIVIDUAL IS ACTING WITHIN THE SCOPE OF EMPLOYMENT AND HAS A PERMIT ISSUED UNDER TITLE 5, SUBTITLE 3 OF THE PUBLIC SAFETY ARTICLE_; OR_**

**_(9)      POSSESSION, RECEIPT, AND TESTING BY, OR SHIPPING TO OR FROM:_**

**_(I)      AN ISO 17025 ACCREDITED, NATIONAL INSTITUTE OF JUSTICE–APPROVED BALLISTICS TESTING LABORATORY; OR_**

**_(II)      A FACILITY OR ENTITY THAT MANUFACTURES OR PROVIDES RESEARCH AND DEVELOPMENT TESTING, ANALYSIS, OR ENGINEERING FOR PERSONAL PROTECTIVE EQUIPMENT OR VEHICLE PROTECTION SYSTEMS_**.

MARTIN O'MALLEY, Governor                    Ch. 427

4–303.

(a)    Except as provided in subsection (b) of this section, a person may not:

(1)    transport an assault [pistol] **WEAPON** into the State; or

(2)    possess, sell, offer to sell, transfer, purchase, or receive an assault [pistol] **WEAPON**.

(b)    **(1)**    A person who lawfully possessed an assault pistol before June 1, 1994, and who registered the assault pistol with the Secretary of State Police before August 1, 1994, may:

[(1)]   **(I)**    continue to possess **AND TRANSPORT** the assault pistol; or

[(2)]   **(II)**    while carrying a court order requiring the surrender of the assault pistol, transport the assault pistol directly to the law enforcement unit, barracks, or station if the person has notified the law enforcement unit, barracks, or station that the person is transporting the assault pistol in accordance with a court order and the assault pistol is unloaded.

**(2)**    *A LICENSED FIREARMS DEALER MAY CONTINUE TO POSSESS, SELL, OFFER FOR SALE, OR TRANSFER AN ASSAULT LONG GUN OR A COPYCAT WEAPON THAT THE LICENSED FIREARMS DEALER LAWFULLY POSSESSED ON OR BEFORE OCTOBER 1, 2013.*

*~~(3)~~    ~~A LICENSED FIREARMS DEALER MAY CONTINUE TO POSSESS, SELL, OFFER FOR SALE, OR TRANSFER AN ASSAULT LONG GUN OR A COPYCAT WEAPON THAT THE LICENSED FIREARMS DEALER LAWFULLY POSSESSED ON OR BEFORE OCTOBER 1, 2013.~~*

**(3)**   ~~**(I)**~~    **A PERSON WHO LAWFULLY POSSESSED** *~~OR PLACED A VERIFIABLE PURCHASE ORDER FOR,~~ HAS A PURCHASE ORDER FOR, OR COMPLETED AN APPLICATION TO PURCHASE* **AN ASSAULT LONG GUN OR A COPYCAT WEAPON BEFORE OCTOBER 1, 2013,** ~~AND WHO REGISTERS THE ASSAULT LONG GUN OR COPYCAT WEAPON WITH THE SECRETARY OF STATE POLICE BEFORE NOVEMBER 1, 2013~~ **JANUARY 1, 2014,** **MAY:**

~~(I)~~    ~~**1.**~~ *(I)*    ~~CONTINUE TO~~ **POSSESS** <u>AND TRANSPORT</u> **THE ASSAULT LONG GUN OR COPYCAT WEAPON; OR**

~~(II)~~    ~~**2.**~~ *(II)*    **WHILE CARRYING A COURT ORDER REQUIRING THE SURRENDER OF THE ASSAULT LONG GUN OR COPYCAT WEAPON,**

TRANSPORT THE ASSAULT LONG GUN OR COPYCAT WEAPON DIRECTLY TO THE LAW ENFORCEMENT UNIT, BARRACKS, OR STATION IF THE PERSON HAS NOTIFIED THE LAW ENFORCEMENT UNIT, BARRACKS, OR STATION THAT THE PERSON IS TRANSPORTING THE ASSAULT LONG GUN OR COPYCAT WEAPON IN ACCORDANCE WITH A COURT ORDER AND THE ASSAULT LONG GUN OR COPYCAT WEAPON IS UNLOADED.

~~(II)    A PERSON WHO PURCHASED AN ASSAULT LONG GUN BEFORE OCTOBER 1, 2013, AND REGISTERED THE ASSAULT LONG GUN WITH THE SECRETARY OF STATE POLICE IS NOT REQUIRED TO REREGISTER THE ASSAULT LONG GUN UNDER THIS SUBSECTION.~~

~~(3)    (I)    SUBJECT TO PARAGRAPH (4) OF THIS SUBSECTION, A PERSON WHO LAWFULLY POSSESSED AN ASSAULT LONG GUN OR A COPYCAT WEAPON BEFORE OCTOBER 1, 2013, AND WHO VOLUNTARILY REGISTERS THE ASSAULT LONG GUN OR COPYCAT WEAPON ON OR AFTER NOVEMBER 1, 2013 JANUARY 1, 2014, IS NOT SUBJECT TO THE PENALTIES IN § 4–306 OF THIS SUBTITLE.~~

~~(II)    A PERSON WHO VOLUNTARILY REGISTERS AN ASSAULT LONG GUN OR A COPYCAT WEAPON AS DESCRIBED IN SUBPARAGRAPH (I) OF THIS PARAGRAPH IS SUBJECT TO A CIVIL PENALTY NOT EXCEEDING $1,000:~~

~~1.    BEFORE MAY 1, 2014, A CIVIL PENALTY NOT EXCEEDING $290 PER REGISTERED FIREARM;~~

~~2.    ON OR AFTER MAY 1, 2014 AND BEFORE NOVEMBER 1, 2015, A CIVIL PENALTY NOT EXCEEDING $580 PER REGISTERED FIREARM; AND~~

~~3.    ON OR AFTER NOVEMBER 1, 2015 AND BEFORE MAY 1, 2016, A CIVIL PENALTY NOT EXCEEDING $1,000 PER REGISTERED FIREARM.~~

~~(4)    (I)    A PERSON WHO LAWFULLY POSSESSED AN ASSAULT LONG GUN OR A COPYCAT WEAPON BEFORE OCTOBER 1, 2013, AND WHO REGISTERS THE ASSAULT LONG GUN OR COPYCAT WEAPON ON OR AFTER NOVEMBER 1, 2013 JANUARY 1, 2014, ONLY AFTER BEING DISCOVERED IN POSSESSION OF THE ASSAULT LONG GUN OR COPYCAT WEAPON BY A LAW ENFORCEMENT OFFICER IS NOT SUBJECT TO THE PENALTIES IN § 4–306 OF THIS SUBTITLE.~~

~~(II)   A PERSON DESCRIBED IN SUBPARAGRAPH (I) OF THIS PARAGRAPH IS GUILTY OF A MISDEMEANOR AND ON CONVICTION IS SUBJECT TO IMPRISONMENT NOT EXCEEDING 18 MONTHS 1 YEAR FOR EACH INCIDENT IN WHICH THE PERSON IS DISCOVERED WITH UNREGISTERED FIREARMS.~~

*(4)   A PERSON MAY TRANSPORT AN ASSAULT WEAPON TO OR FROM:*

*(I)   AN ISO 17025 ACCREDITED, NATIONAL INSTITUTE OF JUSTICE–APPROVED BALLISTICS TESTING LABORATORY; OR*

*(II)   A FACILITY OR ENTITY THAT MANUFACTURES OR PROVIDES RESEARCH AND DEVELOPMENT TESTING, ANALYSIS, OR ENGINEERING FOR PERSONAL PROTECTIVE EQUIPMENT OR VEHICLE PROTECTION SYSTEMS.*

4–304.

A law enforcement unit may seize as contraband and dispose of according to regulation an assault [pistol] **WEAPON** transported, sold, transferred, purchased, received, or possessed in violation of this subtitle.

4–305.

(a)   This section does not apply to**:**

*(1)*   a .22 caliber rifle with a tubular magazine*; OR*

*(2)   A LAW ENFORCEMENT OFFICER OR A PERSON WHO RETIRED IN GOOD STANDING FROM SERVICE WITH A LAW ENFORCEMENT AGENCY OF THE UNITED STATES, THE STATE, OR ANY LAW ENFORCEMENT AGENCY IN THE STATE*.

(b)   A person may not manufacture, sell, offer for sale, purchase, receive, or transfer a detachable magazine that has a capacity of more than [20] **10** rounds of ammunition for a firearm.

4–306.

(a)   ~~A~~ **EXCEPT AS OTHERWISE PROVIDED IN THIS SUBTITLE, A** person who violates this subtitle is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 3 years or a fine not exceeding $5,000 or both.

(b)   (1)   A person who uses an assault [pistol] **WEAPON**, or a magazine that has a capacity of more than [20] **10** rounds of ammunition, in the commission of a

felony or a crime of violence as defined in § 5–101 of the Public Safety Article is guilty of a misdemeanor and on conviction, in addition to any other sentence imposed for the felony or crime of violence, shall be sentenced under this subsection.

(2) (i) For a first violation, the person shall be sentenced to imprisonment for not less than 5 years and not exceeding 20 years.

(ii) The court may not impose less than the minimum sentence of 5 years.

(iii) The mandatory minimum sentence of 5 years may not be suspended.

(iv) Except as otherwise provided in § 4–305 of the Correctional Services Article, the person is not eligible for parole in less than 5 years.

(3) (i) For each subsequent violation, the person shall be sentenced to imprisonment for not less than 10 years and not exceeding 20 years.

(ii) The court may not impose less than the minimum sentence of 10 years.

(iii) A sentence imposed under this paragraph shall be consecutive to and not concurrent with any other sentence imposed for the felony or crime of violence.

## Article – Health – General

10–632.

(G) IF A HEARING OFFICER ENTERS AN ORDER FOR INVOLUNTARY ADMISSION *COMMITMENT* UNDER PART III OF THIS SUBTITLE AND THE HEARING OFFICER DETERMINES THAT THE INDIVIDUAL CANNOT SAFELY POSSESS A FIREARM BASED ON CREDIBLE EVIDENCE OF DANGEROUSNESS TO OTHERS, THE HEARING OFFICER SHALL ORDER THE INDIVIDUAL WHO IS SUBJECT TO THE INVOLUNTARY ADMISSION *COMMITMENT* TO:

(1) (I) SURRENDER TO LAW ENFORCEMENT AUTHORITIES ANY FIREARMS IN THE INDIVIDUAL'S POSSESSION; OR

(II) TEMPORARILY CONSIGN ANY FIREARMS IN THE INDIVIDUAL'S POSSESSION TO A LICENSED DEALER FOR STORAGE OR CONSIGNMENT; AND

MARTIN O'MALLEY, Governor                                    Ch. 427

**(2)**   R<small>EFRAIN</small> <small>FROM</small> <small>POSSESSING</small> <small>A</small> <small>FIREARM</small> <small>UNLESS</small> <small>THE</small> <small>INDIVIDUAL</small> <small>IS</small> <small>GRANTED</small> <small>RELIEF</small> <small>FROM</small> <small>FIREARMS</small> <small>DISQUALIFICATION</small> <small>IN</small> <small>ACCORDANCE WITH</small> § 5–133.3 <small>OF THE</small> P<small>UBLIC</small> S<small>AFETY</small> A<small>RTICLE.</small>

### Article – Natural Resources

10–410.

(g)   (1)   Except as provided in **[**paragraph (2)**]** **PARAGRAPHS (2) AND (3)** of this subsection, a person, other than the owner or occupant, while hunting for any wild bird or mammal may not shoot or discharge any firearm or other deadly weapon within 150 yards, known as the "safety zone," of a dwelling house, residence, church, or other building or camp occupied by human beings, or shoot at any wild bird or mammal while it is within this area, without the specific advance permission of the owner or occupant.

**(2)   A PERSON, WHILE HUNTING FOR ANY WILD BIRD OR MAMMAL, MAY NOT SHOOT OR DISCHARGE ANY FIREARM WITHIN 300 YARDS OF A PUBLIC OR NONPUBLIC SCHOOL DURING SCHOOL HOURS OR AT A TIME WHEN A SCHOOL–APPROVED ACTIVITY IS TAKING PLACE.**

**[**(2)**] (3)**   For archery hunters in Carroll County or Frederick County, the safety zone described in paragraph (1) of this subsection extends for 50 yards from a dwelling house, residence, church, or any other building or camp occupied by human beings.

**[**(3)**] (4)**   During any open hunting season, a person, other than the owner or occupant, may not hunt or chase willfully any wild bird or mammal within the safety zone without the specific advance permission of the owner or occupant.

### Article – Public Safety

*3–208.*

*    **[**(a)**]**   Subject to the authority of the Secretary, the Commission has the following powers and duties:*

*        (1)   to adopt regulations necessary or appropriate to carry out this subtitle; and*

*        (2)   to adopt regulations that establish and enforce standards for prior substance abuse by individuals applying for certification as a police officer.*

*    **[**(b)   Subject to subsections (c) and (d) of this section, the Commission shall adopt regulations on or before January 1, 2001, for a certified firearms safety training*

*course required for an applicant for a regulated firearms purchase, rental, or transfer made on or after January 1, 2002.*

    *(c)    The certified firearms safety training course required under subsection (b) of this section shall:*

    *(1)    be offered by the Commission; or*

    *(2)    contain a handgun safety component and be conducted by an individual or organization certified by:*

    *(i)    the Commission;*

    *(ii)    the Department of Natural Resources;*

    *(iii)    the Department of State Police; or*

    *(iv)    any reputable organization:*

    *1.    that has as one of its objectives the promotion of competency and safety in handling handguns; and*

    *2.    whose course has been determined by the Commission to meet the regulations adopted by the Commission.*

    *(d)    Any course offered by the Commission under subsection (c) of this section:*

    *(1)    shall be offered free of charge or fee;*

    *(2)    may not be more than 2 hours in duration;*

    *(3)    shall be conducted or offered at least once each week in all geographic areas of the State;*

    *(4)    shall be available after regular business hours;*

    *(5)    shall be open to each individual required by law to complete the firearms safety training course, within 2 weeks after request of the individual;*

    *(6)    shall only require attendance throughout the duration of the course in order to complete the course successfully; and*

    *(7)    may not require any skills or knowledge testing in the use of a regulated firearm in order to complete the course successfully.*]

5–101.

MARTIN O'MALLEY, Governor                    Ch. 427

(a)      In this subtitle the following words have the meanings indicated.

