# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) Case No. 16-cv-3311-MJG |
| v. | ) ) |
| LAWRENCE HOGAN, in his capacity of GOVERNOR OF MARYLAND, *et al.*, | ) ) ) ) |
| Defendants. | |

**PLAINTIFFS' AMENDED RULE 26(a)(1)(A) DISCLOSURES**

COME NOW the Plaintiffs Maryland Shall Issue, Inc., Atlantic Guns, Inc., Deborah Kay Miller, and Susan Brancato Vizas, ("Plaintiffs"), and provide required amended initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)("Amended Initial Disclosures"):

In accordance with Federal Rule of Civil Procedure 26(a)(1)(E), Plaintiffs are making their Amended Initial Disclosures based on information reasonably available to them at this time. These Amended Initial Disclosures reflect only the current state of Plaintiffs' knowledge, understanding, and belief regarding these subjects. Plaintiffs and counsel have not completed their investigation into the facts of this case. By making these Amended Initial Disclosures, Plaintiffs do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this action. Plaintiffs' Amended Initial Disclosures represent a good faith effort to identify their claims or

claims or defenses in this case. Counsel will provide copies of any identified document upon request.

**Rule 26(a)(1)(A)(i)**.  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**Response**: Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Plaintiffs identify the following individuals who may have discoverable information with respect to Plaintiffs' claims or defenses:

1. Plaintiff Maryland Shall Issue, Inc. ("MSI"), for itself and its members

    1332 Cape St. Claire Road, Unit 342
    Annapolis, MD 21409
    (410) 849-9197
    *Contact through undersigned counsel*
    Subjects of discoverable information include but are not limited to: (1) the membership of MSI, which includes individuals who do not possess an HQL, desire to possess a handgun, and who are subject to the HQL requirements; (2) individual members of MSI who, due to the expense and inconvenience of the HQL requirements, have been deterred from purchasing a handgun; (3) individual members of MSI who have an urgent need for a handgun, but who, due to the expense and inconvenience of the HQL requirements, have been deterred from purchasing a handgun; (4) individual members of MSI who hunt for food and are in need of a handgun, but who, due to the expense and inconvenience of the HQL

requirements, have been deterred from purchasing a handgun; (5) individual members of MSI who live in an urban area with no access to Maryland State Police ("MSP") certified handgun trainers and/or a shooting range and are in need of handgun, but who, due to the expense and inconvenience of the HQL live-fire requirement, have been deterred from purchasing a handgun; (6) individual members of MSI who live in an area with no access to MSP approved fingerprint vendors and are in need of a handgun, but who, due to the expense and inconvenience of the HQL live-scan fingerprinting requirements, have been deterred from purchasing a handgun.

2. Plaintiff Atlantic Guns, Inc.

> 944 Bonifant Street
> Silver Spring, MD 20910
> (301) 585-4448
> *Contact through undersigned counsel*
>
> Subjects of discoverable information include but are not limited to: (1) Atlantic Guns' ownership and good standing of a business lawfully and responsibly selling firearms throughout the state as a federally-licensed firearms dealer and Maryland Regulated Firearms Dealer; (2) Atlantic Guns' loss of business due to the burdensome requirements of the HQL, which has deterred potential customers from purchasing handguns at Atlantic Guns; (3) individual potential customers of Atlantic Guns who are

in need of a handgun, but who, due to the expense and inconvenience of the HQL requirements, have been deterred from purchasing a handgun.

3. Plaintiff Deborah Kay Miller

   297 Aston Forest Lane
   Crownsville, MD 21032-1605
   *Contact through undersigned counsel*

   Subjects of discoverable information include but are not limited to: (1) Ms. Miller's need for a handgun due to her employment as a Department of Defense federal contractor and victim of a data breach which sacrificed the security of her detailed personal information; (2) Ms. Miller's intent to purchase a handgun for self-defense in the home, target practice, and other lawful purposes; (3) Ms. Miller's inability to fulfill the burdensome requirements of the HQL due to her inability to take time off from work; (4) Ms. Miller's inability to fulfill the unnecessary four-hour training requirement of the HQL due to health issues resulting from multiple surgeries; (5) Ms. Miller being deterred from purchasing a handgun for the aforementioned reasons; (6) Ms. Miller's confusion as to "receive" and "receipt" pursuant to the HQL statutory language.

