## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARYLAND SHALL ISSUE, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-cv-3311-ELH** |
| | ) | |
| **LAWRENCE HOGAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### PLAINTIFF ATLANTIC GUNS' UNOPPOSED MOTION
### TO FILE A REDACTED VERSION OF THE MEMORANDUM OPINION

Pursuant to paragraph four of the Court's Order (Dkt. 99), footnote 10 of the April 1, 2019 Memorandum Opinion (Dkt. 98 at p. 43), and Local Rule 105.11, Plaintiff Atlantic Guns, Inc. ("Atlantic Guns"), through undersigned counsel, advises the Court that it objects to the lifting of the seal on the Court's Memorandum Opinion. Atlantic Guns respectfully requests that the Court file a redacted version of the Court's April 1, 2019 Memorandum Opinion, redacting certain portions of page 39 as indicated in Exhibit A. Counsel for the Defendants do not object to the Court filing the Memorandum Opinion with these portions redacted.

In support of this motion, Atlantic Guns states as follows:

1.      Defendants in their Memorandum in Support of Motion for Summary Judgment challenged the standing of Plaintiff Atlantic Guns by stating: "Nor has Atlantic Guns produced any evidence linking the implementation of the Handgun Qualification License ("HQL") requirement to a decline in sales of handguns." (Dkt 59-1, at p. 15.) Atlantic Guns could not refute this statement without presenting the Court in its Opposition to Defendants' Motion for Summary Judgment Atlantic Guns' sales and gross revenue data before and after the HQL took effect, demonstrating that Atlantic Guns suffered a significant loss of sales of handguns and sales revenues from the sale of handguns fairly traceable to the HQL requirement.

2.      Atlantic Guns presented this evidence to the Court through the declaration of its principal, Mr. Stephen Schneider. (Dkt. 77-1.) Mr. Schneider's declaration attached two exhibits, both containing confidential sales and sales revenue data for its Maryland handgun sales for the years 2009 through 2017, broken down by store and year. (*Id.*)

3.      The two exhibits are a statistical spreadsheet prepared and produced by Defendants from the confidential sales data Atlantic Guns is required by law to provide to Maryland State Police and a financial spreadsheet prepared by Atlantic Guns from its confidential sales and business records and produced as "Confidential" pursuant to the Stipulated Confidentially Order entered in this case on January 4, 2018. (Dkt. 41.)

4.      Defendants did not object to Atlantic Guns' designation of this information as "Confidential" when produced or subsequently. Defendants did not oppose Atlantic Guns' Unopposed Motion to File Under Seal Declaration of Stephen Schneider and its Exhibits A and B. (Dkt. 80.) The Court granted Atlantic Guns' motion as it pertained to sealing Exhibits A and B. (Dkt. 85, at p. 2.)

5.      Such detailed product sales and sales revenue information in the mature and highly competitive firearms retail market in Maryland is both confidential and highly sensitive. Its public disclosure would likely expose Atlantic Guns to competitive disadvantage should its competitors obtain this information.

6.      Such recent business sales and sale revenues data is confidential financial data and reflects the amount and source of business income. This is confidential business information routinely protected from public disclosure. *See, e.g.*, 18 U.S.C. § 1905.

7.      The Court cited and disclosed certain of the information contained in these spreadsheets in its Memorandum Opinion and ordered that the parties "advise the Court . . . as to whether they object to the lifting of the seal so that the Court may publicly issue this Memorandum

Opinion or, alternatively, whether the Court should file a redacted version, as to pages 8 and 39." (Dkt. 98, at p. 43 & Dkt. 99.)

8.     To preserve the confidentiality of the information in Exhibits A and B to Mr. Schneider's declaration, there is no viable alternative to redacting the information on page 39 of the Memorandum Opinion.

9.     Counsel for Plaintiffs conferred with counsel for Defendants, and Defendants' counsel do not object to this Motion or to the Court's filing a version of the Memorandum Opinion with the redactions in Exhibit A.

For the foregoing reasons, pursuant to paragraph four (4) of the Court's Order (Dkt. 99), footnote 10 of the Memorandum Opinion (Dkt. 98 at p. 43), and Local Rule 105.11, Plaintiff Atlantic Guns respectfully requests that the Court file a redacted version of the Memorandum Opinion, with the redactions on page 39 of the Memorandum Opinion the same as those in Exhibit A.

Respectfully submitted this 5th day of April, 2019.

/s/ John Parker Sweeney
John Parker Sweeney (Bar No. 08761)
T. Sky Woodward (Bar No. 10823)
James W. Porter, III (Bar No. 19416)
Marc A. Nardone (Bar No. 18811)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: 202-393-7150
Facsimile: 202-347-1684
JSweeney@bradley.com

Counsel for Plaintiff Atlantic Guns, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of April, 2019, the foregoing was served, via electronic delivery to Defendants' counsel via CM/ECF system which will forward copies to Counsel of Record.

<u>/s/ John Parker Sweeney</u>
John Parker Sweeney (Bar No. 08761)