IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 16-cv-3311-ELH |
| | ) |
| LAWRENCE HOGAN, et al., | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF ATLANTIC GUNS' MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Pursuant to Rule 10(e)(1) of the Federal Rules of Appellate Procedure and Local Rule 10(d) of the United States Court of Appeals for the Fourth Circuit, Plaintiff Atlantic Guns, Inc. ("Atlantic Guns"), by and through undersigned counsel, moves to supplement the record on appeal. Atlantic Guns moves to supplement the record with excerpts of, and Exhibit 30 to, the deposition transcript of its president and corporate designee, Mr. Stephen Schneider. The proposed deposition excerpts and Exhibit 30 to that deposition are attached as Exhibit 1.

Supplementing the record with this evidence would serve the interests of justice because Defendants (Governor Hogan and Colonel Pallozzi, collectively referred to as the "State") incorrectly argued for the first time on appeal that the emails in Exhibit 30 were never produced and that their absence leaves Mr. Schneider's declaration uncorroborated. Brief of Appellees, No. 19-1469 (4th Cir. 2019), ECF No. 36 ("[A]lthough Plaintiffs' brief asserts that Atlantic Guns produced emails with its customers to corroborate Mr. Schneider's statement, Plaintiffs' brief does not cite any pertinent record evidence; indeed, no such emails were produced."). The State has since admitted the existence of these emails, yet still oppose their admission into the record and continue to claim they do not corroborate Mr. Schneider's declaration. *See* Appellees Resp. in Opp. to Appellants' Motion for Leave to File Attachment, No. 19-1469 (4th Cir. 2019), ECF No. 41. It would be fundamentally unfair

to Plaintiffs if Atlantic Guns were not allowed to complete the record with these emails and Mr. Schneider's authenticating deposition excerpts to respond to the State's mischaracterizations of what was produced in the discovery process. If Atlantic Guns can demonstrate its standing, then all Plaintiffs would benefit. *Bostic v. Schaefer*, 760 F.3d 352, 370 (4th Cir. 2014) ("[T]he Supreme Court has made it clear that 'the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement.'") (quoting *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006)).

On summary judgment briefing before this Court, the State argued that Atlantic Guns failed to demonstrate that it suffered injury to satisfy standing because Atlantic Guns "cannot identify a single customer who has been deterred from purchasing a handgun because of the HQL requirement." Defs.' MISO MSJ, No. 1:16-cv-03311-ELH (D. Md. 2018), ECF No. 59-1. In response, Atlantic Guns attached Mr. Schneider's declaration in which he testified that Atlantic Guns had turned away hundreds of handgun customers because they lack a Handgun License. Plts.' MISO Cross-MSJ and in Opp. to Defs.' MSJ, No. 1:16-cv-03311-ELH (D. Md. 2018), ECF No. 77-1. The State never argued to this Court that Mr. Schneider's declaration was uncorroborated or that Atlantic Guns had failed to produce the emails in Exhibit 1. *See* Defs.' Reply in Supp. of MSJ and in Opp. to Plts. MSJ. No. 1:16-cv-03311-ELH (D. Md. 2018) (lacking any mention of emails at all), ECF No. 89. Plaintiffs had no reason to believe the State would make these arguments on appeal.

Plaintiffs stated in their opening brief on appeal that Atlantic Guns turned away customers who lacked a Handgun License and that "these customers' status as firearms owners is a sensitive issue of personal privacy." Brief of Appellants, No. 19-1469 (4th Cir. 2019), ECF No. 20. Atlantic Guns stated further that "Atlantic Guns has not identified the[se customers] by name, but did produce emails with specific individual customers' names redacted by Atlantic Guns to protect their identities during discovery." *Id*. All of Atlantic Guns' representations to the Fourth Circuit were accurate. *See*

Plts.' MISO Cross-MSJ and in Opp. to Defs.' MSJ, No. 1:16-cv-03311-ELH (D. Md. 2018), ECF No. 77.

In their response appellate brief, the State stated incorrectly, and for the first time, that Atlantic Guns did not produce these emails. Brief of Appellees, No. 19-1469 (4th Cir. 2019), ECF No. 36 ("indeed, no such emails were produced"). But the materials in Exhibit 1 demonstrate not only that such emails were produced, but that the State marked them as Exhibit 30, that the State used them to examine Mr. Schneider at his deposition, and that Mr. Schneider authenticated them and explained that they were redacted to protect the customers' privacy pursuant to the protective order.

Had the State argued in its summary judgment briefing that these emails do not exist and their non-existence demonstrates that Mr. Schneider's declaration is uncorroborated, Atlantic Guns would have included the materials in Exhibit 1 in the district court record. Plaintiffs, however, did not anticipate that the State would misstate the discovery record in this regard and therefore did not add the materials in Exhibit 1 to the record on appeal. Because of Defendants' mischaracterizations, the record is not an accurate representation of what occurred in the district court, and the State has taken advantage of this by incorrectly claiming that certain evidence corroborating Mr. Schneider's declaration does not exist and, after admitting its existence, arguing that it does not corroborate Mr. Schneider's declaration. The State's continuing mischaracterization of what occurred in the district court discovery process potentially makes the evidence in Exhibit 1 material to the Fourth Circuit's resolution of the case, and this Court should supplement the record to include it. *See United States v. Hayes*, No. CR 3:09-250-JFA, 2010 WL 11606118, at *1 (D.S.C. July 22, 2010) (allowing party to supplement the record with evidence material to case); *In re Barsh*, 197 F. App'x 208, 210 (4th Cir. 2006) (same). This is precisely what Rule 10(e)(1) is designed to remedy: "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."

It would be fundamentally unfair to allow the State to misrepresent that certain evidence does not exist without allowing Atlantic Guns to demonstrate the existence of that evidence. For these reasons, the Court should supplement the record with the materials in Exhibit 1.

Plaintiffs moved to file these emails as an attachment to their reply brief on appeal. Motion for Leave to File Attachment, No. 19-1469 (4th Cir. 2019), ECF No. 39. The State opposed, arguing in part that Rule 10 of the Federal Rules of Appellate Procedure and Local Rule 10(d) of the United States Court of Appeals for the Fourth Circuit were the appropriate vehicle for adding to the record on appeal. Appellees Response in Opposition to Appellants' Motion for Leave to File Attachment, No. 19-1469 (4th Cir. 2019), ECF No. 41. The Court of Appeals denied the motion, Order, No. 19-1469 (4th Cir. 2019), ECF No. 44, and Plaintiffs have filed the instant motion to obtain the relief to which they are entitled.

Respectfully submitted this 6th day of September, 2019.

/s/ John Parker Sweeney
John Parker Sweeney (Bar No. 08761)
James W. Porter, III (Bar No. 19416)
Marc A. Nardone (Bar No. 18811)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: 202-393-7150
Facsimile: 202-347-1684
JSweeney@bradley.com

Counsel for Plaintiff Atlantic Guns, Inc.

-5-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of September, 2019, the foregoing was served, via electronic delivery to Defendants' counsel via CM/ECF system which will forward copies to Counsel of Record.

/s/ John Parker Sweeney
John Parker Sweeney (Bar No. 08761)