IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | No. 1:16-cv-03311-ELH |
| LAWRENCE HOGAN, *et al.* | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF
ATLANTIC GUNS' MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

Defendants, Lawrence Hogan and William M. Pallozzi, oppose the motion filed by Plaintiff Atlantic Guns, Inc., seeking to supplement the record on appeal. Plaintiffs have already unsuccessfully sought to supplement the record in the Fourth Circuit (Appeal No. 19-1469, ECF 44), and they have provided no greater justification to this Court for granting them any relief. Plaintiff disingenuously contends that Defendants have misrepresented on appeal what was produced in discovery, and that Plaintiff is seeking to supplement the record to respond to that purported misrepresentation. For the reasons explained below, Plaintiff's motion should be denied.

In their summary judgment briefing before this Court, Defendants argued that none of the Plaintiffs had established Article III standing to challenge the Handgun Qualification License ("HQL" or "License") that is at issue in this litigation. To satisfy its burden to establish standing, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), Plaintiff Atlantic Guns relied on the declaration of its president, Stephen Schneider, who claimed

that he had turned away "hundreds" of customers since the License requirement had gone into effect. (*See* Schneider Decl. (ECF 86) ¶ 8.) Mr. Schneider's declaration did not refer to any emails with customers (*id.*), nor did Atlantic Guns submit to this Court any emails produced in discovery to corroborate Mr. Schneider's self-serving statement or refer to any such emails in its opening memorandum to this Court.

Thus, in response, Defendants noted precisely this failure of proof: "Aside from the self-serving statements of Atlantic Guns' owner, the plaintiffs have not produced a shred of evidence to support their claim that Atlantic Guns has turned away hundreds of customers since the HQL requirement was enacted." (Defs.' Resp./Reply (ECF 89) at 12.) In reply (ECF 96), Plaintiffs again made no mention of any emails that would corroborate Mr. Schneider's statement. Instead, after this Court found that Atlantic Guns had failed to carry its burden to establish standing, and for the first time on appeal, Plaintiffs referred to emails purporting to corroborate Mr. Schneider's declaration in their opening brief:

> Atlantic Guns has turned away, and thus lost business from, hundreds of handgun customers because they lack a Handgun License. JA 1412 [Mr. Schneider's declaration]. These customers' status as firearms owners is a sensitive issue of personal privacy. . . . To protect its customers' privacy, Atlantic Guns has not identified them by name, but did produce emails with specific individual customers' names redacted by Atlantic Guns to protect their identities during discovery. Defendants neither objected to these redactions nor moved to compel the production of the individuals' names.

Appeal No. 19-1469, Appellants' Br. (ECF 20) at 10.

The 14 email strings that Atlantic Guns produced in discovery and with which they seek to supplement the record (Pls.' Ex. 1 (ECF 106-3)) do not support this claim, which Defendants appropriately explained in their response brief:

2

> Atlantic Guns goes on to suggest that in discovery it produced documentary evidence of this loss of sales in emails with customers names redacted, but the brief does not document that suggestion with any citation to the Joint Appendix or to the summary judgment record in the district court. *Although Atlantic Guns produced in discovery emails with customer names redacted, those emails did not support Atlantic Guns' professed loss of sales*, which likely explains why Plaintiffs did not rely on the emails on summary judgment and certainly explains why the Defendants did not object to the irrelevant redactions.

Appeal No. 19-1469, Appellees' Br. (ECF 36) at 12 (emphasis added).

Defendants clearly did not deny that Atlantic Guns has produced customer emails; Defendants simply pointed out that those emails were never placed into the record before this Court by either party and that the emails' substance did not support the contention for which they were being referenced for the first time on appeal.  Later in the brief, when responding to Atlantic Guns' standing argument, Defendants referenced this prior explanation and stated: "As discussed above, although Plaintiffs' brief asserts that Atlantic Guns produced emails with its customers to corroborate Mr. Schneider's statement, Plaintiffs' brief does not cite any pertinent record evidence; indeed, no *such* emails were produced."   *Id.* at 40-41 (emphasis added).

