IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARYLAND SHALL ISSUE, INC., et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 16-cv-3311-ELH |
| | ) |
| **LAWRENCE HOGAN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF ATLANTIC GUNS' REPLY IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

This Court should grant the motion because it is patently unjust to permit the State to argue in the appellate court about the content of documents that are not in the record, especially when those arguments are brought forth for the first time on appeal and Plaintiffs have no mechanism for refuting the State's inaccurate arguments without supplementing the record. On appeal, the State argued for the first time that Mr. Schneider's declaration, rather than Plaintiffs' claim, is uncorroborated, placing the materials in Exhibit 1 squarely at issue. Atlantic Guns should be allowed to supplement the record with the materials Defendants brought into dispute in light of the State's representations regarding the content of these emails in their appellate briefing. Brief of Appellees, No. 19-1469 (4th Cir.), ECF No. 36, at 12, 40-41 (arguing the content of the emails in question).

The State did not argue to this Court at summary judgment that Mr. Schneider's declaration was uncorroborated; rather, the State argued that "[a]side from the self-serving statements of Atlantic Guns' owner, the plaintiffs have not produced a shred of evidence to support their *claim* that Atlantic Guns has turned away hundreds of customers since the HQL requirement was enacted" because Atlantic Guns did not "identify a single customer that has been turned away." Defs.' Reply in Supp. of MSJ and in Opp. to Plts. MSJ. No. 1:16-cv-03311-ELH, ECF No. 89, at 12-13 (D. Md. 2018)

(emphasis added) ("Def''s MSJ"). These were arguments only about the weight of evidence on summary judgment and that Atlantic Guns did not identify any prospective customers by name. Introducing the emails, which were redacted without objection to protect the names of the prospective customers, would not have addressed this argument, and there was no reason to put into the record material that did not address the State's arguments. Plaintiffs had no reason to believe the State would argue for the first time on appeal that that Mr. Schneider's *declaration* was uncorroborated because Rule 56 of the Federal Rules of Civil Procedure does not require that Mr. Schneider's declaration be corroborated. Mr. Schneider's declaration is itself the only evidence Plaintiffs were required to put forth to defeat the State's motion for summary judgment. *See, e.g.*, *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017); *see also* Fed. R. Civ. P. 56(c)(1)(B)(4).

The State opposed Plaintiffs' motion to supplement the record in the Fourth Circuit because, among other reasons, it argued, Plaintiffs should have moved for relief from this Court. Plaintiffs now seek that relief. The principle dispute in this Court had been about whether Mr. Schneider should have been required to identify any prospective customer by name. Def.'s MSJ at 12-13. Now that the State has brought into issue the *content* of the emails, rather than their mere lack of names, the Fourth Circuit will not be able to judge for itself the veracity of the assertions made by the State in its brief without the requested supplementation. Nor will Atlantic Guns be able to refute these assertions.

The State implicated the content of these emails when it made the assertion that the content of the emails did not corroborate Mr. Schneider's declaration. It was not until that very moment that the content of those emails became potentially relevant to the disposition of this suit. Whether the emails corroborate Mr. Schneider's declaration is for the Fourth Circuit to decide. The only way the Fourth Circuit can determine for itself the probative value of the emails is if the emails are in the record. Furthermore, basic fairness would require supplementation of the record as a curative measure

-3-

to address the State's unsubstantiated allegations. For these reasons, the Court should supplement the record with the materials in Exhibit 1.

Respectfully submitted this 18th day of September, 2019.

/s/ John Parker Sweeney
John Parker Sweeney (Bar No. 08761)
James W. Porter, III (Bar No. 19416)
Marc A. Nardone (Bar No. 18811)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: 202-393-7150
Facsimile: 202-347-1684
JSweeney@bradley.com

Counsel for Plaintiff Atlantic Guns, Inc.

-4-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of September, 2019, the foregoing was served, via electronic delivery to Defendants' counsel via CM/ECF system which will forward copies to Counsel of Record.

/s/ John Parker Sweeney
John Parker Sweeney (Bar No. 08761)