FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 OCT 11 PM 2: 51

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARYLAND SHALL ISSUE, INC.,
*et al.*,

    *Plaintiffs*,

v.                                         Civil Action No. ELH-16-3311

LAWRENCE HOGAN,
*et al.*,

    *Defendants*.

## MEMORANDUM

This Memorandum resolves a motion to supplement the record filed by plaintiff/appellant Atlantic Guns, Inc. ("Atlantic Guns") in regard to an appeal pending in the United States Court of Appeals for the Fourth Circuit. *See* Appeal No. 19-1467 (the "Appeal"). The Appeal concerns a suit challenging the constitutionality of Maryland's Firearm Safety Act of 2013 (the "Act"), Md. Code (2018 Repl. Vol.), § 5-117.1 of the Public Safety Article. Among other things, the Act requires a prospective handgun buyer in Maryland to obtain a Handgun Qualification License in order to purchase certain types of firearms. *See id.*

Atlantic Guns, along with plaintiffs Maryland Shall Issue, Inc.; Deborah Kay Miller; and Susan Vizas, filed suit against defendants Lawrence Hogan, Jr., Governor of Maryland, and Colonel William Pallozzi, Superintendent of the Maryland State Police, challenging the Act.[1] By Memorandum Opinion (ECF 98) and Order (ECF 99) of March 31, 2019, I granted the defendants' summary judgment motion (ECF 59) and denied plaintiffs' cross motion for summary judgment.

---

[1] Plaintiffs Ana Sliveira and Christine Bunch dismissed their claims on February 2, 2018. ECF 44.

*See* ECF 75. Thereafter, on April 25, 2019, plaintiffs noted an appeal to the Fourth Circuit. ECF 103.

On September 6, 2019, Atlantic Guns filed in this court a Motion to Supplement the Record on Appeal (ECF 106), supported by a memorandum (ECF 106-2) (collectively, the "Motion"), and an exhibit. Atlantic Guns seeks to add to the appellate record "excerpts of, and Exhibit 30 to, the deposition transcript of its president and corporate designee, Mr. Stephen Schneider." *Id.* at 1. The deposition excerpt (ECF 106-3) references deposition Exhibit 30, "a package" of emails from "potential customers or customers," which were "produced in discovery." *Id.* at 2. Neither the deposition excerpt nor the emails were submitted to this court on summary judgment. Instead, plaintiffs submitted Schneider's Declaration. *See* ECF 84; ECF 86 (redacted).

Defendants/appellees (sometimes referred to as "the State") oppose the Motion. ECF 107 (the "Opposition"). Atlantic Guns has replied. ECF 108.

No hearing is necessary to resolve the Motion. See Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I.  Procedural Summary[2]

The Motion is rooted in statements made in the briefs submitted to the Fourth Circuit concerning events that occurred on summary judgment in this court.[3]

---

[2] For the purpose of this Memorandum, it is unnecessary to review the factual allegations of the underlying dispute. Those facts are set forth in the Memorandum Opinion resolving the parties' summary judgment motions. *See* ECF 102.

[3] A court may take judicial notice of matters of public record that constitute adjudicative facts. Fed. R. Evid. 201(b)(2); *Goldfarb v. Mayor and City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). "Adjudicative facts are simply the facts of the particular case." Fed. R. Evid. 201, Advisory Committee's note. *See* Fed. R. Evid. 201(b) (stating, in relevant part, that a "court may judicially notice a fact that is not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records")

2

In their opening appellate brief, plaintiffs/appellants asserted that "Atlantic Guns has turned away, and thus lost business from, hundreds of handgun customers because they lack a Handgun License." Appeal, Appellants' Brief, ECF 20 at 10. In support of this assertion, plaintiffs cited to the sealed Declaration of Atlantic Guns' president, Stephen Schneider. Joint Appendix ("JA") at 1412; *see* ECF 84 in this court. The unsealed, redacted version of the Declaration, is found at JA 1911 and at ECF 86 in this court. Plaintiffs/appellants also stated in their appellate brief: "To protect its customers' privacy, Atlantic Guns has not identified [the customers] by name, but did produce emails with specific individual customers' names redacted by Atlantic Guns to protect their identities during discovery." Appeal, Appellants' Brief, ECF 20 at 10. However, as noted, neither the emails nor the deposition excerpt were included with the Declaration. ECF 84.

