IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARYLAND SHALL ISSUE, INC., *et al.*,

    *Plaintiffs*,

v.

LAWRENCE HOGAN, in his capacity
as GOVERNOR OF MARYLAND, *et al.*,

    *Defendants*.

Case No. 1:16-cv-03311-ELH

**MOTION OF EVERYTOWN FOR GUN SAFETY FOR LEAVE
TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund; hereafter "Everytown") respectfully moves for leave to file an amicus curiae brief in the above-captioned matter in support of Defendants' motion for summary judgment. If granted leave, Everytown will file the brief and appendix attached as Exhibits A and B, respectively. Defendants and Plaintiff Atlantic Guns, Inc. consent to Everytown's motion for leave. The remaining Plaintiffs take no position with respect to this motion.

    Everytown is the nation's largest gun-violence-prevention organization, with nearly 6,000,000 supporters across the nation, including more than a 150,000 in Maryland. Everytown was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after the murder of 20 children and six adults in an elementary school in Newtown, Connecticut. The mayors of 13 Maryland cities are members of

Mayors Against Illegal Guns.  Everytown also includes a large network of gun violence survivors who are empowered to share their stories and advocate for responsible gun laws.

As this Court has noted, "[d]ecisions about whether and how to allow amicus participation in federal district court are left to the discretion of the trial judge."  *Md. Restorative Justice Initiative v. Hogan*, No. 1:16-cv-1021-ELH, 2017 WL 467731, at *8 (D. Md. Feb. 3, 2017); *see also Edgar v. Coats*, 454 F. Supp. 3d 502, 522 (D. Md. 2020).  "Amicus briefs have been 'allowed at the trial level where they provide helpful analysis of the law, [the amici] have a special interest in the subject matter of the litigation, or existing counsel is in need of assistance.'"  *Wheelabrator Balt., L.P. v Mayor & City Council of Balt.*, 449 F. Supp. 3d 549, 555 n.1 (D. Md. 2020) (quoting *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996); *see also Am. Humanist Ass'n v. Maryland-Nat'l Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014) (noting that, in deciding whether to grant or deny leave, district courts often look to "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case").[1]  Everytown has such special interest, and its proposed amicus brief would provide helpful information to the Court in this case.  The motion for leave should be granted.

Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms legislation, which can provide important context in Second Amendment cases.  Everytown has drawn on that expertise to file briefs in numerous such cases, including a prior brief in this matter, *see* ECF No. 70, offering historical and doctrinal analysis that might otherwise be overlooked.  *See, e.g.*, *Hirschfeld v. Bureau of Alcohol, Firearms*

---

[1] "Moreover, 'there is no rule that amici must be totally disinterested.'" *Bryant*, 923 F. Supp. at 728 (quoting *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986)).

*& Explosives*, No. 19-2250 (4th Cir.) (Dkt. 21); *Malpasso v. Pallozzi*, No. 18-2377 (4th Cir.) (Dkt. 26); *Malpasso v. Pallozzi*, No. 1:18-cv-01064-MJG (D. Md.) (Dkt. 16); *Libertarian Pty. of Erie Cty. v. Cuomo*, No. 18-0386 (2d Cir.) (Dkt. 75). Several courts have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other gun cases. *See Teter v. Connors*, 460 F. Supp. 3d 989, 1002-03 (D. Haw. 2020), *appeal docketed*, No. 20-15948 (9th Cir. May 19, 2020); *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92 & n.11 (C.D. Cal. 2019), *appeal docketed*, No. 19-56004 (9th Cir. Aug. 28, 2019); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210-11 nn.4 & 7 (2019) (Alito, J., dissenting).

Everytown submits this proposed amicus brief (attached as Exhibit A), along with an appendix of historical gun laws (attached as Exhibit B), in support of Defendants' motion for summary judgment. In particular, Everytown submits this brief to make three points further demonstrating the constitutionality under the Second Amendment of the laws at issue in this case, which mandate that most individuals in Maryland obtain a Handgun Qualification License before acquiring a handgun (the "HQL Law"). *First*, the brief explains that the HQL Law's requirement that those seeking to purchase a firearm first obtain a permit after undergoing a thorough identification and background check process is longstanding and lawful under *District of Columbia v. Heller*, 554 U.S. 570 (2008). *Second*, the brief demonstrates that the HQL Law's training requirement is consistent with the original understanding of the Second Amendment because government training mandates were ubiquitous in 1791. *Third*, the brief shows that the HQL Law's licensing fees are consistent with fees and taxes that states have historically imposed on individuals seeking to obtain or possess a firearm. Accordingly, Everytown's brief demonstrates that summary judgment in favor of Defendants is warranted at step one of the Fourth Circuit's

two-step Second Amendment framework based on history alone.

Allowing Everytown leave to file as amicus will not cause any prejudice or delay, and is in accord with Standing Order 2018-07, because this motion is filed within seven days of Defendants' filing on their summary judgment motion. No party's counsel authored this brief in whole or in part and, apart from Everytown, no person contributed money to fund its preparation or submission. Everytown's motion and proposed brief are also in compliance with all other requirements of Standing Order 2018-07.

## CONCLUSION

For the foregoing reasons, Everytown respectfully requests that this Court grant it leave to file the amicus curiae brief and appendix attached hereto as Exhibits A and B, respectively.

Dated: December 2, 2020                              Respectfully submitted,


                                                     */s/ Thad Davis*
                                                     Thad A. Davis (Bar No. 18806)
                                                     GIBSON DUNN & CRUTCHER LLP
                                                     tdavis@gibsondunn.com
                                                     *Counsel for Amicus Curiae*
                                                     *Everytown for Gun Safety*