# EXHIBIT 9

# HEINONLINE



DATE DOWNLOADED: Tue Dec  1 11:06:02 2020
SOURCE: Content Downloaded from *HeinOnline*


Citations:

Bluebook 21st ed.
Park's Annotated Code of the State of Georgia 1914 (1914).

ALWD 6th ed.
. Park's Annotated Code of the State of Georgia 1914 (1914).

APA 7th ed.
(1914). Park's Annotated Code of the State of Georgia 1914. Supplements, Atlanta, The Harrison Co.

Chicago 7th ed.
Park's Annotated Code of the State of Georgia 1914. + Supplements, Atlanta, The Harrison Co.

McGill Guide 9th ed.
Park's Annotated Code of the State of Georgia 1914 (+ Supplements, Atlanta: The Harrison Co., 1914)


AGLC 4th ed.
Park's Annotated Code of the State of Georgia 1914 (The Harrison Co., 1914)

MLA 8th ed.
Park's Annotated Code of the State of Georgia 1914. + Supplements, Atlanta, The Harrison Co. HeinOnline.

OSCOLA 4th ed.
Park's Annotated Code of the State of Georgia 1914. + Supplements, Atlanta, The Harrison Co.

Provided by:
Provided by Jenkins Law Library

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

in one count: See § 344, catchword **Indictment**.
**Landlord** need not have actual occupancy after tenant's departure at end of term before crime of forcible detainer, instituted by prosecutor, irrelevant. (52 S. E. 147).

§ 346. (§ 340.) **Punishment for forcible entry or detainer.** Any person who shall be guilty of a forcible entry, or a forcible detainer, or both, shall be punished as for a misdemeanor; and the court before whom the conviction takes place shall cause restitution of possession of the premises to be made to the party aggrieved. If the party forcibly detaining lands and tenements, or those under whom he claims, shall have been in peaceable possession of the same for the space of three years or more, immediately preceding the filing of the complaint, he shall not be subject to the penalties of this section, nor shall the restitution of possession be made. The only questions to be submitted to and determined by the jury in trials for forcible entry, or forcible detainer, shall be the possession and the force, without regard to the merits of the title on either side.

Cobb, 812-813. Acts 1895, p. 63.
§§ 5398-5405, C. C.

**Chain-gang sentence** for a violation of section 345 is legal since the adoption by the legislature of section 1039 of the Penal Code of 1895 (section 1065 of this Code). 115/567 (2) (41 S. E. 1000).
**Indictment** may charge both forcible entry and forcible detainer in same count but, if charged, both must be proved. 99/692 (2) (26 S. E. 496); see 74/816; 10 App. 664, 665 (73 S. E. 1079).
**Pendency** of civil action for forcible detainer, instituted by prosecutor, irrelevant. 105/657 (2) (31 S. E. 576).
**Verdict** may be for both offenses under indictment charging both, though evidence must warrant such verdict. 74/816.

## ARTICLE 3.

### Carrying Concealed Weapons; Carrying Weapons to Courts, Election Grounds, etc.; Carrying Pistols without License; Pointing Weapon at Another; and Furnishing Weapons to Minors.

§ 347. (§ 341.) **Carrying concealed weapons.** Any person having or carrying about his person, unless in an open manner and fully exposed to view, any kind of metal knucks, pistol, dirk, sword in a cane, spear, bowie-knife or any other kind of knives manufactured and sold for the purpose of offense and defense, shall be guilty of a misdemeanor.

Cobb, 848, 849. Acts 1882-3, p. 48. 1898, p. 60.

**Basket:** See **Charge, Concealed**.
**Charge** that "if the pistol was carried so exposed to view that it could readily be seen and recognized as a pistol" intimates that the defendant had a pistol in his possession, and, where this fact is in issue before the jury, such charge requires new trial.

Carrying concealed weapons; carrying weapons to courts, etc.

2 App. 626 (1) (58 S. E. 1063). Charge as to carrying pistol in basket omitting to state that pistol must be concealed was error. 6 App. 533 (65 S. E. 354).