(b)      "Antique firearm" has the meaning stated in § 4–201 of the Criminal Law Article.

**(B–1) (1)      "CONVICTED OF A DISQUALIFYING CRIME" INCLUDES:**

       **(I)      A CASE IN WHICH A PERSON RECEIVED PROBATION BEFORE JUDGMENT FOR A CRIME OF VIOLENCE; AND**

       **(II)      A CASE IN WHICH A PERSON RECEIVED PROBATION BEFORE JUDGMENT IN A DOMESTICALLY RELATED CRIME AS DEFINED IN § 6–233 OF THE CRIMINAL PROCEDURE ARTICLE.**

      **(2)      "CONVICTED OF A DISQUALIFYING CRIME" DOES NOT INCLUDE A CASE IN WHICH A PERSON RECEIVED A PROBATION BEFORE JUDGMENT:**

       **(I)      FOR ASSAULT IN THE SECOND DEGREE; OR**

       **(II)      THAT WAS EXPUNGED UNDER TITLE 10, SUBTITLE 1 OF THE CRIMINAL PROCEDURE ARTICLE.**

(c)      "Crime of violence" means:

(1)      abduction;

(2)      arson in the first degree;

(3)      assault in the first or second degree;

(4)      burglary in the first, second, or third degree;

(5)      carjacking and armed carjacking;

(6)      escape in the first degree;

(7)      kidnapping;

(8)      voluntary manslaughter;

(9)      maiming as previously proscribed under former Article 27, § 386 of the Code;

(10)    mayhem as previously proscribed under former Article 27, § 384 of the Code;

(11)    murder in the first or second degree;

(12)    rape in the first or second degree;

(13)    robbery;

(14)    robbery with a dangerous weapon;

(15)    sexual offense in the first, second, or third degree;

(16)    an attempt to commit any of the crimes listed in items (1) through (15) of this subsection; or

(17)    assault with intent to commit any of the crimes listed in items (1) through (15) of this subsection or a crime punishable by imprisonment for more than 1 year.

(d)    "Dealer" means a person who is engaged in the business of:

(1)    selling, renting, or transferring firearms at wholesale or retail; or

(2)    repairing firearms.

(e)    "Dealer's license" means a State regulated firearms dealer's license.

(f)    "Designated law enforcement agency" means a law enforcement agency that the Secretary designates to process applications to purchase regulated firearms for secondary sales.

(g)    "Disqualifying crime" means:

(1)    a crime of violence;

(2)    a violation classified as a felony in the State; or

(3)    a violation classified as a misdemeanor in the State that carries a statutory penalty of more than 2 years.

(h)    (1)    "Firearm" means:

(i)    a weapon that expels, is designed to expel, or may readily be converted to expel a projectile by the action of an explosive; or

MARTIN O'MALLEY, Governor                    Ch. 427

(ii)     the frame or receiver of such a weapon.

(2)     "Firearm" includes a starter gun.

(i)     "Firearm applicant" means a person who makes a firearm application.

(j)     "Firearm application" means an application to purchase, rent, or transfer a regulated firearm.

(k)     "Fugitive from justice" means a person who has fled to avoid prosecution or giving testimony in a criminal proceeding.

(l)     "Habitual drunkard" means a person who has been found guilty of any three crimes under § 21–902(a), (b), or (c) of the Transportation Article, one of which occurred in the past year.

(m)     "Habitual user" means a person who has been found guilty of two controlled dangerous substance crimes, one of which occurred in the past 5 years.

(n)     (1)     "Handgun" means a firearm with a barrel less than 16 inches in length.

(2)     "Handgun" includes signal, starter, and blank pistols.

**(O)     "HANDGUN QUALIFICATION LICENSE" MEANS A LICENSE ISSUED BY THE SECRETARY THAT AUTHORIZES A PERSON TO PURCHASE, RENT, OR RECEIVE A HANDGUN.**

[(o)] **(P)**     "Licensee" means a person who holds a dealer's license.

**(Q)     "QUALIFIED HANDGUN INSTRUCTOR" MEANS A** ~~PERSON CERTIFIED BY THE SECRETARY WHO MEETS THE REQUIREMENTS ESTABLISHED BY THE SECRETARY TO PROVIDE TRAINING IN THE CARE, SAFETY, AND USE OF HANDGUNS~~ *CERTIFIED FIREARMS INSTRUCTOR WHO:*

*(1)     IS RECOGNIZED BY THE MARYLAND POLICE AND CORRECTIONAL TRAINING COMMISSIONS;*

*(2)     HAS A QUALIFIED HANDGUN INSTRUCTOR LICENSE ISSUED BY THE SECRETARY; OR*

*(3)     HAS A CERTIFICATION ISSUED* ~~AND RECOGNIZED BY A NATIONAL ORGANIZATION~~ *BY A NATIONALLY RECOGNIZED FIREARMS ORGANIZATION.*

[(p)] **(R)**   "Regulated firearm" means:

(1)   a handgun; or

(2)   a firearm that is any of the following specific assault weapons or their copies, regardless of which company produced and manufactured that assault weapon:

(i)   American Arms Spectre da Semiautomatic carbine;

(ii)   AK–47 in all forms;

(iii)   Algimec AGM–1 type semi–auto;

(iv)   AR 100 type semi–auto;

(v)   AR 180 type semi–auto;

(vi)   Argentine L.S.R. semi–auto;

(vii)   Australian Automatic Arms SAR type semi–auto;

(viii)   Auto–Ordnance Thompson M1 and 1927 semi–automatics;

(ix)   Barrett light .50 cal. semi–auto;

(x)   Beretta AR70 type semi–auto;

(xi)   Bushmaster semi–auto rifle;

(xii)   Calico models M–100 and M–900;

(xiii)   CIS SR 88 type semi–auto;

(xiv)   Claridge HI TEC C–9 carbines;

(xv)   Colt AR–15, CAR–15, and all imitations except Colt AR–15 Sporter H–BAR rifle;

(xvi)   Daewoo MAX 1 and MAX 2, aka AR 100, 110C, K–1, and K–2;

(xvii)   Dragunov Chinese made semi–auto;

(xviii)   Famas semi–auto (.223 caliber);

MARTIN O'MALLEY, Governor                    Ch. 427

(xix)   Feather AT–9 semi–auto;

(xx)    FN LAR and FN FAL assault rifle;

(xxi)   FNC semi–auto type carbine;

(xxii)  F.I.E./Franchi LAW 12 and SPAS 12 assault shotgun;

(xxiii) Steyr–AUG–SA semi–auto;

(xxiv)  Galil models AR and ARM semi–auto;

(xxv)   Heckler and Koch HK–91 A3, HK–93 A2, HK–94 A2 and A3;

(xxvi)   Holmes model 88 shotgun;

(xxvii)   Avtomat Kalashnikov semiautomatic rifle in any format;

(xxviii)   Manchester Arms "Commando" MK–45, MK–9;

(xxix)  Mandell TAC–1 semi–auto carbine;

(xxx)   Mossberg model 500 Bullpup assault shotgun;

(xxxi)  Sterling Mark 6;

(xxxii)   P.A.W.S. carbine;

(xxxiii)   Ruger mini–14 folding stock model (.223 caliber);

(xxxiv)   SIG 550/551 assault rifle (.223 caliber);

(xxxv)   SKS with detachable magazine;

(xxxvi)  AP–74 Commando type semi–auto;

(xxxvii) Springfield   Armory   BM–59,   SAR–48,   G3,   SAR–3,
M–21 sniper rifle, M1A, excluding the M1 Garand;

(xxxviii)   Street sweeper assault type shotgun;

(xxxix)  Striker 12 assault shotgun in all formats;

(xl)    Unique F11 semi–auto type;

(xli)   Daewoo USAS 12 semi–auto shotgun;

        (xlii)   UZI 9mm carbine or rifle;

        (xliii)  Valmet M–76 and M–78 semi–auto;

        (xliv)  Weaver Arms "Nighthawk" semi–auto carbine; or

        (xlv)   Wilkinson Arms 9mm semi–auto "Terry".

**[(q)] (S)**      "Rent" means the temporary transfer for consideration of a regulated firearm that is taken from the property of the owner of the regulated firearm.

**[(r)] (T)**      "Secondary sale" means a sale of a regulated firearm in which neither party to the sale:

        (1)      is a licensee;

        (2)      is licensed by the federal government as a firearms dealer;

        (3)      devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of earning a profit through the repeated purchase and resale of firearms; or

        (4)      repairs firearms as a regular course of trade or business.

**[(s)] (U)**      "Secretary" means the Secretary of State Police or the Secretary's designee.

**[(t)] (V)**      "Straw purchase" means a sale of a regulated firearm in which a person uses another, known as the straw purchaser, to:

        (1)      complete the application to purchase a regulated firearm;

        (2)      take initial possession of the regulated firearm; and

        (3)      subsequently transfer the regulated firearm to the person.

<u>5–110.</u>

    <u>(a)</u>      <u>The Secretary shall disapprove an application for a dealer's license if:</u>

        <u>(1)</u>      <u>the Secretary determines that the applicant supplied false information or made a false statement;</u>

MARTIN O'MALLEY, Governor                    Ch. 427

(2)      the Secretary determines that the application is not properly completed; **[**or**]**

(3)      the Secretary receives a written notification from the applicant's licensed attending physician that the applicant suffers from a mental disorder and is a danger to the applicant or to another**; OR**

**(4)      THE SECRETARY DETERMINES THAT THE APPLICANT INTENDS THAT A PERSON WHO IS NOT ELIGIBLE TO BE ISSUED A DEALER'S LICENSE OR WHOSE DEALER'S LICENSE HAS BEEN REVOKED OR SUSPENDED:**

**(I)      WILL PARTICIPATE IN THE MANAGEMENT OR OPERATION OF THE BUSINESS FOR WHICH THE LICENSE IS SOUGHT; OR**

**(II)      HOLDS A LEGAL OR EQUITABLE INTEREST IN THE BUSINESS FOR WHICH THE LICENSE IS SOUGHT**.

*(b)      If the Secretary disapproves an application for a dealer's license, the Secretary shall notify the applicant in writing of*:

*(1)      the disapproval **OF THE APPLICATION; AND***

*(2)      **THE REASON THE APPLICATION WAS DENIED**.*

5–114.

(a)      *(1)*      The Secretary shall suspend a dealer's license if the licensee:

~~(1)~~      *(I)*      is under indictment for a crime of violence; **[**or**]**

~~(2)~~      *(II)*      is arrested for a violation of this subtitle that prohibits the purchase or possession of a regulated firearm**: OR** .

~~(3)~~ *(2)*      *(I)*      *THE SECRETARY MAY SUSPEND A DEALER'S LICENSE IF THE LICENSEE IS NOT IN COMPLIANCE WITH THE RECORD KEEPING AND REPORTING REQUIREMENTS OF § 5–145 OF THIS SUBTITLE.*

*(II)      THE SECRETARY MAY LIFT A SUSPENSION UNDER THIS PARAGRAPH AFTER THE LICENSEE PROVIDES EVIDENCE THAT THE RECORD KEEPING VIOLATION HAS BEEN CORRECTED.*

5–115.

(a)      (1)      A person whose dealer's license is suspended or revoked **OR WHO IS FINED FOR A VIOLATION OF THIS SUBTITLE** and who is aggrieved by the action of the Secretary may request a hearing by writing to the Secretary within 30 days after the Secretary forwards notice to the applicant under § 5–114(c) of this subtitle.

(2)      The Secretary shall grant the hearing within 15 days after receiving the request.

(b)      The hearing shall be held in accordance with Title 10, Subtitle 2 of the State Government Article.

**5–117.1.**

(A)      THIS SECTION DOES NOT APPLY TO:

(1)      A LICENSED FIREARMS MANUFACTURER;

(2)      A LAW ENFORCEMENT OFFICER OR PERSON WHO IS RETIRED IN GOOD STANDING FROM SERVICE WITH A LAW ENFORCEMENT AGENCY OF THE UNITED STATES, THE STATE, OR A LOCAL LAW ENFORCEMENT AGENCY OF THE STATE; ~~OR~~

(3)      A MEMBER OR RETIRED MEMBER OF THE ARMED FORCES OF THE UNITED STATES ~~OR,~~ *OR* THE NATIONAL GUARD~~, OR THE MARYLAND DEFENSE FORCE~~; *OR*

*(4)      A PERSON PURCHASING, RENTING, OR RECEIVING AN ANTIQUE, CURIO, OR RELIC FIREARM, AS DEFINED IN FEDERAL LAW OR IN DETERMINATIONS PUBLISHED BY THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES.*

~~(A)~~ (B)      A DEALER OR ANY OTHER PERSON MAY NOT SELL, RENT, OR TRANSFER A ~~REGULATED FIREARM~~ *HANDGUN* TO A PURCHASER, LESSEE, OR TRANSFEREE UNLESS THE PURCHASER, LESSEE, OR TRANSFEREE PRESENTS TO THE DEALER OR OTHER PERSON A VALID ~~REGULATED FIREARM~~ HANDGUN QUALIFICATION LICENSE ISSUED TO THE PURCHASER, LESSEE, OR TRANSFEREE BY THE SECRETARY UNDER THIS SECTION.

~~(B)~~ (C)      A PERSON MAY PURCHASE, RENT, OR RECEIVE A HANDGUN ONLY IF THE PERSON:

(1)      (I)      POSSESSES A VALID HANDGUN QUALIFICATION LICENSE ISSUED TO THE PERSON BY THE SECRETARY IN ACCORDANCE WITH THIS SECTION; ~~AND~~

MARTIN O'MALLEY, Governor          Ch. 427

(II)   POSSESSES VALID CREDENTIALS FROM A LAW ENFORCEMENT AGENCY OR RETIREMENT CREDENTIALS FROM A LAW ENFORCEMENT AGENCY; ~~OR~~

(III)   IS AN ACTIVE OR RETIRED MEMBER OF THE ARMED FORCES OF THE UNITED STATES ~~OR,~~ *OR* THE NATIONAL GUARD~~, OR THE MARYLAND DEFENSE FORCE~~ AND POSSESSES A VALID MILITARY IDENTIFICATION CARD; ~~AND~~ *OR*

(IV)   *IS PURCHASING, RENTING, OR RECEIVING AN ANTIQUE, CURIO, OR RELIC FIREARM, AS DEFINED IN FEDERAL LAW OR IN DETERMINATIONS PUBLISHED BY THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; AND*

(2)   IS NOT OTHERWISE PROHIBITED FROM PURCHASING OR POSSESSING A HANDGUN UNDER STATE OR FEDERAL LAW.