4. Plaintiff Susan Brancato Vizas

   8002 Bull Rush Court
   Frederick, MD 21701-1508
   *Contact through undersigned counsel*

   Subjects of discoverable information include but are not limited to: (1) Ms. Vizas' successful fulfillment of Hunter Safety Training; (2) Ms. Vizas'

intent to purchase a handgun for self-defense in the home, target practice, and other lawful purposes; (3) Ms. Vizas being deterred from purchasing a handgun due to the expense and inconvenience of the additional HQL requirements.

5. John Matthew Clark

   1240 Arnold Road
   Westminster, MD 21157
   *Contact through undersigned counsel*

   Deterred by the cost of the HQL itself, training, the cost of 3rd party fingerprinting, and the hassle of finding an "approved" fingerprint service provider. Mr. Clark works as a computer/web server technician and is 47 years old. He would have to take a day off work and use vacation time to have fingerprinting done. Mr. Clark reported that his county sheriff refuses to cooperate with HQL applicants.

6. Dana Hoffman

   7051 Carroll Avenue, Apt. 915
   Takoma Park, MD 2091?
   *Contact through undersigned counsel*

   Deterred by the HQL requirements, especially the live fire and training requirements. Ms. Hoffman is 74 years old and is confined to a wheelchair. She has a medical condition that makes it impossible for her to obtain training, including the MSP live fire requirement. Ms. Hoffman does not own any guns but wishes to purchase a handgun for self-defense in her home.

7. Scott Miller

   1004 Murdoch Court
   Crofton, MD 21114
   *Contact through undersigned counsel*

   Deterred by the cost and time requirement. Mr. Miller is a 27-year-old Emergency Medical Technician. Mr. Miller's ambulance was recently caught in a firefight in D.C., and was hit by 7 bullet rounds. Although he could not carry while on the job, Mr. Miller still wants to protect himself. Mr. Miller currently does not own any handguns or have any permit, as his lifelong residency in Maryland has effectively discourages any such acquisitions.

8. Any person identified in Defendants' Rule 26 Disclosure Statements.

9. Any person necessary to authenticate documents.

10. Any person identified in any deposition, answer to interrogatory, response to non-party production, request for production, or other document produced in this case.

11. Defendant William M. Pallozzi, in his capacity of Superintendent, MSP

    1201 Reisterstown Road
    Pikesville, MD 21208
    (410) 486-3101

    Subjects of discoverable information include but are not limited to: (1) the operations of MSP in developing regulations and requirements to enforce Md. Code Ann., Public Safety, § 5-117.1, and all persons involved in those operations; (2) the deterrent effect of the HQL on handgun transfers in

7

      Maryland; (3) the requests of citizens to be relieved of some or all of the excess cost and burden of the HQL requirements; (4) the timeline for processing and approving the HQL application; (5) the locations and availability of vendors necessary to fulfill the HQL requirements; (6) the MSP use of fingerprints submitted pursuant to the HQL application; (7) the requests of citizens or citizen-members groups to define and/or clarify "receive" or "receipt."

12. Any person or persons involved in the MSP decision to establish the HQL application fee at $50.

13. Any person or persons involved in the MSP decision to establish the HQL application "live fire" requirement.

14. Any person with current licensing authority for the HQL.

**Rule 26(a)(1)(A)(ii)**. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**Response**: Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Plaintiffs identify the following documents, electronically stored information, and tangible things that Plaintiffs have in their possession, custody or control that may be used to support their claims or defenses:

1. Md. Code Ann., Public Safety, § 5-117.1.

2. Legislative History of Md. Code Ann., Public Safety, § 5-117.1.