Here, again, Defendants are explaining to the Fourth Circuit that Atlantic Guns did not produce emails that *corroborated Mr. Schneider's statement*.  This is similar to how Defendants previously had explained to this Court that "the plaintiffs have not produced a shred of evidence to support their claim that Atlantic Guns has turned away hundreds of customers since the HQL requirement was enacted."  (ECF 89 at 12.)  Defendants never claimed that Atlantic Guns did not produce *any* emails in discovery.  And it was wholly reasonable and appropriate for Defendants to alert the appellate court that Plaintiffs had

3

misrepresented the substance of the emails that had been produced but that were not in the record on appeal.[1]

Indeed none of the 14 email strings supports Atlantic Guns' claim that the retailer turned away hundreds of customers and, thus, lost business. In half of the emails, Mr. Schneider either assumes a recent buyer has a License and no contrary information is provided (Pl's. Mot. Ex. 1 (ECF 106-3) at 7), or he responds to would-be customers who report having a License or having completed the application process (*id.* at 12, 15-17, 18-19, 20, 29, 30-33). Thus only seven (7) of the emails even indicate that a would-be customer does not have a License and, contrary to Plaintiffs' assertions in their Fourth Circuit brief, not a single one of them was "turned away." One email contains an inquiry about purchasing a collectible firearm (*id.* at 6), which Mr. Schneider acknowledged did not require a License (*id.* at 4); one email is from an active-duty member of the military, and Mr. Schneider responds that he does not need a License to purchase a handgun (*id.* at 10); the other five emails contain inquiries about what is needed to obtain a handgun or a License (*id.* at 8-9, 13, 14, 21, 22-28), including one inquiry for recommendations for a training course (*id.* at 8-9), and another inquiry from a customer who seeks to purchase a handgun that is not allowed for sale in Maryland and so instead decides to purchase a rifle

---

[1] Tellingly, when Plaintiffs unsuccessfully sought to supplement the record in the Fourth Circuit, they characterized the emails quite differently than they had in their opening brief, describing them as "emails from [Atlantic Guns'] would-be customers who inquired about purchasing a handgun but were told they could not by Mr. Schneider because they did not possess a Handgun License." Appeal 19-1469, Appellants' Motion for Leave to File Attach. (ECF 39-1) at 1-2.

from Atlantic Guns (*id.* at 22-28). None of these individuals has been turned away; rather, they have inquired about what is needed to purchase handguns and have been provided with the information as to how to obtain a License.

The lack of evidentiary import of these emails to establish Atlantic Guns' standing, which likely explains why Plaintiffs did not submit the emails into the summary judgment record in the first place, counsels against supplementation of the record. There simply is no "exceptional circumstance" that would "permit supplementation of the record in this case." *United States v. Hayes*, No. CR 3:09-250-JFA, 2010 WL 11606118, at *1-2 (D.S.C. July 22, 2010). Further, the emails in Exhibit 1 "are unsworn hearsay that could not properly be considered on a summary judgment motion in any event." *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 973 n.8 (4th Cir. 1990) (affirming district court's denial of motion to supplement); *cf. In re Barsh*, 197 F. App'x 208 (4th Cir. 2006) (permitting supplementation of the record to include state court pleadings). Finally, as discussed above, Defendants made no misrepresentations about the emails to the Fourth Circuit, and there is no need to supplement the record on appeal to include them. *Cf. Hayes*, 2010 WL 11606118, at *1 (permitting supplementation where criminal defendant raised new argument on appeal because, if the defendant had raised the argument in the district court, "the government may well have filed the very materials that it now seeks to add to the record on appeal").

For all of these reasons, Plaintiff's motion should be denied.

                                          Respectfully submitted,

                                          BRIAN E. FROSH

                                          __/s/_Jennifer L. Katz_____
                                          JENNIFER L. KATZ  (Fed. Bar # 28973)
                                          ROBERT A. SCOTT (Fed. Bar # 24613)
                                          Assistant Attorneys General
                                          Office of the Attorney General
                                          200 Saint Paul Place, 20th Floor
                                          Baltimore, Maryland 21202
                                          jkatz@oag.state.md.us
                                          (410) 576-7005; (410) 576-6955 (fax)

Dated:  September 17, 2019              Attorneys for Defendants-Appellees

## CERTIFICATE OF SERVICE

    I certify that on this 17th day of September, 2019, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

                                                      __/s/_Jennifer L. Katz_____
                                                      Jennifer L. Katz (Fed Bar # 28973)