Defendants/appellees noted in their response brief, Appeal, Appellees' Brief, ECF 36 at 11–12:

> . . . Plaintiffs' opening brief to this Court asserts that Atlantic Guns "has turned away, and thus lost business from, hundreds of handgun customers because they lack a Handgun License." Appellants' Br. 10. For this assertion, the brief cites only the uncorroborated declaration of Mr. Schneider. *Id.* Atlantic Guns goes on to suggest that in discovery it produced documentary evidence of the loss of sales in emails with customer names redacted, *id.*, but the brief does not document that suggestion with any citation to the Joint Appendix or to the summary judgment record in the district court. Although Atlantic Guns produced in discovery emails with customer names redacted, those emails did not support Atlantic Guns' professed loss of sales, which likely explains why Plaintiffs did not rely on the emails on summary judgment . . .

Thereafter, plaintiffs/appellants filed in the Fourth Circuit a "Motion For Leave To File Attachment." Appeal, ECF 39. Plaintiffs/appellants sought to add to the record the same exhibit as Atlantic Guns proposes here. They explained that the State inaccurately represented that Atlantic Guns "did not produce [the emails] in discovery." *Id.* at 1. Further, plaintiffs/appellants

---

(quoting 21 Charles Alan Wright & Kenneth W. Graham, *Federal Practice and Procedure: Evidence*, § 5106 at 505 (1977)).

3

maintained that they "did not anticipate that Appellees would misstate the discovery record in this regard and therefore did not add the proposed attachment to the record on appeal." *Id.* at 2.

The State responded. Appeal, ECF 41. It argued that plaintiffs/appellants had not submitted the emails as part of the summary judgment record in this court, and did not properly seek to supplement the record in this court, pursuant to Fourth Circuit Local Rule ("LR") 10(d). *Id.* at 1. Defendants/appellees also argued that the emails are immaterial and constitute inadmissible hearsay. *Id.*

By Order dated August 30, 2019, the Fourth Circuit denied plaintiffs/appellants' motion, without explanation. Appeal, ECF 44. The Order said, *id.* at 2: "Upon consideration of submissions relative to the motion to file an attachment to the reply brief, the court denies the motion. The appellants are directed to file a corrected brief that does not contain references to the proposed attachment on or before September 9, 2019."

Plaintiffs/appellants filed their corrected brief on September 6, 2019. Appeal, ECF 46. On the same day, Atlantic Guns filed the Motion, asking this court for the relief that it had unsuccessfully sought from the Fourth Circuit: to add the emails to the record. ECF 106-2.

Atlantic Guns argues that under Rule 10(e)(1) of the Federal Rules of Appellate Procedure ("FRAP") and LR 10(d), this court should allow Atlantic Guns to supplement the record with materials not submitted to or considered by this court on summary judgment. *Id.* at 1. According to Atlantic Guns, it would be "fundamentally unfair to Plaintiffs if Atlantic Guns were not allowed to complete the record with these emails and Mr. Schneider's authenticating deposition excerpts to respond to the State's mischaracterizations of what was produced in the discovery process." *Id.* at 1–2.

The State denies that it has have "misrepresented on appeal what was produced in discovery." ECF 107 at 1. It also contends that the proposed attachment is not material to the issue of standing. ECF 107 at 4–5.

## II. Discussion

FRAP Rule 10 defines the record on appeal and states, in relevant part:

**Rule 10. The Record on Appeal**

**(a) Composition of the Record on Appeal.** The following items constitute the record on appeal:
    (1) the original paper and exhibits filed in the district court;
    (2) the transcript of proceedings, if any; and
    (3) a certified copy of the docket entries prepared by the district clerk.

\* \* \*

**(e) Correction or Modification of the Record.**
    (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

Local Rule 10(d) is also relevant. It provides: "Disputes concerning the accuracy or composition of the record on appeal should be resolved in the trial court in the first instance. . ."

"'It is well-settled that the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review.'" *EEOC v. Freeman*, No. RWT-09-cv-2573, 2014 WL 12786869, at *1 (D. Md. Jan. 14, 2014) (quoting *In re Complaint of Robbins Mar., Inc.*, 162 F.R.D. 502, 504 (E. D. Va. 1995) (internal citation omitted)). "Indeed, the clear weight of authority indicates that a district court should properly refuse to supplement the record on appeal with discovery documents that were 'not filed. . . or brought to the attention of the district court, as it considered the various papers in evaluating the motion for summary judgment.'" *Clehm v. BAE Systems Ordnance Systems, Inc.*, No. 7:16-cv-00012, 2019 WL 181128, at *2 (W.D. Va. Jan. 11, 2019)

5

(quoting *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 973 n.8 (4th Cir. 1990)). *See also Bond v. Marriott International, Inc.*, No. RWT-10-cv-1256, 2015 WL 12988744, at *1 (D. Md. Apr. 9, 2015) (quoting *Thomas v. Lodge No. 2461 of Dist. Lodge 74 of Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 348 F. Supp. 2d 708, 710 (E.D. Va. 2004)).