**Church,** carrying pistol to, different from offense of carrying concealed weapon. 4 App. 845 (62 S. E. 561).

**Concealed,** weapon is, if carried in basket or bag and not for purpose of transportation alone. 86/255 (12 S. E. 361). Or in a sack under the arm. 6 App. 18 (1) (64 S. E. 111). Or wrapped in bundle and carried merely for transportation. 126/89 (1-b) (54 S. E. 809). Defendant guilty if he transported pistol from repair shop at request of owner. 99/253 (1) (25 S. E. 624). If weapon is concealed but for a moment, offense complete. 75/882; 46/292. Satchel containing concealed pistol, with a strap resting upon shoulder of accused while a passenger in a railway car, warranted conviction. 105/633 (32 S. E. 155). Pistol was not concealed if sufficiently exposed to enable witness to recognize it as a pistol. 114/539 (3) (40 S. E. 733). Carrying pistol in pocket in such a manner that those standing in full view cannot see it, violates this section. 2 App. 417 (1) (58 S. E. 549). See **Charge.**

**Evidence** presenting conflict between positive and negative testimony, the positive pointing directly to defendant's guilt, conviction upheld. 12/213. Evidence that weapon carried openly at another time, not in conflict with testimony that defendant later carried it concealed. 61/481. Evidence as to general habit of accused to carry weapon openly, not admissible. 36/242; 106/142 (32 S. E. 18). Evidence that accused had a pistol in his pocket, but that witness did not see it, his recognition of it as a pistol being derived from the shape of the object, not authorize conviction. 114/538 (2) (40 S. E. 733). Evidence conflicting as to concealment, refusal of new trial not reversed. 122/143 (50 S. E. 66). Evidence that concealed pistol was exposed to view by reason of the defendant's leaning over so as to disclose it in the bosom of his overalls, supported conviction. 7 App. 33 (65 S. E. 1097). Evidence that defendant approached witnesses with a pistol, that he concealed the pistol in his pocket until he was almost within their presence, when he took it from his pocket, warranted conviction. 8 App. 32, 33 (68 S. E. 457). See **Purpose.** Evidence secured by search of prisoner: See notes to § 1037 (3), catchword **Search.**

**Exposed to view,** means so exposed as that weapon could readily be seen and recognized. 1/243; 32/225, 292. The expression does not mean necessarily that one meeting accused could see pistol; error so to charge. 114/538 (40 S. E. 733).

**Habit:** See **Evidence.**

**Home,** carrying concealed pistol within limits of, is within statute. 114/60 (1) (39 S. E. 873).

**Indictment** need not allege that metal knucks were manufactured and sold for "offense and defense." 121/144 (2) (48 S. E. 966). Two indictments charging offenses on different dates in presence of different persons, prima facie charge separate offenses. 119/964 (1) (47 S. E. 567).

**Metal knucks:** Amending Act of 1898, p. 60, inserting "kind of metal knucks," constitutional. 128/55 (57 S. E. 90); 1 App. 697, 698 (57 S. E. 90). See **Indictment.**

**Place to place,** carrying from, in presence of different persons constitutes but one offense, but when continuity broken, offense is ended and concealment again is new offense. 119/964 (3) (47 S. E. 567).

**Purpose** in carrying weapon concealed, not material. 94/774 (21 S. E. 992); 126/89 (1-a) (54 S. E. 809). Evidence to show purpose, inadmissible. 46/292. Though weapon carried as precaution for self-defense after life was threatened, no excuse. 72/211. See **Concealed.**

**Search,** as to admissibility of evidence disclosed by, see notes to § 1037 (3), catchword **Search.**

**Self-defense:** See **Purpose.**

**Sentence** of $200 fine or twelve months in chain-gang, not excessive. 65/303.

**Threats:** See **Purpose.**

**Transportation:** See **Charge, Concealed.**

**Weapon,** though disabled, accused still guilty if he carried it concealed. 61/417; 94/772 (21 S. E. 992).