~~(C)~~ (D)   SUBJECT TO SUBSECTIONS ~~(E) AND (F)~~ (F) AND (G) OF THIS SECTION, THE SECRETARY SHALL ISSUE A HANDGUN QUALIFICATION LICENSE TO A PERSON WHO THE SECRETARY FINDS:

(1)   ~~(I)~~   IS AT LEAST 21 YEARS OLD; ~~OR~~

~~(II)   IS AT LEAST 18 YEARS OLD IF THE PERSON IS A MEMBER OF THE UNITED STATES ARMED FORCES, THE NATIONAL GUARD, OR THE MARYLAND DEFENSE FORCE;~~

(2)   IS A RESIDENT OF THE STATE;

(3)   EXCEPT AS PROVIDED IN SUBSECTION ~~(D)~~ (E) OF THIS SECTION, HAS DEMONSTRATED SATISFACTORY COMPLETION~~:~~ :

~~(I),~~ WITHIN ~~1 YEAR~~ 3 YEARS PRIOR TO THE SUBMISSION OF THE APPLICATION, OF A FIREARMS SAFETY TRAINING COURSE APPROVED BY THE SECRETARY THAT INCLUDES:

~~(I)~~   ~~1.~~ *(I)*   A MINIMUM OF ~~8~~ 4 HOURS OF INSTRUCTION BY A QUALIFIED HANDGUN INSTRUCTOR;

~~(II)~~   ~~2.~~ *(II)*   CLASSROOM INSTRUCTION ON:

~~1.~~ ~~A.~~ *1.*   STATE FIREARM LAW;

~~2.~~ ~~B.~~ *2.*   HOME FIREARM SAFETY; AND

~~3.~~ ~~C.~~ *3.*   HANDGUN MECHANISMS AND OPERATION; AND

~~(III)~~ ~~(II)~~ *(III)*     ~~WITHIN 10 YEARS PRIOR TO THE SUBMISSION OF THE APPLICATION, OF A FIREARMS SAFETY TRAINING COURSE APPROVED BY THE SECRETARY THAT INCLUDES~~ A FIREARMS ~~QUALIFICATION COMPONENT THAT DEMONSTRATES THE PERSON'S PROFICIENCY AND USE OF THE~~ *ORIENTATION COMPONENT THAT DEMONSTRATES THE PERSON'S SAFE OPERATION AND HANDLING OF A* FIREARM; AND

(4)     BASED ON AN INVESTIGATION, IS NOT PROHIBITED BY FEDERAL OR STATE LAW FROM PURCHASING OR POSSESSING A HANDGUN.

~~(D)~~ (E)     AN APPLICANT FOR A HANDGUN QUALIFICATION LICENSE IS NOT REQUIRED TO COMPLETE A FIREARMS SAFETY TRAINING COURSE UNDER SUBSECTION ~~(C)~~ (D) OF THIS SECTION IF THE APPLICANT:

(1)     ~~IS A LAW ENFORCEMENT OFFICER OF THE UNITED STATES, THE STATE, OR ANY LOCAL LAW ENFORCEMENT AGENCY IN THE STATE;~~

~~(2)~~     ~~IS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES OR THE NATIONAL GUARD; OR~~

~~(3)~~     HAS COMPLETED A CERTIFIED FIREARMS TRAINING COURSE APPROVED BY THE SECRETARY; ~~OR~~

*(2)*     *HAS COMPLETED A COURSE OF INSTRUCTION IN COMPETENCY AND SAFETY IN THE HANDLING OF FIREARMS PRESCRIBED BY THE DEPARTMENT OF NATURAL RESOURCES UNDER § 10–301.1 OF THE NATURAL RESOURCES ARTICLE;*

~~(2)~~ *(3)*     IS ~~CURRENTLY A CERTIFIED FIREARMS INSTRUCTOR WHO:~~

~~(I)~~     ~~IS RECOGNIZED BY THE MARYLAND POLICE AND CORRECTIONAL TRAINING COMMISSIONS;~~

~~(II)~~     ~~HAS A QUALIFIED HANDGUN INSTRUCTOR LICENSE ISSUED BY THE SECRETARY; OR~~

~~(III)~~     ~~HAS A CERTIFICATION ISSUED AND RECOGNIZED BY A NATIONAL ORGANIZATION~~ *A QUALIFIED HANDGUN INSTRUCTOR*; ~~OR~~

MARTIN O'MALLEY, Governor                    Ch. 427

~~(3)~~ *(4)*        IS AN HONORABLY DISCHARGED MEMBER OF THE ARMED FORCES OF THE UNITED STATES OR THE NATIONAL GUARD; ~~OR~~

~~(4)~~ *(5)*        IS AN EMPLOYEE OF AN ARMORED CAR COMPANY AND HAS A PERMIT ISSUED UNDER TITLE 5, SUBTITLE 3 OF THE PUBLIC SAFETY ARTICLE *; OR*

*(6)        LAWFULLY OWNS A REGULATED FIREARM.*

~~(E)~~ (F)        (1)    IN THIS SUBSECTION, "CENTRAL REPOSITORY" MEANS THE CRIMINAL JUSTICE INFORMATION SYSTEM CENTRAL REPOSITORY OF THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES.

(2)    ~~IN ORDER TO OBTAIN A HANDGUN QUALIFICATION LICENSE, AN APPLICANT SHALL APPLY TO THE CENTRAL REPOSITORY FOR A NATIONAL AND STATE CRIMINAL HISTORY RECORDS CHECK~~ THE SECRETARY SHALL APPLY TO THE CENTRAL REPOSITORY FOR A STATE AND NATIONAL CRIMINAL HISTORY RECORDS CHECK FOR EACH APPLICANT FOR A HANDGUN QUALIFICATION LICENSE.

(3)    AS PART OF THE APPLICATION FOR A CRIMINAL HISTORY RECORDS CHECK, THE ~~APPLICANT~~ SECRETARY SHALL SUBMIT TO THE CENTRAL REPOSITORY:

(I)    ~~TWO COMPLETE SETS~~ A COMPLETE SET OF THE APPLICANT'S LEGIBLE FINGERPRINTS TAKEN IN A FORMAT APPROVED BY THE DIRECTOR OF THE CENTRAL REPOSITORY AND THE DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION;

(II)    THE FEE AUTHORIZED UNDER § 10–221(B)(7) OF THE CRIMINAL PROCEDURE ARTICLE FOR ACCESS TO MARYLAND CRIMINAL HISTORY RECORDS; AND

(III)    THE MANDATORY PROCESSING FEE REQUIRED BY THE FEDERAL BUREAU OF INVESTIGATION FOR A NATIONAL CRIMINAL HISTORY RECORDS CHECK.

(4)    THE CENTRAL REPOSITORY SHALL PROVIDE A RECEIPT TO THE APPLICANT FOR THE FEES PAID IN ACCORDANCE WITH PARAGRAPH (3)(II) AND (III) OF THIS SUBSECTION.

(5)    IN ACCORDANCE WITH §§ 10–201 THROUGH 10–234 OF THE CRIMINAL PROCEDURE ARTICLE, THE CENTRAL REPOSITORY SHALL FORWARD

TO THE APPLICANT AND THE SECRETARY A PRINTED STATEMENT OF THE APPLICANT'S CRIMINAL HISTORY INFORMATION.

(6)    INFORMATION OBTAINED FROM THE CENTRAL REPOSITORY UNDER THIS SECTION:

(I)    IS CONFIDENTIAL AND MAY NOT BE DISSEMINATED; AND

(II)    SHALL BE USED ONLY FOR THE LICENSING PURPOSE AUTHORIZED BY THIS SECTION.

(7)    IF CRIMINAL HISTORY RECORD INFORMATION IS REPORTED TO THE CENTRAL REPOSITORY AFTER THE DATE OF THE INITIAL CRIMINAL HISTORY RECORDS CHECK, THE CENTRAL REPOSITORY SHALL PROVIDE TO THE DEPARTMENT OF STATE POLICE LICENSING DIVISION A REVISED PRINTED STATEMENT OF THE APPLICANT'S OR LICENSEE'S STATE CRIMINAL HISTORY RECORD.

(F) (G)    AN APPLICANT FOR A HANDGUN QUALIFICATION LICENSE SHALL SUBMIT TO THE SECRETARY:

(1)    AN APPLICATION IN THE MANNER AND FORMAT DESIGNATED BY THE SECRETARY;

(2)    A NONREFUNDABLE APPLICATION FEE OF $100 TO COVER THE COSTS TO ADMINISTER THE PROGRAM OF UP TO $50 $25 $50;

(3)    (I)    PROOF OF SATISFACTORY COMPLETION OF:

1.    A FIREARMS SAFETY TRAINING COURSE APPROVED BY THE SECRETARY; OR

2.    A COURSE OF INSTRUCTION IN COMPETENCY AND SAFETY IN THE HANDLING OF FIREARMS PRESCRIBED BY THE DEPARTMENT OF NATURAL RESOURCES UNDER § 10–301.1 OF THE NATURAL RESOURCES ARTICLE; OR

(II)    A VALID FIREARMS INSTRUCTOR CERTIFICATION;

(4)    ANY OTHER IDENTIFYING INFORMATION OR DOCUMENTATION REQUIRED BY THE SECRETARY; AND

(5)   A STATEMENT MADE BY THE APPLICANT UNDER THE PENALTY OF PERJURY THAT THE APPLICANT IS NOT PROHIBITED UNDER FEDERAL OR STATE LAW FROM POSSESSING A HANDGUN.

~~(G)~~ (H)   *(1)*   WITHIN 30 DAYS AFTER RECEIVING A PROPERLY COMPLETED APPLICATION, THE SECRETARY SHALL ISSUE TO THE APPLICANT:

~~(1)~~ *(I)*   A HANDGUN QUALIFICATION LICENSE IF THE APPLICANT IS APPROVED; OR

~~(2)~~ *(II)*   A WRITTEN DENIAL OF THE APPLICATION THAT CONTAINS~~:~~

~~(I)~~ *1.*   *THE REASON THE APPLICATION WAS DENIED; AND*

~~(II)~~ *2.*   A STATEMENT OF THE APPLICANT'S APPEAL RIGHTS UNDER SUBSECTION ~~(J)~~ (L) OF THIS SECTION.

*(2)   (I)   AN INDIVIDUAL WHOSE FINGERPRINTS HAVE BEEN SUBMITTED TO THE CENTRAL REPOSITORY, AND WHOSE APPLICATION HAS BEEN DENIED, MAY REQUEST THAT THE RECORD OF THE FINGERPRINTS BE EXPUNGED BY OBLITERATION.*

*(II)   PROCEEDINGS TO EXPUNGE A RECORD UNDER THIS PARAGRAPH SHALL BE CONDUCTED IN ACCORDANCE WITH § 10–105 OF THE CRIMINAL PROCEDURE ARTICLE.*

*(III)   ON RECEIPT OF AN ORDER TO EXPUNGE A FINGERPRINT RECORD, THE CENTRAL REPOSITORY SHALL EXPUNGE BY OBLITERATION THE FINGERPRINTS SUBMITTED AS PART OF THE APPLICATION PROCESS.*

*(IV)   AN INDIVIDUAL MAY NOT BE CHARGED A FEE FOR THE EXPUNGEMENT OF A FINGERPRINT RECORD IN ACCORDANCE WITH THIS PARAGRAPH.*

~~(H)~~ (I)   ~~(1)~~   A HANDGUN QUALIFICATION LICENSE ISSUED UNDER THIS SECTION EXPIRES ~~5~~ 10 YEARS FROM THE DATE OF ISSUANCE.

~~(2)~~ (J)   (1)   THE HANDGUN QUALIFICATION LICENSE MAY BE RENEWED FOR SUCCESSIVE PERIODS OF ~~5~~ 10 YEARS EACH IF, AT THE TIME OF AN APPLICATION FOR RENEWAL, THE APPLICANT ~~POSSESSES THE QUALIFICATIONS FOR THE ISSUANCE OF THE HANDGUN QUALIFICATION~~

~~LICENSE AND PAYS THE FEES REQUIRED IN SUBSECTIONS (E)(3) AND (F)(2) OF THIS SECTION~~:

(I)      POSSESSES THE QUALIFICATIONS FOR THE ISSUANCE OF THE HANDGUN QUALIFICATION LICENSE; AND

(II)     SUBMITS A NONREFUNDABLE APPLICATION FEE TO COVER THE COSTS TO ADMINISTER THE PROGRAM UP TO $20.

(2)      AN APPLICANT RENEWING A HANDGUN QUALIFICATION LICENSE UNDER THIS SUBSECTION IS NOT REQUIRED TO:

(I)      COMPLETE THE FIREARMS SAFETY TRAINING COURSE REQUIRED IN SUBSECTION (D)(3) OF THIS SECTION; OR

(II)     SUBMIT TO A STATE AND NATIONAL CRIMINAL HISTORY RECORDS CHECK AS REQUIRED IN SUBSECTION (F) OF THIS SECTION.

~~(I)~~ (K)      (1)      THE SECRETARY MAY REVOKE A HANDGUN QUALIFICATION LICENSE ISSUED OR RENEWED UNDER THIS SECTION ON A FINDING THAT THE LICENSEE NO LONGER SATISFIES THE QUALIFICATIONS SET FORTH IN SUBSECTION ~~(C)~~ (D) OF THIS SECTION.

(2)      A PERSON HOLDING A HANDGUN QUALIFICATION LICENSE THAT HAS BEEN REVOKED BY THE SECRETARY SHALL RETURN THE LICENSE TO THE SECRETARY WITHIN 5 DAYS AFTER RECEIPT OF THE NOTICE OF REVOCATION.

~~(J)~~ (L)      (1)      A PERSON WHOSE ORIGINAL OR RENEWAL APPLICATION FOR A HANDGUN QUALIFICATION LICENSE IS DENIED OR WHOSE HANDGUN QUALIFICATION LICENSE IS REVOKED, MAY SUBMIT A WRITTEN REQUEST TO THE SECRETARY FOR A HEARING WITHIN 30 DAYS AFTER THE DATE THE WRITTEN NOTICE OF THE DENIAL OR REVOCATION WAS SENT TO THE AGGRIEVED PERSON.

(2)      A HEARING UNDER THIS SECTION SHALL BE GRANTED BY THE SECRETARY WITHIN 15 DAYS AFTER THE REQUEST.