Atlantic Guns takes issue with the following statement in defendants/appellees' Fourth Circuit brief: "[A]lthough Plaintiffs' brief asserts that Atlantic Guns produced emails with its customers to corroborate Mr. Schneider's statement, Plaintiffs' brief does not cite any pertinent record evidence; indeed, no such emails were produced." Appeal, Appellees' Brief, ECF 36 at 40–41. Atlantic Guns claims defendants/appellees have "stated incorrectly, and for the first time, that Atlantic Guns did not produce these emails." ECF 106-2 at 3.

According to Atlantic Guns, "[b]ecause of Defendants' mischaracterizations, the record is not an accurate representation of what occurred in the district court." *Id.* at 3. Further, it argues: "The State's continuing mischaracterization of what occurred in the district court discovery process potentially makes the [proposed attachment] material to the Fourth Circuit's resolution of the case. . . ." *Id.* In its view, the alleged discrepancy between the State's characterization of the record and the actual record "is precisely what Rule 10(e)(1) is designed to remedy." *Id.*

The State counters that it has not mischaracterized the record. It asserts, ECF 107 at 3: "Defendants clearly did not deny that Atlantic Guns has produced customer emails; Defendants simply pointed out that those emails were never placed into the record before this Court [at summary judgment] by either party and that the emails' substance did not support the contention for which they were being referenced for the first time on appeal."

In reply, Atlantic Guns contends that the State's characterization of Schneider's Declaration as "uncorroborated" made the content of the emails underlying the Declaration an

issue. ECF 108 at 2. Thus, Atlantic Guns insists that supplementing the record with this evidence "would serve the interests of justice." ECF 106-2 at 1. In its view, "[i]t would be fundamentally unfair to allow the State to misrepresent that certain evidence does not exist without allowing Atlantic Guns to demonstrate the existence of that evidence." *Id.* at 4.

I agree with the State; it did not represent that plaintiffs/appellants failed to produce the emails in discovery. Rather, it asserted, correctly, that the emails were not provided to this court on summary judgment.

Plaintiffs/appellants first referenced the emails in their opening brief for the Fourth Circuit. Appeal, Appellants' Brief, ECF 20 at 10. In its response, the State pointed out that plaintiffs/appellants relied on material produced in discovery but not made part of the summary judgment record. Appeal, Appellees' Brief, ECF 36 at 12. Of import here, defendants/appellees explicitly stated that Atlantic Guns had produced the emails in discovery, with redacted customer names, but plaintiffs did not include them on summary judgment. *Id.*

Further, the State's reference to Schneider's Declaration as "uncorroborated" referred to the fact that the Declaration "did not refer to any emails with customers, nor did Atlantic Guns submit to this Court any emails produced in discovery to corroborate" the claim that Atlantic Guns had turned away customers. ECF 107 at 2. Indeed, Atlantic Guns chose not to enter the emails and deposition excerpt into the record on summary judgment.

Atlantic Guns cites two cases in support of the proposition that its Motion should be granted. Both are distinguishable from the instant case. The first, *United States v. Hayes*, No. CR 3:09-250, 2010 WL 11606118 (D.S.C. Jul. 22, 2010), concerned an argument defendant raised on appeal for the first time. The *Hayes* Court noted that its grant of the motion was based on an "exceptional circumstance." *Id.* at *2. This case presents no such exceptional circumstance: in

their Fourth Circuit brief, defendants/appellees accurately characterized plaintiffs/appellants production of the emails in discovery but the failure to include them on summary judgment.

Atlantic Guns' reliance on the second case, *In re Barsh*, 197 F. App'x 208 (4th Cir. 2006), is also misplaced. In *In re Barsh*, the Fourth Circuit granted the motion to supplement. In *Barsh*, the documents at issue were essential to ensure that the record "truly disclosed" the course of the litigation. *See* FRAP 10(e)(1). Under LR 10(d), "the Court of Appeals has the power, either on motion or of its own accord, to require that the record be corrected or supplemented." But, the Fourth Circuit has already declined to exercise that power here.

Atlantic Guns made a strategic decision not to include the emails and deposition excerpt on summary judgment. Defendants/appellees made no statements to the Fourth Circuit that mischaracterized either what was produced in discovery or what was included on summary judgment. Therefore, there is no dispute "about whether the record truly discloses what occurred in the district court," as set forth in FRAP 10(e)(1).

### III. Conclusion

For the aforementioned reasons, plaintiff's Motion is denied.

A separate Order follows.

Date: October 11, 2019                                             /s/
                                                                   Ellen L. Hollander
                                                                   United States District Judge