(3)      A HEARING AND ANY SUBSEQUENT PROCEEDINGS OF JUDICIAL REVIEW UNDER THIS SECTION SHALL BE CONDUCTED IN ACCORDANCE WITH TITLE 10, SUBTITLE 2 OF THE STATE GOVERNMENT ARTICLE.

(4)    A HEARING UNDER THIS SECTION SHALL BE HELD IN THE COUNTY OF THE LEGAL RESIDENCE OF THE AGGRIEVED PERSON.

(M)    (1)    IF AN ORIGINAL OR RENEWAL HANDGUN QUALIFICATION LICENSE IS LOST OR STOLEN, A PERSON MAY SUBMIT A WRITTEN REQUEST TO THE SECRETARY FOR A REPLACEMENT LICENSE.

(2)    UNLESS THE APPLICANT IS OTHERWISE DISQUALIFIED, THE SECRETARY SHALL ISSUE A REPLACEMENT HANDGUN QUALIFICATION LICENSE ON RECEIPT OF A WRITTEN REQUEST AND A NONREFUNDABLE FEE TO COVER THE COST OF REPLACEMENT UP TO $20.

(N)    THE SECRETARY MAY ADOPT REGULATIONS TO CARRY OUT THE PROVISIONS OF THIS SECTION.

5–118.

(b)    A firearm application shall contain:

(2)    the date and time that the firearm applicant delivered the completed firearm application to the prospective seller or transferor; [and]

(3)    a statement by the firearm applicant under the penalty of perjury that the firearm applicant:

(i)    ~~1.~~    is at least 21 years old; ~~OR~~

~~2.    IS AT LEAST 18 YEARS OLD IF THE FIREARM APPLICANT IS A MEMBER OF THE UNITED STATES ARMED FORCES, THE NATIONAL GUARD, OR THE MARYLAND DEFENSE FORCE;~~

(ii)    has never been convicted of a disqualifying crime;

(iii)    has never been convicted of a violation classified as a common law crime and received a term of imprisonment of more than 2 years;

(iv)    is not a fugitive from justice;

(v)    is not a habitual drunkard;

(vi)    is not addicted to a controlled dangerous substance or is not a habitual user;

(VII)    DOES NOT SUFFER FROM A MENTAL DISORDER AS DEFINED IN § 10–101(F)(2) OF THE HEALTH – GENERAL ARTICLE AND HAVE A

HISTORY OF VIOLENT BEHAVIOR AGAINST ~~THEMSELVES~~ *THE FIREARM APPLICANT* OR ANOTHER~~, UNLESS THE PERSON HAS A PHYSICIAN'S CERTIFICATE THAT THE PERSON IS CAPABLE OF POSSESSING A REGULATED FIREARM WITHOUT UNDUE DANGER TO THE PERSON OR TO ANOTHER~~;

    ~~(vii)~~ **(VIII)**   has never ~~spent more than 30 consecutive days in a medical institution for treatment of a mental disorder, unless a physician's certificate issued within 30 days before the date of application is attached to the application, certifying that the firearm applicant is capable of possessing a regulated firearm without undue danger to the firearm applicant or to another~~;

    ~~(viii)   is not a respondent against whom a current non ex parte civil protective order has been entered under § 4–506 of the Family Law Article~~ BEEN FOUND INCOMPETENT TO STAND TRIAL UNDER § 3–106 OF THE CRIMINAL PROCEDURE ARTICLE;

    **(IX)** HAS NEVER BEEN FOUND NOT CRIMINALLY RESPONSIBLE UNDER § 3–110 OF THE CRIMINAL PROCEDURE ARTICLE;

    **(X)** ~~HAS NEVER BEEN~~ ~~BEFORE OCTOBER 1, 2013, WAS~~ *HAS* NEVER *BEEN* VOLUNTARILY ADMITTED FOR MORE THAN 30 CONSECUTIVE DAYS TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE;

    **(XI)** HAS NEVER BEEN INVOLUNTARILY COMMITTED TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE;

    ~~(XII)   HAS NEVER BEEN ADMITTED TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE AS THE RESULT OF AN EMERGENCY EVALUATION UNDER § 10–622 OF THE HEALTH – GENERAL ARTICLE OR, IF THE PERSON HAS BEEN ADMITTED TO A FACILITY, POSSESSES A CERTIFICATE FROM THE FACILITY THAT THE PERSON IS CAPABLE OF POSSESSING A REGULATED FIREARM WITHOUT UNDUE DANGER TO THE PERSON OR TO ANOTHER~~;

    ~~(XIII)~~ *(XII)* IS NOT UNDER THE PROTECTION OF A GUARDIAN APPOINTED BY A COURT UNDER § 13–201(C) OR § 13–705 OF THE ESTATES AND TRUSTS ARTICLE *, EXCEPT FOR CASES IN WHICH THE APPOINTMENT OF A GUARDIAN IS SOLELY A RESULT OF A PHYSICAL DISABILITY*;

    ~~(XIII)~~ ~~(XIV)~~ *(XIII)* IS NOT A RESPONDENT AGAINST WHOM:

    **1.** A CURRENT NON EX PARTE CIVIL PROTECTIVE ORDER HAS BEEN ENTERED UNDER § 4–506 OF THE FAMILY LAW ARTICLE; OR

MARTIN O'MALLEY, Governor                    Ch. 427

> **2.     AN ORDER FOR PROTECTION, AS DEFINED IN §
> 4–508.1 OF THE FAMILY LAW ARTICLE, HAS BEEN ISSUED BY A COURT OF
> ANOTHER STATE OR A NATIVE AMERICAN TRIBE AND IS IN EFFECT**; AND

(ix) (XIV) (XV) *(XIV)*     if under the age of 30 years at the time of application, has not been adjudicated delinquent by a juvenile court for an act that would be a disqualifying crime if committed by an adult**[**; and

(x)     subject to § 5–119 of this subtitle, has completed a certified firearms safety training course that the Police Training Commission conducts without charge or that meets the standards that the Police Training Commission establishes under § 3–207 of this article**]; AND**

**(4)     A COPY OF THE APPLICANT'S HANDGUN QUALIFICATION LICENSE.**

**[**5–119.

A firearm applicant is not required to complete a certified firearms training course required under §§ 5–118 and 5–134 of this subtitle if the firearm applicant:

(1)     has already completed a certified firearms training course required under §§ 5–118 and 5–134 of this subtitle;

(2)     is a law enforcement officer of the State or any local law enforcement agency in the State;

(3)     is a member, retired member, or honorably discharged member of the armed forces of the United States or the National Guard;

(4)     is a member of an organization that is required by federal law governing its specific business or activity to maintain handguns and applicable ammunition; or

(5)     holds a permit to carry a handgun under Subtitle 3 of this title.**]**

5–120.

(a)     (1)     On receipt of a firearm application, a licensee or designated law enforcement agency shall promptly forward one copy of it to the Secretary by**[:**

(i)     certified mail;

(ii)     facsimile machine; or

(iii)] electronic means approved by the Secretary.

(2)     The copy of the firearm application forwarded to the Secretary shall contain the name, address, and signature of the prospective seller, lessor, or transferor.

(b)     (1)     The prospective seller, lessor, or transferor shall keep one copy of the firearm application for not less than 3 years.

(2)     The firearm applicant is entitled to [the remaining] **A** copy of the firearm application.

(c)     [(1)     Except as provided in paragraph (2) of this subsection, the] **THE** licensee or designated law enforcement agency shall forward the $10 application fee with the firearm application to the Secretary.

[(2)     A licensee or designated law enforcement agency that uses a facsimile machine to forward the firearm application to the Secretary shall:

(i)     be billed $10 for each firearm application forwarded to the Secretary during the month; and

(ii)     pay the total application fee by the fifteenth day of the following month.]

5–133.

(a)     This section supersedes any restriction that a local jurisdiction in the State imposes on the possession by a private party of a regulated firearm, and the State preempts the right of any local jurisdiction to regulate the possession of a regulated firearm.

(b)     [A] **SUBJECT TO § 5–133.3 OF THIS SUBTITLE, A** person may not possess a regulated firearm if the person:

(1)     has been convicted of a disqualifying crime;

(2)     has been convicted of a violation classified as a common law crime and received a term of imprisonment of more than 2 years;

(3)     is a fugitive from justice;

(4)     is a habitual drunkard;

(5)     is addicted to a controlled dangerous substance or is a habitual user;

MARTIN O'MALLEY, Governor                                    Ch. 427

(6)      ~~[suffers from a mental disorder as defined in § 10–101(f)(2) of the Health – General Article and has a history of violent behavior against the person or another, unless the person has a physician's certificate that the person is capable of possessing a regulated firearm without undue danger to the person or to another, unless the person has a physician's certificate that the person is capable of possessing a regulated firearm without undue danger to the person or to another];~~

*(6)*      *SUFFERS FROM A MENTAL DISORDER AS DEFINED IN §* *10–101(F)(2) OF THE HEALTH – GENERAL ARTICLE AND HAS A HISTORY OF VIOLENT BEHAVIOR AGAINST THE PERSON OR ANOTHER;*

**(7)**      HAS BEEN FOUND INCOMPETENT TO STAND TRIAL UNDER § 3–106 OF THE CRIMINAL PROCEDURE ARTICLE;

~~(7)~~ **(8)**      HAS BEEN FOUND NOT CRIMINALLY RESPONSIBLE UNDER § 3–110 OF THE CRIMINAL PROCEDURE ARTICLE;

[(7)] ~~(8)~~ **(9)**      has been ~~[confined~~ **VOLUNTARILY ADMITTED** for more than 30 consecutive days to~~] A PATIENT IN~~ a facility as defined in § 10–101 of the Health – General Article ~~BEFORE OCTOBER 1, 2013~~[, unless the person has a physician's certificate that the person is capable of possessing a regulated firearm without undue danger to the person or to another] ~~AND:~~;

~~(I)~~ ~~(10)~~      ~~HAS BEEN A VOLUNTARY OR AN INVOLUNTARY PATIENT FOR 30 CONSECUTIVE DAYS OR MORE; OR~~

~~(II)~~      ~~HAS BEEN DETERMINED BY A COURT TO BE UNABLE TO SAFELY POSSESS A FIREARM BASED ON CREDIBLE EVIDENCE OF DANGEROUSNESS TO OTHERS INVOLUNTARILY COMMITTED TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE;~~

~~(9)~~ ~~(11)~~      ~~HAS BEEN ADMITTED TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE AS THE RESULT OF AN EMERGENCY EVALUATION UNDER § 10–622 OF THE HEALTH – GENERAL ARTICLE, UNLESS THE PERSON HAS A CERTIFICATE FROM THE FACILITY THAT THE PERSON IS CAPABLE OF POSSESSING A REGULATED FIREARM WITHOUT UNDUE DANGER TO THE PERSON OR TO ANOTHER;~~

*(10)*      *HAS BEEN INVOLUNTARILY COMMITTED TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE;*

~~(12)~~ *(11)*      IS UNDER THE PROTECTION OF A GUARDIAN APPOINTED BY A COURT UNDER § 13–201(C) OR § 13–705 OF THE ESTATES AND TRUSTS

**ARTICLE** *, EXCEPT FOR CASES IN WHICH THE APPOINTMENT OF A GUARDIAN IS SOLELY A RESULT OF A PHYSICAL DISABILITY*;

[(8)] **(10)** **(12)** **(13)** *(12)*   except as provided in subsection (e) of this section, is a respondent against whom **[**a current non ex parte civil protective order has been entered under § 4–506 of the Family Law Article; or**]**:

**(I)**   **A CURRENT NON EX PARTE CIVIL PROTECTIVE ORDER HAS BEEN ENTERED UNDER § 4–506 OF THE FAMILY LAW ARTICLE; OR**

**(II)**   **AN ORDER FOR PROTECTION, AS DEFINED IN § 4–508.1 OF THE FAMILY LAW ARTICLE, HAS BEEN ISSUED BY A COURT OF ANOTHER STATE OR A NATIVE AMERICAN TRIBE AND IS IN EFFECT; OR**

[(9)] **(11)** **(13)** **(14)** *(13)*   if under the age of 30 years at the time of possession, has been adjudicated delinquent by a juvenile court for an act that would be a disqualifying crime if committed by an adult.

(c)   (1)   A person may not possess a regulated firearm if the person was previously convicted of:

(i)   a crime of violence;

(ii)   a violation of § 5–602, § 5–603, § 5–604, § 5–605, § 5–612, § 5–613, or § 5–614 of the Criminal Law Article; or

(iii)   an offense under the laws of another state or the United States that would constitute one of the crimes listed in item (i) or (ii) of this paragraph if committed in this State.

(2)   (i)   Subject to paragraph (3) of this subsection, a person who violates this subsection is guilty of a felony and on conviction is subject to imprisonment for not less than 5 years and not exceeding 15 years.

(ii)   The court may not suspend any part of the mandatory minimum sentence of 5 years.

(iii)   Except as otherwise provided in § 4–305 of the Correctional Services Article, the person is not eligible for parole during the mandatory minimum sentence.

(3)   At the time of the commission of the offense, if a period of more than 5 years has elapsed since the person completed serving the sentence for the most recent conviction under paragraph (1)(i) or (ii) of this subsection, including all imprisonment, mandatory supervision, probation, and parole:

(i)      the imposition of the mandatory minimum sentence is within the discretion of the court; and

(ii)     the mandatory minimum sentence may not be imposed unless the State's Attorney notifies the person in writing at least 30 days before trial of the State's intention to seek the mandatory minimum sentence.

(4)     Each violation of this subsection is a separate crime.

(d)     (1)     Except as provided in paragraph (2) of this subsection, a person who is under the age of 21 years may not possess a regulated firearm.

(2)     Unless a person is otherwise prohibited from possessing a regulated firearm, this subsection does not apply to:

(i)      the temporary transfer or possession of a regulated firearm if the person is:

1.      under the supervision of another who is at least 21 years old and who is not prohibited by State or federal law from possessing a firearm; and

2.      acting with the permission of the parent or legal guardian of the transferee or person in possession;

(ii)     the transfer by inheritance of title, and not of possession, of a regulated firearm;

(iii)    a member of the armed forces of the United States or the National Guard *while performing official duties* ~~while performing official duties~~;

(iv)     the temporary transfer or possession of a regulated firearm if the person is:

1.      participating in marksmanship training of a recognized organization; and

2.      under the supervision of a qualified instructor;

(v)      a person who is required to possess a regulated firearm for employment and who holds a permit under Subtitle 3 of this title; or

(vi)     the possession of a firearm for self–defense or the defense of others against a trespasser into the residence of the person in possession or into a residence in which the person in possession is an invited guest.

(e)     This section does not apply to a respondent transporting a regulated firearm if the respondent is carrying a civil protective order requiring the surrender of the regulated firearm and:

    (1)     the regulated firearm is unloaded;

    (2)     the respondent has notified the law enforcement unit, barracks, or station that the regulated firearm is being transported in accordance with the civil protective order; and

    (3)     the respondent transports the regulated firearm directly to the law enforcement unit, barracks, or station.

**5–133.1.**

    (A)     IN THIS SECTION, "AMMUNITION" MEANS A CARTRIDGE, SHELL, OR ANY OTHER DEVICE CONTAINING EXPLOSIVE OR INCENDIARY MATERIAL DESIGNED AND INTENDED FOR USE IN A FIREARM.

    (B)     A PERSON MAY NOT POSSESS AMMUNITION IF THE PERSON IS PROHIBITED FROM POSSESSING A REGULATED FIREARM UNDER § 5–133 (B) OR (C) OF THIS SUBTITLE.

    (C)     A PERSON WHO VIOLATES THIS SECTION IS GUILTY OF A MISDEMEANOR AND ON CONVICTION IS SUBJECT TO IMPRISONMENT NOT EXCEEDING 1 YEAR OR A FINE NOT EXCEEDING $1000 OR BOTH.

**5–133.2.**

    (A)     (1)     IN THIS SECTION THE FOLLOWING WORDS HAVE THE MEANINGS INDICATED.

        (2)     "FACILITY" HAS THE MEANING STATED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE.

        (3)     "NICS INDEX" MEANS THE FEDERAL BUREAU OF INVESTIGATION'S NATIONAL INSTANT CRIMINAL BACKGROUND CHECK SYSTEM.

    (B)     (1)     A COURT SHALL PROMPTLY REPORT INFORMATION REQUIRED IN PARAGRAPH (2) OF THIS SUBSECTION THROUGH A SECURE DATA PORTAL APPROVED BY THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES IF A COURT:

MARTIN O'MALLEY, Governor

Ch. 427

(I) DETERMINES THAT A PERSON IS NOT CRIMINALLY RESPONSIBLE UNDER § 3–110 OF THE CRIMINAL PROCEDURE ARTICLE;

(II) FINDS THAT A PERSON IS INCOMPETENT TO STAND TRIAL UNDER § 3–106 OF THE CRIMINAL PROCEDURE ARTICLE; OR

(III) FINDS UNDER § 13–201(C) OR § 13–705 OF THE ESTATES AND TRUST ARTICLE THAT A PERSON SHOULD BE UNDER THE PROTECTION OF A GUARDIAN, *EXCEPT FOR CASES IN WHICH THE APPOINTMENT OF A GUARDIAN IS SOLELY A RESULT OF A PHYSICAL DISABILITY*.

(2) ON A FINDING OR DETERMINATION UNDER PARAGRAPH (1) OF THIS SUBSECTION, THE FOLLOWING INFORMATION SHALL BE REPORTED TO THE NICS INDEX:

(I) THE NAME AND IDENTIFYING INFORMATION OF THE PERSON; AND

(II) THE DATE OF THE DETERMINATION OR FINDING.

(C) (1) A FACILITY SHALL REPORT INFORMATION REQUIRED IN PARAGRAPH (2) OF THIS SUBSECTION REGARDING A PERSON ADMITTED TO THE FACILITY UNDER § 10–609 OF THE HEALTH – GENERAL ARTICLE OR COMMITTED TO THE FACILITY UNDER TITLE 10, SUBTITLE 6, PART III OF THE HEALTH – GENERAL ARTICLE TO THE NICS INDEX THROUGH A SECURE DATA PORTAL APPROVED BY THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, IF:

(I) THE PERSON HAS BEEN ADMITTED ~~OR COMMITTED~~ TO A FACILITY FOR 30 CONSECUTIVE DAYS OR MORE; OR

(II) ~~IN THE CASE OF AN INVOLUNTARY ADMISSION TO A FACILITY, A COURT MAKES A DETERMINATION THAT THE PERSON CANNOT SAFELY POSSESS A FIREARM BASED ON CREDIBLE EVIDENCE OF DANGEROUSNESS TO OTHERS~~ THE PERSON HAS BEEN INVOLUNTARILY COMMITTED TO A FACILITY.

(2) ON ADMISSION TO A FACILITY THE FOLLOWING INFORMATION SHALL BE REPORTED TO THE NICS INDEX:

(I) THE NAME AND IDENTIFYING INFORMATION OF THE PERSON ADMITTED OR COMMITTED;

      **(II)**   THE DATE THE PERSON WAS ADMITTED OR COMMITTED TO THE FACILITY; AND

      **(III)**   THE NAME OF THE FACILITY TO WHICH THE PERSON WAS ADMITTED OR COMMITTED.

~~**5–133.3.**~~

      ~~**(A)**   IN THIS SECTION, "HEALTH DEPARTMENT" MEANS THE DEPARTMENT OF HEALTH AND MENTAL HYGIENE.~~

      ~~**(B)**   A PERSON SUBJECT TO A REGULATED FIREARMS DISQUALIFICATION UNDER § 5–133(B)(6), (7), (8), OR (9) (9), (10), OR (11) (11), OR (12) OF THIS SUBTITLE OR A RIFLE OR SHOTGUN DISQUALIFICATION UNDER § 5–205(B)(6), (7), (8), (9), (10), OR (11) (11), OR (12) OF THIS TITLE MAY BE AUTHORIZED TO POSSESS A FIREARM IF:~~

      ~~**(1)**   THE PERSON IS NOT SUBJECT TO ANOTHER FIREARMS RESTRICTION UNDER STATE OR FEDERAL LAW; AND~~

      ~~**(2)**   THE HEALTH DEPARTMENT, IN ACCORDANCE WITH THIS SECTION, DETERMINES THAT THE PERSON MAY POSSESS A FIREARM.~~

      ~~**(C)**   A PERSON WHO SEEKS RELIEF FROM A FIREARMS DISQUALIFICATION SHALL FILE AN APPLICATION WITH THE HEALTH DEPARTMENT IN THE FORM AND MANNER SET BY THE HEALTH DEPARTMENT.~~

      ~~**(D)**   **(1)**   AN APPLICANT SHALL PROVIDE COMPLETE AND ACCURATE DATA ON ALL INFORMATION REQUIRED IN AN APPLICATION UNDER THIS SECTION.~~

      ~~**(2)**   THE APPLICANT SHALL INCLUDE THE FOLLOWING INFORMATION IN THE APPLICATION:~~

      ~~**(I)**   THE REASON WHY THE APPLICANT IS PROHIBITED FROM POSSESSING A REGULATED FIREARM UNDER § 5–133(B)(6), (7), (8), OR (9) (9), (10), OR (11) (11), OR (12) OF THIS SUBTITLE OR A RIFLE OR SHOTGUN UNDER § 5–205(B)(6), (7), (8), (9), (10), OR (11) (11), OR (12) OF THIS TITLE AND WHY THE APPLICANT SHOULD BE RELIEVED FROM THAT PROHIBITION;~~

      ~~**(II)**   A CERTIFICATE ON A FORM APPROVED BY THE HEALTH DEPARTMENT AND SIGNED BY AN INDIVIDUAL LICENSED IN THE STATE AS A PHYSICIAN WHO IS BOARD-CERTIFIED IN PSYCHIATRY OR AS A PSYCHOLOGIST~~

MARTIN O'MALLEY, Governor                          Ch. 427

~~AND LISTED IN THE NATIONAL REGISTER OF HEALTH SERVICE PROVIDERS IN PSYCHOLOGY THAT PROVIDES:~~

~~1.    THAT THE CERTIFICATE WAS ISSUED WITHIN 30 DAYS OF THE DATE OF THE FILING OF THE PETITION;~~

~~2.    THAT THE APPLICANT HAS BEEN EVALUATED AND THE SIGNATORY REASONABLY BELIEVES THAT THE APPLICANT IS COMPETENT TO UNDERSTAND AND COMPLY WITH THE RULES, REGULATIONS, AND LAW GOVERNING FIREARM OWNERSHIP AND POSSESSION AND THE RISKS AND RESPONSIBILITIES INHERENT TO FIREARM OWNERSHIP;~~

~~3.    THAT THERE IS NO REASON TO BELIEVE THAT THE PERSON WILL BECOME INCOMPETENT IN THE FORESEEABLE FUTURE;~~

~~4.    AN OPINION AS TO WHETHER THE APPLICANT WILL BE LIKELY TO ACT IN A MANNER THAT IS DANGEROUS TO SELF OR PUBLIC SAFETY; AND~~

~~5.    AN OPINION ON WHETHER GRANTING A FIREARM HANDGUN QUALIFICATION LICENSE UNDER § 5–117 § 5–117.1 OF THIS SUBTITLE OR AUTHORIZING A PERSON TO POSSESS A RIFLE OR SHOTGUN WOULD BE CONTRARY TO THE PUBLIC INTEREST;~~

~~(III)    A SIGNED AUTHORIZATION, ON A FORM APPROVED BY THE HEALTH DEPARTMENT ALLOWING THE HEALTH DEPARTMENT TO ACCESS ALL RELEVANT HEALTH CARE, MENTAL HEALTH, DISABILITY, GUARDIANSHIP, AND CRIMINAL JUSTICE RECORDS, INCLUDING COURT ORDERED OR REQUIRED MENTAL HEALTH RECORDS, OF THE APPLICANT FOR USE WITH THE DISQUALIFICATION AND HEARING PROCESS;~~

~~(IV)    THREE STATEMENTS ON A FORM DESIGNATED BY THE HEALTH DEPARTMENT ATTESTING TO THE APPLICANT'S REPUTATION AND CHARACTER RELEVANT TO FIREARM OWNERSHIP OR POSSESSION; AND~~

~~(V)    ANY OTHER INFORMATION REQUIRED BY THE HEALTH DEPARTMENT.~~

~~(3)    (I)    AT LEAST TWO OF THE STATEMENTS REQUIRED UNDER PARAGRAPH (2)(IV) OF THIS SUBSECTION SHALL BE PROVIDED BY AN INDIVIDUAL WHO IS NOT RELATED TO THE APPLICANT.~~

~~(II)    STATEMENTS PROVIDED UNDER PARAGRAPH (2)(IV) OF THIS SUBSECTION MUST BE SIGNED AND DATED WITHIN 30 DAYS OF~~

SUBMISSION TO THE HEALTH DEPARTMENT AND PROVIDE CONTACT INFORMATION FOR EACH INDIVIDUAL PROVIDING A STATEMENT.

(4) IF THE APPLICANT IS PROHIBITED FROM FIREARM OWNERSHIP UNDER § 5–133(B)(9) § 5–133(B)(11) § 5–133(B)(12) OF THIS SUBTITLE OR § 5–205(B)(11) § 5–205(B)(12) OF THIS TITLE, THE FOLLOWING ADDITIONAL INFORMATION SHALL BE INCLUDED IN AN APPLICATION FOR RELIEF FROM THE PROHIBITION:

(I) A COPY OF ALL PLEADINGS, AFFIDAVITS, AND CERTIFICATES SUBMITTED INTO EVIDENCE AT THE GUARDIANSHIP PROCEEDING; AND

(II) ALL ORDERS ISSUED BY THE COURT RELATING TO THE GUARDIANSHIP, INCLUDING, IF APPLICABLE, AN ORDER INDICATING THAT THE GUARDIANSHIP IS NO LONGER IN EFFECT.

(5) IF THE APPLICANT IS PROHIBITED FROM FIREARM OWNERSHIP UNDER § 5–133(B)(6), (7), OR (8) (8), (9), OR (10) (10), OR (11) OF THIS SUBTITLE OR § 5–205(B)(6), (7), (8), (9), OR (10) (10), OR (11) OF THIS TITLE, THE CERTIFICATE REQUIRED UNDER PARAGRAPH (2)(II) OF THIS SUBSECTION SHALL ALSO INCLUDE:

(I) AN OPINION AS TO WHETHER THE APPLICANT HAS SYMPTOMS OF A MENTAL DISORDER OR DEVELOPMENTAL DISABILITY THAT CAUSES THE APPLICANT TO BE A DANGER TO SELF OR OTHERS;

(II) IF THE APPLICANT HAS NO SYMPTOMS THAT CAUSE THE APPLICANT TO BE A DANGER, HOW MANY MONTHS THE APPLICANT HAS NOT HAD SYMPTOMS OF A MENTAL DISORDER OR DEVELOPMENTAL DISABILITY THAT CAUSED THE APPLICANT TO BE A DANGER TO SELF OR OTHERS;

(III) THE TIME PERIOD THE APPLICANT HAS BEEN COMPLIANT WITH TREATMENT RECOMMENDATIONS FOR THE INDIVIDUAL'S MENTAL ILLNESS;

(IV) THE NAME, ADDRESS, AND TELEPHONE NUMBER OF ALL MENTAL HEALTH PROVIDERS OR SERVICE PROVIDERS SEEN WITHIN THE LAST 12 MONTHS;

(V) IF THE APPLICANT WAS FOUND NOT GUILTY BY REASON OF INSANITY OR NOT CRIMINALLY RESPONSIBLE, A STATEMENT ATTESTING TO

MARTIN O'MALLEY, Governor                    Ch. 427

~~WHETHER THE APPLICANT IS ON CONDITIONAL RELEASE UNDER § 3–114 OF THE CRIMINAL PROCEDURE ARTICLE; AND~~

~~(VI)    IF THE APPLICANT WAS FOUND NOT COMPETENT TO STAND TRIAL AND DANGEROUS, A WRITTEN STATEMENT REGARDING THE STATUS OF THE RELATED CRIMINAL CHARGE.~~

~~(E)    THE HEALTH DEPARTMENT MAY NOT APPROVE AN APPLICATION UNDER THIS SECTION IF A DETERMINATION IS MADE THAT:~~

~~(1)    THE APPLICANT SUPPLIED FALSE INFORMATION OR MADE A FALSE STATEMENT;~~

~~(2)    THE APPLICATION IS NOT PROPERLY COMPLETED; OR~~

~~(3)    ON REVIEW OF THE APPLICATION AND SUPPORTING DOCUMENTATION AND ANY OTHER INFORMATION RELATING TO THE APPLICATION REQUESTED BY THE HEALTH DEPARTMENT, THE APPLICANT HAS NOT SHOWN BY CLEAR AND CONVINCING EVIDENCE THAT THE APPLICANT WILL BE UNLIKELY TO ACT IN A MANNER DANGEROUS TO SELF OR PUBLIC SAFETY AND THAT GRANTING A PERMIT TO POSSESS A REGULATED FIREARM OR AUTHORIZING THE POSSESSION OF A RIFLE OR SHOTGUN WOULD NOT BE CONTRARY TO THE PUBLIC INTEREST.~~

~~(F)    (1)    IF THE HEALTH DEPARTMENT DETERMINES THAT THE APPLICATION SHALL BE APPROVED ON REVIEW UNDER SUBSECTION (E)(3) OF THIS SECTION, THE HEALTH DEPARTMENT SHALL PROVIDE THE APPLICANT WITH A CERTIFICATE AFFIRMING THE APPLICANT'S MENTAL COMPETENCE TO POSSESS A REGULATED FIREARM.~~

~~(2)    A CERTIFICATE UNDER THIS SUBSECTION SHALL BE PRESENTED TO THE DEPARTMENT OF STATE POLICE AS EVIDENCE OF THE APPLICANT'S ELIGIBILITY TO POSSESS A REGULATED FIREARM.~~

~~(G)    AN APPLICANT WHO IS AGGRIEVED BY THE ACTION OF THE HEALTH DEPARTMENT MAY REQUEST A HEARING BY WRITING TO THE SECRETARY OF HEALTH AND MENTAL HYGIENE WITHIN 30 DAYS AFTER THE HEALTH DEPARTMENT MAILS THE DECISION TO THE APPLICANT.~~

~~(H)    THE HEARING SHALL BE HELD IN ACCORDANCE WITH TITLE 10, SUBTITLE 2 OF THE STATE GOVERNMENT ARTICLE WITHIN 60 DAYS AFTER THE HEALTH DEPARTMENT RECEIVES THE REQUEST.~~

(I)    IF THE APPLICANT REQUESTS A HEARING, THE ADMINISTRATIVE LAW JUDGE SHALL CONDUCT A HEARING AT WHICH THE APPLICANT MAY TESTIFY AND PROVIDE OTHER EVIDENCE.

(J)    AT A HEARING, THE APPLICANT IS REQUIRED TO PROVIDE EVIDENCE THAT:

(1)    THE APPLICANT DOES NOT HAVE SYMPTOMS OF A MENTAL DISORDER THAT WOULD CAUSE THE APPLICANT TO BE A DANGER TO SELF OR OTHERS AND HAS NOT HAD SYMPTOMS OF A MENTAL DISORDER FOR AT LEAST 6 MONTHS;

(2)    THE APPLICANT DOES NOT HAVE A MENTAL DISORDER OR MENTAL HEALTH CONDITION THAT PREVENTS THE APPLICANT FROM UNDERSTANDING THE RULES, REGULATIONS, AND LAWS GOVERNING FIREARM OWNERSHIP AND POSSESSION, OR THE RESPONSIBILITIES AND RISKS INVOLVED IN FIREARM OWNERSHIP AND POSSESSION;

(3)    THE APPLICANT IS NOT LIKELY TO ACT IN A MANNER DANGEROUS TO PUBLIC SAFETY;

(4)    GRANTING RELIEF WOULD NOT BE CONTRARY TO PUBLIC INTEREST; AND

(5)    THE APPLICANT IS NOT OTHERWISE PROHIBITED FROM OWNING OR POSSESSING A FIREARM.

(K)    AT A HEARING UNDER THIS SECTION, THE HEALTH DEPARTMENT IS A PARTY AND SHALL PROVIDE EVIDENCE REGARDING:

(1)    THE CIRCUMSTANCES UNDER WHICH THE FIREARMS PROHIBITION WAS IMPOSED UNDER STATE OR FEDERAL LAW; AND

(2)    THE APPLICANT'S RECORD, INCLUDING THE APPLICANT'S MENTAL HEALTH AND CRIMINAL HISTORY RECORDS.

(L)    IF THE ADMINISTRATIVE LAW JUDGE FINDS THAT THE APPLICANT HAS MET, BY CLEAR AND CONVINCING EVIDENCE, THE STANDARDS OF SUBSECTION (J) OF THIS SECTION THE ADMINISTRATIVE LAW JUDGE SHALL:

(1)    ISSUE A WRITTEN DETERMINATION THAT THE APPLICANT IS RELIEVED FROM THE FIREARMS DISQUALIFICATION IMPOSED BY 18 U.S.C. § 922(D)(4) AND (G)(4) AND § 5–133(B)(6), (7), (8), OR (9) (9), (10), OR (11) (11),

MARTIN O'MALLEY, Governor                    Ch. 427

OR (12) OF THIS SUBTITLE OR § 5–205(B)(6), (7), (8), (9), (10), OR (11) (11), OR (12) OF THIS TITLE; AND

(2)    PROVIDE TO THE NICS INDEX, THROUGH A SECURE DATA PORTAL APPROVED BY THE DEPARTMENT OF STATE POLICE PUBLIC SAFETY AND CORRECTIONAL SERVICES:

(I)    THE NAME AND IDENTIFYING INFORMATION OF THE APPLICANT; AND

(II)    THE DATE OF THE DETERMINATION.

(M)    AN APPLICANT OR THE HEALTH DEPARTMENT MAY SEEK JUDICIAL REVIEW OF A DETERMINATION OF THE ADMINISTRATIVE LAW JUDGE ON AN APPLICATION UNDER THIS SECTION FOR RELIEF FROM A FIREARMS PROHIBITION IN ACCORDANCE WITH §§ 10–222 AND 10–223 OF THE STATE GOVERNMENT ARTICLE.

(N)    AFTER A DETERMINATION ON THE MERITS OF A HEARING REQUESTED UNDER THIS SECTION, AN APPLICANT MAY NOT REQUEST A SUBSEQUENT HEARING WITHIN 1 YEAR AFTER THE COMPLETION OF THE HEARING PROCESS AND ANY JUDICIAL REVIEW OF THE ADMINISTRATIVE DECISION.

(O)    THE HEALTH DEPARTMENT SHALL ENTER INTO A MEMORANDUM OF UNDERSTANDING WITH THE DEPARTMENT OF STATE POLICE TO ASSIST IN CLINICAL CONSULTATION AND IMPLEMENTATION OF THIS SECTION.

*5–133.3.*

(A)    IN THIS SECTION, "HEALTH DEPARTMENT" MEANS THE DEPARTMENT OF HEALTH AND MENTAL HYGIENE.

(B)    A PERSON SUBJECT TO A REGULATED FIREARMS DISQUALIFICATION UNDER § 5–133(B)(6), (7), (8), (9), (10), OR (11) OF THIS SUBTITLE, A RIFLE OR SHOTGUN DISQUALIFICATION UNDER § 5–205(B)(6), (7), (8), (9), (10), OR (11) OF THIS TITLE, OR PROHIBITED FROM THE SHIPMENT, TRANSPORTATION, POSSESSION, OR RECEIPT OF A FIREARM BY 18 U.S.C. §§ 922(D)(4) OR (G)(4) AS A RESULT OF AN ADJUDICATION OR COMMITMENT THAT OCCURRED IN THE STATE MAY BE AUTHORIZED TO POSSESS A FIREARM IF:

(1)    THE PERSON IS NOT SUBJECT TO ANOTHER FIREARMS RESTRICTION UNDER STATE OR FEDERAL LAW; AND

– 47 –

*(2)    THE HEALTH DEPARTMENT, IN ACCORDANCE WITH THIS SECTION, DETERMINES THAT THE PERSON MAY POSSESS A FIREARM.*

*(C)    A PERSON WHO SEEKS RELIEF FROM A FIREARMS DISQUALIFICATION SHALL FILE AN APPLICATION WITH THE HEALTH DEPARTMENT IN THE FORM AND MANNER SET BY THE HEALTH DEPARTMENT.*

*(D)    AN APPLICATION FOR RELIEF FROM A FIREARMS DISQUALIFICATION SHALL INCLUDE:*

*(1)    A COMPLETE AND ACCURATE STATEMENT EXPLAINING THE REASON WHY THE APPLICANT IS PROHIBITED FROM POSSESSING A REGULATED FIREARM UNDER § 5–133(B)(6), (7), (8), (9), (10), OR (11) OF THIS SUBTITLE OR A RIFLE OR SHOTGUN UNDER § 5–205(B)(6), (7), (8), (9), (10), OR (11) OF THIS TITLE, OR IS PROHIBITED FROM THE SHIPMENT, TRANSPORTATION, POSSESSION, OR RECEIPT OF A FIREARM BY 18 U.S.C. §§ 922(D)(4) OR (G)(4) AS A RESULT OF AN ADJUDICATION OR COMMITMENT THAT OCCURRED IN THE STATE;*

*(2)    A STATEMENT WHY THE APPLICANT SHOULD BE RELIEVED FROM THE PROHIBITION DESCRIBED IN ITEM (1) OF THIS SUBSECTION;*

*(3)    IF THE APPLICANT IS SUBJECT TO A PROHIBITION DESCRIBED IN ITEM (1) OF THIS SUBSECTION, A CERTIFICATE ISSUED WITHIN 30 DAYS OF THE SUBMISSION OF THE APPLICATION ON A FORM APPROVED BY THE HEALTH DEPARTMENT AND SIGNED BY AN INDIVIDUAL LICENSED IN THE STATE AS A PHYSICIAN WHO IS BOARD CERTIFIED IN PSYCHIATRY OR AS A PSYCHOLOGIST STATING:*

*(I)    THE LENGTH OF TIME THAT THE APPLICANT HAS NOT HAD SYMPTOMS THAT CAUSE THE APPLICANT TO BE A DANGER TO THE APPLICANT OR OTHERS, OR, IF THE DISQUALIFICATION RELATES TO AN INTELLECTUAL DISABILITY, THE LENGTH OF TIME THAT THE APPLICANT HAS NOT ENGAGED IN BEHAVIORS THAT CAUSE THE APPLICANT TO BE A DANGER TO THE APPLICANT OR OTHERS;*

*(II)    THE LENGTH OF TIME THAT THE APPLICANT HAS BEEN COMPLIANT WITH THE TREATMENT PLAN FOR THE APPLICANT'S MENTAL ILLNESS, OR, IF THE DISQUALIFICATION RELATES TO AN INTELLECTUAL DISABILITY, THE LENGTH OF TIME THAT THE APPLICANT HAS BEEN COMPLIANT WITH ANY BEHAVIOR PLAN OR BEHAVIOR MANAGEMENT PLAN;*

MARTIN O'MALLEY, Governor                    Ch. 427

*(III)   AN OPINION AS TO WHETHER THE APPLICANT, BECAUSE OF MENTAL ILLNESS, WOULD BE A DANGER TO THE APPLICANT IF ALLOWED TO POSSESS A FIREARM AND A STATEMENT OF REASONS FOR THE OPINION; AND*

*(IV)   AN OPINION AS TO WHETHER THE APPLICANT, BECAUSE OF MENTAL ILLNESS, WOULD BE A DANGER TO ANOTHER PERSON OR POSES A RISK TO PUBLIC SAFETY IF ALLOWED TO POSSESS A FIREARM;*

*(4)   IF THE APPLICANT IS PROHIBITED FROM POSSESSING A FIREARM UNDER § 5–133(B)(11) OF THIS SUBTITLE OR § 5–205(B)(11) OF THIS TITLE:*

*(I)   A COPY OF ALL PLEADINGS, AFFIDAVITS, AND CERTIFICATES SUBMITTED INTO EVIDENCE AT THE GUARDIANSHIP PROCEEDING; AND*

*(II)   ALL ORDERS ISSUED BY THE COURT RELATING TO THE GUARDIANSHIP, INCLUDING, IF APPLICABLE, AN ORDER INDICATING THAT THE GUARDIANSHIP IS NO LONGER IN EFFECT;*

*(5)   A SIGNED AUTHORIZATION, ON A FORM APPROVED BY THE HEALTH DEPARTMENT, ALLOWING THE HEALTH DEPARTMENT TO ACCESS ANY RELEVANT HEALTH CARE, MENTAL HEALTH, DISABILITY, GUARDIANSHIP, AND CRIMINAL JUSTICE RECORDS, INCLUDING COURT ORDERED OR REQUIRED MENTAL HEALTH RECORDS, OF THE APPLICANT FOR USE IN DETERMINING WHETHER THE APPLICANT SHOULD BE RELIEVED FROM A FIREARMS DISQUALIFICATION;*

*(6)   THREE STATEMENTS SIGNED AND DATED WITHIN 30 DAYS OF SUBMISSION TO THE HEALTH DEPARTMENT ON A FORM DESIGNATED BY THE HEALTH DEPARTMENT ATTESTING TO THE APPLICANT'S REPUTATION AND CHARACTER RELEVANT TO FIREARM OWNERSHIP OR POSSESSION INCLUDING:*

*(I)   AT LEAST TWO STATEMENTS PROVIDED BY AN INDIVIDUAL WHO IS NOT RELATED TO THE APPLICANT; AND*

*(II)   CONTACT INFORMATION FOR EACH INDIVIDUAL PROVIDING A STATEMENT; AND*

*(7)   ANY OTHER INFORMATION REQUIRED BY THE HEALTH DEPARTMENT.*

*(E)   THE HEALTH DEPARTMENT MAY NOT APPROVE AN APPLICATION UNDER THIS SECTION IF A DETERMINATION IS MADE THAT:*

*(1)    THE APPLICANT SUPPLIED INCOMPLETE OR FALSE INFORMATION OR MADE A FALSE STATEMENT;*

*(2)    THE APPLICATION IS NOT PROPERLY COMPLETED; OR*

*(3)    ON REVIEW OF THE APPLICATION AND SUPPORTING DOCUMENTATION AND ANY OTHER INFORMATION RELATING TO THE APPLICATION REQUESTED BY THE HEALTH DEPARTMENT, INCLUDING ANY CRIMINAL HISTORY RECORDS AND MENTAL HEALTH RECORDS OF THE APPLICANT, THE APPLICANT HAS NOT SHOWN BY A PREPONDERANCE OF THE EVIDENCE THAT THE APPLICANT WILL BE UNLIKELY TO ACT IN A MANNER DANGEROUS TO THE APPLICANT OR TO PUBLIC SAFETY AND THAT GRANTING A LICENSE TO POSSESS A REGULATED FIREARM OR AUTHORIZING THE POSSESSION OF A RIFLE OR SHOTGUN WOULD NOT BE CONTRARY TO THE PUBLIC INTEREST.*

*(F)    (1)    IF THE HEALTH DEPARTMENT DETERMINES THAT THE APPLICATION SHALL BE APPROVED, THE HEALTH DEPARTMENT SHALL PROVIDE THE APPLICANT WITH A CERTIFICATE AFFIRMING THE APPLICANT'S MENTAL COMPETENCE TO POSSESS A FIREARM.*

*(2)    A CERTIFICATE PROVIDED UNDER PARAGRAPH (1) OF THIS SUBSECTION OR A WRITTEN STATEMENT THAT THE INDIVIDUAL IS NOT MENTALLY COMPETENT TO POSSESS A FIREARM SHALL BE PROVIDED TO THE APPLICANT WITHIN 60 DAYS FROM THE HEALTH DEPARTMENT'S RECEIPT OF A COMPLETED APPLICATION, WHICH INCLUDES ANY RECORDS NECESSARY TO REVIEW AN APPLICATION.*

*(3)    A CERTIFICATE ISSUED UNDER PARAGRAPH (1) OF THIS SUBSECTION SHALL BE PRESENTED TO THE DEPARTMENT OF STATE POLICE AS EVIDENCE OF THE APPLICANT'S ELIGIBILITY TO POSSESS A FIREARM.*

*(G)    (1)    AN APPLICANT WHO IS AGGRIEVED BY THE ACTION OF THE HEALTH DEPARTMENT UNDER SUBSECTION (E) OF THIS SECTION MAY REQUEST A HEARING IN WRITING TO THE SECRETARY OF HEALTH AND MENTAL HYGIENE WITHIN 30 DAYS AFTER THE HEALTH DEPARTMENT MAILS NOTICE OF THE DECISION TO THE APPLICANT.*

*(2)    (I)    THE HEARING REQUESTED UNDER PARAGRAPH (1) OF THIS SUBSECTION SHALL BE HELD IN ACCORDANCE WITH TITLE 10, SUBTITLE 2 OF THE STATE GOVERNMENT ARTICLE WITHIN 60 DAYS AFTER THE HEALTH DEPARTMENT RECEIVES THE REQUEST.*

MARTIN O'MALLEY, Governor                                    Ch. 427

*(II)   AT THE HEARING, THE INFORMATION DESCRIBED IN SUBSECTIONS (D) AND (E) OF THIS SECTION SHALL BE CONSIDERED AND USED TO DETERMINE WHETHER THE APPLICANT, IF ALLOWED TO POSSESS A FIREARM, WOULD NOT BE LIKELY TO ACT IN A MANNER DANGEROUS TO THE PUBLIC SAFETY AND WHETHER GRANTING THE RELIEF WOULD NOT BE CONTRARY TO THE PUBLIC INTEREST.*

*(3)   (I)   JUDICIAL REVIEW OF THE DETERMINATION ON AN APPLICATION UNDER THIS SECTION FOR RELIEF FROM A FIREARMS PROHIBITION MAY BE SOUGHT IN ACCORDANCE WITH §§ 10–222 AND 10–223 OF THE STATE GOVERNMENT ARTICLE.*

*(II)   NOTWITHSTANDING THE PROVISIONS OF § 10–222 OF THE STATE GOVERNMENT ARTICLE, THE CIRCUIT COURT MAY GIVE DEFERENCE TO THE FINAL DECISION OF THE HEALTH DEPARTMENT AND MAY IN ITS DISCRETION RECEIVE ADDITIONAL EVIDENCE THAT IT DETERMINES TO BE NECESSARY TO CONDUCT AN ADEQUATE REVIEW.*

*(H)   THE BOARD OF REVIEW OF THE HEALTH DEPARTMENT DOES NOT HAVE JURISDICTION TO REVIEW A FINAL DECISION OF THE HEALTH DEPARTMENT UNDER THIS SECTION.*

*(I)   AFTER A DETERMINATION ON THE MERITS OF A HEARING REQUESTED UNDER THIS SECTION, AN APPLICANT MAY NOT REQUEST A SUBSEQUENT HEARING WITHIN 1 YEAR AFTER THE COMPLETION OF THE HEARING PROCESS AND ANY JUDICIAL REVIEW OF THE ADMINISTRATIVE DECISION.*

*(J)   THE SECRETARY OF HEALTH AND MENTAL HYGIENE MAY ADOPT REGULATIONS ESTABLISHING FEES TO COVER THE ADMINISTRATIVE COSTS ASSOCIATED WITH THE IMPLEMENTATION OF THIS SECTION.*

*(K)   AN INDIVIDUAL LICENSED IN THE STATE AS A PHYSICIAN WHO IS BOARD CERTIFIED IN PSYCHIATRY, OR A PSYCHOLOGIST WHO, IN GOOD FAITH AND WITH REASONABLE GROUNDS, ACTS IN COMPLIANCE WITH THIS SECTION, MAY NOT BE HELD CIVILLY OR CRIMINALLY LIABLE FOR ACTIONS AUTHORIZED BY THIS SECTION.*

**5–143.**

(A)   (1)   A PERSON WHO MOVES INTO THE STATE WITH THE INTENT OF BECOMING A RESIDENT SHALL REGISTER ALL REGULATED FIREARMS WITH THE SECRETARY WITHIN ~~30~~ *90* DAYS AFTER ESTABLISHING RESIDENCY.

(2)    THE SECRETARY SHALL PREPARE AND, ON REQUEST OF AN APPLICANT, PROVIDE AN APPLICATION FORM FOR REGISTRATION UNDER THIS SECTION.

(B)    AN APPLICATION FOR REGISTRATION UNDER THIS SECTION SHALL CONTAIN:

(1)    THE MAKE, MODEL, MANUFACTURER'S SERIAL NUMBER, CALIBER, TYPE, BARREL LENGTH, FINISH, AND COUNTRY OF ORIGIN OF ~~THE~~ _EACH_ REGULATED FIREARM; AND

(2)    THE FIREARM APPLICANT'S NAME, ADDRESS, SOCIAL SECURITY NUMBER, PLACE AND DATE OF BIRTH, HEIGHT, WEIGHT, RACE, EYE AND HAIR COLOR, SIGNATURE, DRIVER'S OR PHOTOGRAPHIC IDENTIFICATION SOUNDEX NUMBER, AND OCCUPATION.

(C)    ~~EACH~~ _AN_ APPLICATION FOR REGISTRATION FILED WITH THE SECRETARY OF STATE POLICE SHALL BE ACCOMPANIED BY A NONREFUNDABLE _TOTAL_ REGISTRATION FEE OF $15_, REGARDLESS OF THE NUMBER OF FIREARMS REGISTERED_.

(D)    REGISTRATION DATA PROVIDED UNDER THIS SECTION IS NOT OPEN TO PUBLIC INSPECTION.

[5–143.] **5–144.**

(a)    Except as otherwise provided in this subtitle, a dealer or other person may not:

(1)    knowingly participate in the illegal sale, rental, transfer, purchase, possession, or receipt of a regulated firearm in violation of this subtitle; or

(2)    knowingly violate § 5–142 of this subtitle.

(b)    A person who violates this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 5 years or a fine not exceeding $10,000 or both.

(c)    Each violation of this section is a separate crime.

**<u>5–145.</u>**

(A)   (1)   A LICENSED DEALER SHALL KEEP RECORDS OF ALL RECEIPTS, SALES, AND OTHER DISPOSITIONS OF FIREARMS AFFECTED IN CONNECTION WITH THE LICENSED DEALER'S BUSINESS.

(2)   THE SECRETARY SHALL ADOPT REGULATIONS SPECIFYING:

(I)   SUBJECT TO PARAGRAPH (3) OF THIS SUBSECTION, THE INFORMATION THAT THE RECORDS SHALL CONTAIN;

(II)   THE TIME PERIOD FOR WHICH THE RECORDS ARE TO BE KEPT; AND

(III)   THE FORM IN WHICH THE RECORDS ARE TO BE KEPT.

(3)   THE RECORDS SHALL INCLUDE:

(I)   THE NAME AND ADDRESS OF EACH PERSON FROM WHOM THE DEALER ACQUIRES A FIREARM AND TO WHOM THE DEALER SELLS OR OTHERWISE DISPOSES OF A FIREARM;

(II)   A PRECISE DESCRIPTION, INCLUDING MAKE, MODEL, CALIBER, AND SERIAL NUMBER OF EACH FIREARM ACQUIRED, SOLD, OR OTHERWISE DISPOSED OF; AND

(III)   THE DATE OF EACH ACQUISITION, SALE, OR OTHER DISPOSITION.

(4)   ~~THE SECRETARY MAY PROVIDE THAT RECORDS~~ *RECORDS* MAINTAINED UNDER 18 U.S.C. § 923(G)(1)(A) MAY BE USED TO SATISFY THE REQUIREMENTS OF THIS SECTION, *IF THE SECRETARY IS GRANTED ACCESS TO THOSE RECORDS.*

(B)   (1)   WHEN REQUIRED BY A LETTER ISSUED BY THE SECRETARY, A LICENSEE SHALL SUBMIT TO THE SECRETARY THE INFORMATION REQUIRED TO BE KEPT UNDER SUBSECTION (A) OF THIS SECTION FOR THE TIME PERIODS SPECIFIED BY THE SECRETARY.

(2)   THE SECRETARY SHALL DETERMINE THE FORM AND METHOD BY WHICH THE RECORDS SHALL BE MAINTAINED.

(C)   WHEN A FIREARMS BUSINESS IS DISCONTINUED AND SUCCEEDED BY A NEW LICENSEE, THE RECORDS REQUIRED TO BE KEPT UNDER THIS SECTION SHALL REFLECT THE BUSINESS DISCONTINUANCE AND SUCCESSION AND SHALL BE DELIVERED TO THE SUCCESSOR LICENSEE.

**(D)** **(1)** A LICENSEE SHALL RESPOND WITHIN 48 HOURS AFTER RECEIPT OF A REQUEST FROM THE SECRETARY FOR INFORMATION CONTAINED IN THE RECORDS REQUIRED TO BE KEPT UNDER THIS SECTION WHEN THE INFORMATION IS REQUESTED IN CONNECTION WITH A BONA FIDE CRIMINAL INVESTIGATION.

**(2)** THE INFORMATION REQUESTED UNDER THIS SUBSECTION SHALL BE PROVIDED ORALLY OR IN WRITING, AS REQUIRED BY THE SECRETARY.

**(3)** THE SECRETARY MAY IMPLEMENT A SYSTEM BY WHICH A LICENSEE CAN POSITIVELY ESTABLISH THAT A PERSON REQUESTING INFORMATION BY TELEPHONE IS AUTHORIZED BY THE SECRETARY TO REQUEST THE INFORMATION.

**(E)** THE SECRETARY MAY MAKE AVAILABLE TO A FEDERAL, STATE, OR LOCAL LAW ENFORCEMENT AGENCY ANY INFORMATION THAT THE SECRETARY OBTAINS UNDER THIS SECTION RELATING TO THE IDENTITIES OF PERSONS WHO HAVE UNLAWFULLY PURCHASED OR RECEIVED FIREARMS.

**(F)** THE SECRETARY:

**(1)** SHALL INSPECT THE INVENTORY AND RECORDS OF A LICENSED DEALER AT LEAST ONCE EVERY 2 YEARS; AND

**(2)** MAY INSPECT THE INVENTORY AND RECORDS AT ANY TIME DURING THE NORMAL BUSINESS HOURS OF THE LICENSED DEALER'S BUSINESS.

**(G)** **(1)** A PERSON WHO VIOLATES THIS SECTION IS SUBJECT TO A CIVIL PENALTY NOT EXCEEDING $1,000 IMPOSED BY THE SECRETARY.

**(2)** FOR A SECOND OR SUBSEQUENT OFFENSE, A PERSON WHO KNOWINGLY VIOLATES THIS SECTION IS GUILTY OF A MISDEMEANOR AND IS SUBJECT TO IMPRISONMENT NOT EXCEEDING 3 YEARS OR A FINE NOT EXCEEDING $10,000 OR BOTH.

***(3)*** *THE PENALTIES PROVIDED IN THIS SUBSECTION ARE NOT INTENDED TO APPLY TO INCONSEQUENTIAL OR INADVERTENT ERRORS.*

***5–146.***

*(A)     A DEALER OR ANY OTHER PERSON WHO SELLS OR TRANSFERS A REGULATED FIREARM SHALL NOTIFY THE PURCHASER OR RECIPIENT OF THE REGULATED FIREARM AT THE TIME OF PURCHASE OR TRANSFER THAT THE PURCHASER OR RECIPIENT IS REQUIRED TO REPORT A LOST OR STOLEN REGULATED FIREARM TO THE LOCAL LAW ENFORCEMENT AGENCY AS REQUIRED UNDER SUBSECTION (B) OF THIS SECTION.*

*(B)     IF A REGULATED FIREARM IS LOST OR STOLEN, THE OWNER OF THE REGULATED FIREARM SHALL REPORT THE LOSS OR THEFT TO THE LOCAL LAW ENFORCEMENT AGENCY WITHIN 72 HOURS AFTER THE OWNER FIRST DISCOVERS THE LOSS OR THEFT.*

*(C)     ON RECEIPT OF A REPORT OF A LOST OR STOLEN REGULATED FIREARM, A LOCAL LAW ENFORCEMENT AGENCY SHALL REPORT TO THE SECRETARY AND ENTER INTO THE NATIONAL CRIME INFORMATION CENTER (NCIC) DATABASE, TO THE EXTENT KNOWN, THE CALIBER, MAKE, MODEL, MANUFACTURER, AND SERIAL NUMBER OF THE REGULATED FIREARM AND ANY OTHER DISTINGUISHING NUMBER OR IDENTIFICATION MARK ON THE REGULATED FIREARM.*

*(D)     (1)     A KNOWING AND WILLFUL FIRST–TIME VIOLATION OF THIS SECTION IS A CIVIL OFFENSE PUNISHABLE BY A FINE NOT EXCEEDING $500.*

*(2)     A PERSON WHO KNOWINGLY AND WILLFULLY VIOLATES THIS SECTION FOR A SECOND OR SUBSEQUENT TIME IS GUILTY OF A MISDEMEANOR AND ON CONVICTION IS SUBJECT TO IMPRISONMENT NOT EXCEEDING 90 DAYS OR A FINE NOT EXCEEDING $500 OR BOTH.*

*(E)     THE IMPOSITION OF A CIVIL OR CRIMINAL PENALTY UNDER THIS SECTION DOES NOT PRECLUDE THE PURSUIT OF ANY OTHER CIVIL REMEDY OR CRIMINAL PROSECUTION AUTHORIZED BY LAW.*

5–205.

(A)     THIS SUBTITLE DOES NOT APPLY TO A RIFLE OR SHOTGUN THAT IS AN ANTIQUE FIREARM AS DEFINED IN § 4–201 OF THE CRIMINAL LAW ARTICLE.

(B)     A PERSON MAY NOT POSSESS A RIFLE OR SHOTGUN IF THE PERSON:

(1)     HAS BEEN CONVICTED OF A DISQUALIFYING CRIME AS DEFINED IN § 5–101 OF THIS TITLE;

(2)    HAS BEEN CONVICTED OF A VIOLATION CLASSIFIED AS A CRIME UNDER COMMON LAW AND RECEIVED A TERM OF IMPRISONMENT OF MORE THAN 2 YEARS;

(3)    IS A FUGITIVE FROM JUSTICE;

(4)    IS A HABITUAL DRUNKARD AS DEFINED IN § 5–101 OF THIS TITLE;

(5)    IS ADDICTED TO A CONTROLLED DANGEROUS SUBSTANCE OR IS A HABITUAL USER AS DEFINED IN § 5–101 OF THIS TITLE;

(6)    SUFFERS FROM A MENTAL DISORDER AS DEFINED IN § 10–101(F)(2) OF THE HEALTH – GENERAL ARTICLE AND HAS A HISTORY OF VIOLENT BEHAVIOR AGAINST THE PERSON OR ANOTHER, ~~UNLESS THE PERSON HAS A PHYSICIAN'S CERTIFICATE THAT THE PERSON IS CAPABLE OF POSSESSING A REGULATED FIREARM WITHOUT UNDUE DANGER TO THE PERSON OR TO ANOTHER~~;

(7)    HAS BEEN FOUND INCOMPETENT TO STAND TRIAL UNDER § 3–106 OF THE CRIMINAL PROCEDURE ARTICLE;

(8)    HAS BEEN FOUND NOT CRIMINALLY RESPONSIBLE UNDER § 3–110 OF THE CRIMINAL PROCEDURE ARTICLE;

(9)    ~~HAS BEEN BEFORE OCTOBER 1, 2013, WAS~~ *HAS BEEN* VOLUNTARILY ADMITTED FOR MORE THAN 30 CONSECUTIVE DAYS TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE;

(10)    ~~HAS BEEN ADMITTED TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE AS THE RESULT OF AN EMERGENCY EVALUATION UNDER § 10–622 OF THE HEALTH – GENERAL ARTICLE, UNLESS THE PERSON HAS A CERTIFICATE FROM THE FACILITY THAT THE PERSON IS CAPABLE OF POSSESSING A REGULATED FIREARM WITHOUT UNDUE DANGER TO THE PERSON OR TO ANOTHER;~~

~~(10)~~ ~~(11)~~ *(10)*    HAS BEEN INVOLUNTARILY COMMITTED TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE;

~~(11)~~ ~~(12)~~ *(11)*    IS UNDER THE PROTECTION OF A GUARDIAN APPOINTED BY A COURT UNDER § 13–201(C) OR § 13–705 OF THE ESTATES AND TRUSTS ARTICLE, *EXCEPT FOR CASES IN WHICH THE APPOINTMENT OF A GUARDIAN IS SOLELY A RESULT OF A PHYSICAL DISABILITY*;

MARTIN O'MALLEY, Governor                    Ch. 427

(6) (12) (13) *(12)* EXCEPT AS PROVIDED IN SUBSECTION (C) OF THIS SECTION, IS A RESPONDENT AGAINST WHOM:

(I)   A CURRENT NON EX PARTE CIVIL PROTECTIVE ORDER HAS BEEN ENTERED UNDER § 4–506 OF THE FAMILY LAW ARTICLE; OR

(II)   AN ORDER FOR PROTECTION, AS DEFINED IN § 4–508.1 OF THE FAMILY LAW ARTICLE, HAS BEEN ISSUED BY A COURT OF ANOTHER STATE OR A NATIVE AMERICAN TRIBE AND IS IN EFFECT; OR

(7) (13) (14) *(13)* IF UNDER THE AGE OF 30 YEARS AT THE TIME OF POSSESSION, HAS BEEN ADJUDICATED DELINQUENT BY A JUVENILE COURT FOR AN ACT THAT WOULD BE A DISQUALIFYING CRIME IF COMMITTED BY AN ADULT.

[(a)] (C)   Unless the person possesses a physician's certificate that the person is capable of possessing a rifle or shotgun without undue danger to the person or to another, a person may not possess a rifle or shotgun if the person:

(1)   suffers from a mental disorder as defined in § 10–101(f)(2) of the Health – General Article and has a history of violent behavior against the person or another; or

(2)   has been confined for more than 30 consecutive days in a facility as defined in § 10–101 of the Health – General Article.

(D) (C)   THIS SECTION DOES NOT APPLY TO A PERSON TRANSPORTING A RIFLE OR SHOTGUN IF THE PERSON IS CARRYING A CIVIL PROTECTIVE ORDER REQUIRING THE SURRENDER OF THE RIFLE OR SHOTGUN AND:

(1)   THE RIFLE OR SHOTGUN IS UNLOADED;

(2)   THE PERSON HAS NOTIFIED THE LAW ENFORCEMENT UNIT, BARRACKS, OR STATION THAT THE RIFLE OR SHOTGUN IS BEING TRANSPORTED IN ACCORDANCE WITH THE CIVIL PROTECTIVE ORDER; AND

(3)   THE PERSON TRANSPORTS THE RIFLE OR SHOTGUN DIRECTLY TO THE LAW ENFORCEMENT UNIT, BARRACKS, OR STATION.

[(b)] (E) (D) A person who violates this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 3 years or a fine not exceeding $1,000 or both.

(E)   A PERSON WHO IS DISQUALIFIED FROM OWNING A RIFLE OR SHOTGUN UNDER SUBSECTION (B)(6), (7), (8), (9), (10), OR (11) OF THIS

**SECTION MAY SEEK RELIEF FROM THE DISQUALIFICATION IN ACCORDANCE WITH § 5–133.3 OF THIS TITLE.**

5–206.

(a)     A person may not possess a rifle or shotgun if the person was previously convicted of:

(1)     a crime of violence **AS DEFINED IN § 5–101 OF THIS TITLE**;

(2)     a violation of § 5–602, § 5–603, § 5–604, § 5–605, § 5–612, § 5–613, or § 5–614 of the Criminal Law Article; or

(3)     an offense under the laws of another state or the United States that would constitute one of the crimes listed in item (1) or (2) of this subsection if committed in this State.

(b)     A person who violates this section is guilty of a felony and on conviction is subject to imprisonment not exceeding 15 years.

(c)     Each violation of this subsection is a separate crime.

5–301.

(a)     In this subtitle the following words have the meanings indicated.

(b)     "Board" means the Handgun Permit Review Board.

(c)     "Handgun" has the meaning stated in § 4–201 of the Criminal Law Article.

(d)     "Permit" means a permit issued by the Secretary to carry, wear, or transport a handgun.

**(E)     "QUALIFIED HANDGUN INSTRUCTOR" HAS THE MEANING STATED IN § 5–101 OF THIS TITLE.**

[(e)] **(F)**     "Secretary" means the Secretary of State Police or the Secretary's designee.

5–306.

(a)     Subject to subsection [(b)] **(C)** of this section, the Secretary shall issue a permit within a reasonable time to a person who the Secretary finds:

(1)      is an adult;

(2)      (i)      has not been convicted of a felony or of a misdemeanor for which a sentence of imprisonment for more than 1 year has been imposed; or

(ii)      if convicted of a crime described in item (i) of this item, has been pardoned or has been granted relief under 18 U.S.C. § 925(c);

(3)      has not been convicted of a crime involving the possession, use, or distribution of a controlled dangerous substance;

(4)      is not presently an alcoholic, addict, or habitual user of a controlled dangerous substance unless the habitual use of the controlled dangerous substance is under legitimate medical direction; [and]

**(5)      EXCEPT AS PROVIDED IN SUBSECTION (B) OF THIS SECTION, HAS SUCCESSFULLY COMPLETED PRIOR TO APPLICATION AND EACH RENEWAL, A FIREARMS TRAINING COURSE APPROVED BY THE SECRETARY THAT INCLUDES:**

**(I)      1.      FOR AN INITIAL APPLICATION, A MINIMUM OF 16 HOURS OF INSTRUCTION BY A QUALIFIED HANDGUN INSTRUCTOR; OR**

**2.      FOR A RENEWAL APPLICATION, 8 HOURS OF INSTRUCTION BY A QUALIFIED HANDGUN INSTRUCTOR;**

**(II)      CLASSROOM INSTRUCTION ON:**

**1.      STATE FIREARM LAW;**

**2.      HOME FIREARM SAFETY; AND**

**3.      HANDGUN MECHANISMS AND OPERATION; AND**

**(III)      A FIREARMS QUALIFICATION COMPONENT THAT DEMONSTRATES THE APPLICANT'S PROFICIENCY AND USE OF THE FIREARM; AND**

[(5)] **(6)**      based on an investigation:

(i)      has not exhibited a propensity for violence or instability that may reasonably render the person's possession of a handgun a danger to the person or to another; and

(ii)    has good and substantial reason to wear, carry, or transport a handgun, such as a finding that the permit is necessary as a reasonable precaution against apprehended danger.

(B)    AN APPLICANT FOR A PERMIT IS NOT REQUIRED TO COMPLETE A CERTIFIED FIREARMS TRAINING COURSE UNDER SUBSECTION (A) OF THIS SECTION IF THE APPLICANT:

(1)    IS A LAW ENFORCEMENT OFFICER OR A PERSON WHO IS RETIRED IN GOOD STANDING FROM SERVICE WITH A LAW ENFORCEMENT AGENCY OF THE UNITED STATES, THE STATE, OR ANY LOCAL LAW ENFORCEMENT AGENCY IN THE STATE;

(2)    IS A MEMBER ~~OR,~~ RETIRED MEMBER, OR HONORABLY DISCHARGED MEMBER OF THE ARMED FORCES OF THE UNITED STATES OR THE NATIONAL GUARD~~; OR~~;

(3)    IS ~~CURRENTLY A CERTIFIED FIREARMS INSTRUCTOR WHO:~~

~~(I)    IS RECOGNIZED BY THE MARYLAND POLICE AND CORRECTIONAL TRAINING COMMISSIONS;~~

~~(II)    HAS A QUALIFIED HANDGUN INSTRUCTOR LICENSE ISSUED BY THE SECRETARY; OR~~

~~(III)    HAS A CERTIFICATION ISSUED AND RECOGNIZED BY A NATIONAL ORGANIZATION~~ *A QUALIFIED HANDGUN INSTRUCTOR*; OR

~~(3)~~ (4)    HAS COMPLETED A FIREARMS TRAINING COURSE APPROVED BY THE SECRETARY.

[(b)] (C)    An applicant under the age of 30 years is qualified only if the Secretary finds that the applicant has not been:

(1)    committed to a detention, training, or correctional institution for juveniles for longer than 1 year after an adjudication of delinquency by a juvenile court; or

(2)    adjudicated delinquent by a juvenile court for:

(i)    an act that would be a crime of violence if committed by an adult;

MARTIN O'MALLEY, Governor                    Ch. 427

     (ii) an act that would be a felony in this State if committed by an adult; or

     (iii) an act that would be a misdemeanor in this State that carries a statutory penalty of more than 2 years if committed by an adult.

   **(D)** **THE SECRETARY MAY ISSUE A HANDGUN QUALIFICATION LICENSE, WITHOUT AN ADDITIONAL APPLICATION OR FEE, TO A PERSON WHO:**

    **(1)** **MEETS THE REQUIREMENTS FOR ISSUANCE OF A PERMIT UNDER THIS SECTION; AND**

    **(2)** **DOES NOT HAVE A HANDGUN QUALIFICATION LICENSE ISSUED UNDER § 5–117.1 OF THIS TITLE.**

### *Article – State Government*

*10–616.*

   *(a)* *Unless otherwise provided by law, a custodian shall deny inspection of a public record, as provided in this section.*

   *(V)* *(1)* *EXCEPT AS PROVIDED IN PARAGRAPHS (2) AND (3) OF THIS SUBSECTION, A CUSTODIAN SHALL DENY INSPECTION OF ALL RECORDS OF A PERSON AUTHORIZED TO:*

    *(I)* *SELL, PURCHASE, RENT, OR TRANSFER A REGULATED FIREARM UNDER TITLE 5, SUBTITLE 1 OF THE PUBLIC SAFETY ARTICLE; OR*

    *(II)* *CARRY, WEAR, OR TRANSPORT A HANDGUN UNDER TITLE 5, SUBTITLE 3 OF THE PUBLIC SAFETY ARTICLE.*

   *(2)* *A CUSTODIAN SHALL ALLOW INSPECTION OF FIREARM OR HANDGUN RECORDS BY:*

    *(I)* *THE INDIVIDUAL NAMED IN THE RECORD; OR*

    *(II)* *THE ATTORNEY OF RECORD OF THE INDIVIDUAL NAMED IN THE RECORD.*

   *(3)* *THE PROVISIONS OF THIS SUBSECTION MAY NOT BE CONSTRUED TO PROHIBIT THE DEPARTMENT OF STATE POLICE OR THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES FROM ACCESSING FIREARM OR HANDGUN RECORDS IN THE PERFORMANCE OF THAT DEPARTMENT'S OFFICIAL DUTY.*

*SECTION 2. AND BE IT FURTHER ENACTED, That, on or before October 1, 2013:*

*(a)      The Department of State Police shall investigate illegal transfers, possession, and transport of firearms within the State, including the number and types of firearms seized by the Department of State Police and the best information available as to the source of the seized firearms.*

*(b)      On or before December 31, 2015, the Department of State Police shall report its findings to the Governor and, in accordance with § 2–1246 of the State Government Article, the General Assembly.*

SECTION ~~2.~~ *3.* AND BE IT FURTHER ENACTED, That this Act shall take effect October 1, 2013. *Section 2 of this Act shall remain effective for a period of 3 years and, at the end of September 30, 2016, with no further action required by the General Assembly, Section 2 of this Act shall be abrogated and of no further force and effect.*

**Approved by the Governor, May 16, 2013.**