# EXHIBIT 11

# HEINONLINE



DATE DOWNLOADED: Tue Dec  1 11:18:06 2020
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1925 24 .

ALWD 6th ed.
, , 1925 24 .

Chicago 7th ed.
"," West Virginia - Regular and 1st Extraordinary Sessions : 24-32

AGLC 4th ed.
'' West Virginia - Regular and 1st Extraordinary Sessions 24.

OSCOLA 4th ed.
'' 1925 24

Provided by:
Provided by Jenkins Law Library

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

Case 1:16-cv-03311-ELH   Document 129-12   Filed 12/03/20   Page 3 of 11

# CHAPTER 3

(House Bill No. 7—By Mr. Robinson from the Select Committee)

AN ACT to amend and re-enact section seven of chapter one hundred and forty-eight of the code of West Virginia, as amended and re-enacted by chapter fifty-one of the acts of the legislature of West Virginia, one thousand nine hundred and nine, regular session, and as further amended and re-enacted by an act of the legislature of West Virginia, regular session, one thousand nine hundred and twenty-five, relating to offenses against the peace; providing for the granting and revoking of licenses and permits respecting the use, transportation and possession of weapons and fire arms; restricting the manner of the sale and display of weapons and fire arms; imposing liability upon certain persons for the accidental or improper, negligent or illegal discharges of weapons and fire arms; defining the powers and duties of certain officers in the granting and revocation of said licenses and permits, and providing penalties for the violation of this act and any part thereof.

[Passed June 5, 1925; in effect 90 days from passage. Approved by the Governor.]

Sec.
7. (a) Penalty for carrying dangerous or deadly weapon without license; second offense; duties of prosecuting attorneys; application for license; what to show; publication; issuance; fee; bond; term of license; territory covered; deputy sheriffs and railway police licenses co-extensive with state; accounting for fees; forms by tax commissioner; certified copy of license to superintendent of department of public safety; list of all licenses to the same; lawful to carry arms on own premises, or from place of purchase and repair, not applicable to employee; permits to express company employees and railway police; bonds; emergency permits; reports of violations, and penalty

Sec.
for failure so to do; certain officers permitted to carry arms; bond; unlawful to carry or use weapon in a manner likely to cause breach of peace; penalty; revocation of license; notice; reinstatement.
7. (b) Permits for possession of machine gun and high-powered rifle; regulations; exception of rifle club members and licensed hunters; granting of permit; fee; revocation; confiscation of arms; alien prohibited from owning or possessing arms; display of arms for sale or rent prohibited; report of sales by dealers to superintendent of department of public safety; unlawful to arm alien; penalty for violations of this sub-section; inconsistent acts repealed.

*Be it enacted by the Legislature of West Virginia:*

That section seven of chapter one hundred and forty-eight of the code of West Virginia, as amended and re-enacted by chapter fifty-one of the acts of the legislature of West Virginia of one thousand nine hundred and nine, regular session, and as further amended and re-enacted by the legislature of West Virginia, one thousand nine hundred and twenty-five, regular session, in House Bill number four hundred six, be amended and re-enacted so as to read as follows:

Case 1:16-cv-03311-ELH   Document 129-12   Filed 12/03/20   Page 4 of 11

Section 7 (*a*). If any person, without a state license therefor, carry about his person any revolver or other pistol, dirk, bowie-knife, slung shot, razor, billy, metallic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor and upon conviction thereof be confined in the county jail for a period of not less than six nor more than twelve months for the first offense; but upon conviction of the same person for the second offense in this state, he shall be guilty of a felony and be confined in the penitentiary not less than one or more than five years, and in either case fined not less than fifty nor more than two hundred dollars, in the discretion of the court; and it shall be the duty of the prosecuting attorney in all cases to ascertain whether or not the charge made by the grand jury is the first or second offense, and if it shall be the second offense, it shall be so stated in the indictment returned, and the prosecuting attorney shall introduce the record evidence before the trial court of said second offense, and shall not be permitted to use his discretion in charging said second offense nor in introducing evidence to prove the same on the trial; *provided*, that boys or girls under the age of eighteen years, upon the second conviction, may, at the discretion of the court, be sent to the industrial homes for boys and girls, respectively, of the state. Any person desiring to obtain a state license to carry any such weapon within one or more counties in this state shall first publish a notice in some newspaper, published in the county in which he resides, setting forth his name, residence and occupation, and that on a certain day he will apply to the circuit court of his county for such state license; and after the publication of such notice for at least ten days before said application is made and at the time stated in said notice upon application to said court, it may grant such person a license in the following manner, to-wit:

The applicant shall file with said court his application in writing, duly verified, which said application shall show:

*First:* That said applicant is a citizen of the United States of America.

*Second:* That such applicant has been a *bona fide* resident of this state for at least one year next prior to the date of such application, and of the county sixty days next prior thereto.

44 *Third:* That such applicant is over twenty-one years of
45 age; that he is a person of good moral character, of temper-
46 ate habits, not addicted to intoxication, and has not been
47 convicted of a felony nor of any offense involving the use on
48 his part of such weapon in an unlawful manner.
49 *Fourth:* The purpose or purposes for which the applicant
50 desires to carry such weapon and the necessity therefor and
51 the county or counties in which said license is desired to be
52 effective.
53 Upon the hearing of such application the court shall hear
54 evidence upon all matters stated in such application and upon
55 any other matter deemed pertinent by the court, and if such
56 court be satisfied from the proof that there is good reason and
57 cause for such person to carry such weapon, and all of the
58. other conditions of this act be complied with, said circuit
59 court or the judge thereof in vacation, may grant
60 said license for such purposes, and no other, as said
60-a circuit court may set out in the said license (and the word
60-b "court" as used in this act shall include the circuit judge
60-c thereof, acting in vacation); but before the said
61 license shall be effective such person shall pay to the
62 sheriff, and the court shall so certify in its order granting the
63 license, the sum of twenty dollars, and shall also file a bond
64 with the clerk of said court, in the penalty of three thousand
65 five hundred dollars, with good security, signed by a respon-
66 sible person or persons, or by some surety company, author-
67 ized to do business in this state, conditioned that such appli-
68 cant will not carry such weapon except in accordance with his
69 said application and as authorized by the court, and that he
70 will pay all costs and damages accruing to any person by the
71 accidental discharge or improper, negligent or illegal use of
72 said weapon or weapons. Any such license granted after this
73 act becomes effective shall be good for one year, unless sooner
74 revoked, as hereinafter provided, and be co-extensive with the
75 county in which granted, and such other county or coun-
76 ties as the court shall designate in the order granting such
77 license; except that regularly appointed deputy sheriffs having
78 license shall be permitted to carry such revolver or other
79 weapons at any place, within the state, while in the perfor-
80 mance of their duties as such deputy sheriffs and except that
81 any such license granted to regularly appointed railway police

82 shall be co-extensive with the state, and all license fees col-
83 lected hereunder shall be paid by the sheriff and accounted for
84 to the auditor as other license taxes are collected and paid, and
85 the state tax commissioner shall prepare all suitable forms for
86 licenses and bonds and certificates showing that such license
87 has been granted and to do anything else in the premises to
88 protect the state and see to the enforcement of this act.
89   The clerk of the court shall immediately after license is
90 granted as aforesaid, furnish the superintendent of the de-
91 partment of public safety a certified copy of the order of the
92 court granting such license, for which service the clerk shall
93 be paid a fee of two dollars which shall be taxed as cost in
94 the proceeding; within thirty days after this act becomes
95 effective it shall be the duty of the clerks of each court in this
96 state having jurisdiction to issue pistol licenses to certify
97 to the superintendent of the department of public safety a
98 list of all such licenses issued in his county.
99   *Provided,* that nothing herein shall prevent any person
100 from carrying any such weapon, in good faith and not for a
101 felonious purpose, upon his own premises, nor shall anything
102 herein prevent a person from carrying any such weapon
103 (unloaded) from the place of purchase to his home
104 or place of residence, or to a place of repair and
105 back to his home or residence; but nothing herein
106 shall be construed to authorize any employee of any person,
107 firm or corporation doing business in this state to carry on
108 or about the premises of such employer any such pistol, or
109 other weapon mentioned in this act for which a license is
110 herein required, without having first obtained the license and
111 given the bond as herein provided; and, *provided, further,*
112 that nothing herein shall prevent agents, messengers and
113 other employees of express companies doing business as com-
114 mon carriers, whose duties require such agents, messengers
115 and other employees to have the care, custody or protection
116 of money, valuables and other property for such express com-
117 panies, from carrying any such weapon while actually en-
118 gaged in such duties, or in doing anything reasonably inci-
119 dent to such duties; *provided,* such express company shall
120 execute a continuing bond in the penalty of thirty thousand
121 dollars, payable unto the state of West Virginia, and with
122 security to be approved by the secretary of state of the state

Case 1:16-cv-03311-ELH   Document 129-12   Filed 12/03/20   Page 7 of 11

28        Use and Possession of Firearms        [Ch. 3

123 of West Virginia, conditioned that said express company will
124 pay all damages, accruing to anyone by the accidental dis-
125 charge or improper, negligent or illegal discharge or use of such
126 weapon or weapons by such agent, messenger or other employee
127 while actually engaged in such duties for such express com-
128 pany, in doing anything that is reasonably incident to such du-
129 ties; but the amount which may be recovered for breach of
130 such condition shall not exceed the sum of three thousand five
131 hundred dollars in any one case, and such bond shall be filed
132 with and held by the said secretary of state, for the purpose
133 aforesaid, but upon the trial of any cause for the recovery of
134 damages upon said bond, the burden of proof shall be upon
135 such express company to establish that such agent, messenger
136 or other employee was not actually employed in such duties for
137 such express company nor in doing anything that was rea-
138 sonably incident to such duties at the time such damages were
139 sustained; and, *provided further,* that nothing herein shall
139-*a* prevent railroad police officers duly appointed and qualified
139-*b* under authority of section thirty-one of chapter one hun-
139-*c* dred forty-five of Barnes' code or duly qualified under the
139-*d* laws of any other state, from carrying any such weapon
139-*e* while actually engaged in their duties or in doing anything
139-*f* reasonably incident to such duties; *provided,* such railroad
139-*g* company shall execute a continuing bond in the penalty of
139-*h* ten thousand dollars payable unto the state of West Vir-
139-*i* ginia and with security to be approved by the secretary of
139-*j* state of the state of West Virginia conditioned that said
139-*k* railroad company will pay all damages accruing to anyone
139-*l* by the accidental discharge or improper, negligent or illegal
139-*m* discharge or use of such weapon or weapons by such rail-
139-*n* road special police officer whether appointed in this or some
139-*n*-1 other state while actually engaged in such duties for such
139-*o* railroad company, in doing anything that is reasonably inci-
139-*p* dent to such duties, but the amount which may be recovered
139-*q* for breach of such condition shall not exceed the sum of
139-*r* three thousand five hundred dollars in any one case, and
139-*s* such bond shall be filed with and held by the said secretary
139-*t* of state for the purpose aforesaid but upon the trial of any
139-*u* cause for the recovery of damages upon said bond, the bur-
139-*v* den of proof shall be upon such railroad company to estab-
139-*w* lish that such railroad police officer was not actually em-

Case 1:16-cv-03311-ELH   Document 129-12   Filed 12/03/20   Page 8 of 11

139-*x* ployed in such duties for such railroad company nor in
139-*y* doing anything that was reasonably incident to such duties
139-*z* at the time such damages were sustained; and *provided, fur-*
140 *ther,* that in case of riot, public danger and emer-
140-*a* gency, a justice of the peace, or other person
141 issuing a warrant, may authorize a special constable and his
142 posse whose names shall be set forth in said warrant,
142-*a* to carry weapons for the purpose of executing a pro-
143 cess, and a sheriff in such cases may authorize a deputy or
144 posse to carry weapons, but the justice shall write in his
145 docket the cause and reasons for such authority and the name
146 of the person, or persons, so authorized, and index the same,
147 and the sheriff or other officer shall write out and file with
148 the clerk of the county court the reasons and causes for such
149 authority and the name, or names of the persons so author-
150 ized, and the same shall always be open to public inspection,
151 and such authority shall authorize such special constable,
152 deputies and posses to carry weapons in good faith only for
153 the specific purposes and times named in such authority, and
154 upon the trial of every indictment the jury shall inquire into
155 the good faith of the person attempting to defend such in-
156 dictment under the authority granted by any such justice,
157 sheriff or other officer, and any such person or persons so
158 authorized shall be personally liable for the injury caused to
159 any person by the negligent or unlawful use of any such
160 weapon or weapons. It shall be the duty of all ministerial of-
161 ficers, consisting of the justices of the peace, notaries public and
162 other conservators of the peace of this state, to report to the
163 prosecuting attorney of the county the names of all persons
164 guilty of violating this section, and any person wilfully failing
165 so to do, shall be guilty of a misdemeanor and shall be fined not
166 exceeding two hundred dollars, and shall, moreover, be liable
167 to removal from office for such wilful failure; and it shall
168 likewise be the duty of every person having knowledge of the
169 violation of this act, to report the same to the prosecuting
170 attorney, and to freely and fully give evidence concerning
171 the same, and any one failing so to do, shall be guilty of a
172 misdemeanor and upon conviction thereof shall be fined not
173 exceeding one hundred dollars; *provided, further,* that noth-
174 ing herein contained shall be so construed as to prohibit sher-
175 iffs, their regularly appointed deputies, who actually collect

176 taxes in each county, and all constables in their respective
177 counties and districts, and all regularly appointed police offi-
178 cers of their respective cities, towns or villages, all jailors and
179 game protectors who have been duly appointed as such, and
179-a members of the department of public safety of this
179-b state, from carrying such weapons as they are now
180 authorized by law to carry, who shall have given
181 bond in the penalty of not less than three thousand five hun-
182 dred dollars, conditioned for the faithful performance of their
183 respective duties, which said officers shall be liable upon their
184 said official bond, for the damages done by the unlawful or
185 careless use of any such weapon or weapons, whether such
186 bond is so conditioned or not.
187   It shall be unlawful for any person armed with a pistol,
188 gun, or other dangerous or deadly weapon, whether licensed
189 to carry same or not, to carry, expose, brandish, or use, such
190 weapon in a way or manner to cause, or threaten, a breach
191 of the peace. Any person violating this provision of this act
192-4 shall be guilty of a misdemeanor, and upon conviction, shall
195 be fined not less than fifty nor more than three hundred
196 dollars or imprisoned in the county jail not less than thirty
197 nor more than ninety days, or be punished by both fine and
198 imprisonment in the discretion of the court.
199   Any circuit court granting any such license to carry any
200 of the weapons mentioned in this act, the governor, or the su-
201 perintendent of the department of public safety, with the con-
202 sent of the governor, may, for any cause deemed sufficient by
203 said court, or by the governor or by the superintendent of the
204 department of public safety with the approval of the governor
205 aforesaid, as the case may be, revoke any such license to carry
205-a a pistol or other weapon mentioned in this act for which a
205-b license is required, and immediate notice of such revocation
206 shall be given such licensee in person, by registered mail or in
207 the same manner as provided by law for the service of other
208 notices, and no person whose license has been so revoked shall
209 be re-licensed within one year thereafter; *provided*, that the
210 authority so revoking such license may, after a hearing, sooner
211 reinstate such licensee.
212   (*b*) It shall be unlawful for any person to carry, transport,
213 or to have in his possession any machine gun, sub-machine gun,
214 and what is commonly known as a high powered rifle, or any

215 gun of similar kind or character, or any ammunition therefor,
216 except on his own premises or premises leased to him for a
217 fixed term, until such person shall have first obtained a per-
218 mit from the superintendent of the department of public
219 safety of this state, and approved by the governor, or until a
220 license therefor shall have been obtained from the circuit
221 court as in the case of pistols and all such licenses together
222 with the numbers identifying such rifle shall be certified to
223 the superintendent of the department of public safety. *Pro-*
224 *vided, further,* that nothing herein shall prevent the use of
225 rifles by *bona fide* rifle club members who are freeholders or
226 tenants for a fixed term in this state at their usual or cus-
227 tomary place of practice, or licensed hunters in the actual
228 hunting of game animals. No such permit shall be granted
229 by such superintendent except in cases of riot, public danger,
230 and emergency, until such applicant shall have filed his writ-
231 ten application with said superintendent of the department
232 of public safety, in accordance with such rules and regula-
233 tions as may from time to time be prescribed by said depart-
234 ment of public safety relative thereto, which application shall
235 be accompanied by a fee of two dollars to be used in defraying
236 the expense of issuing such permit, and said application shall
237 contain the same provisions as are required to be shown under
238 the provisions of this act by applicants for pistol license, and
239 shall be duly verified by such applicant, and at least one
240 other reputable citizen of this state. Any such permit as
241 granted under the provisions of this act may be revoked by the
242 governor at his pleasure and upon the revocation of any such
243 permit the department of public safety shall immediately seize
244 and take possession of any such machine gun, sub-machine
245 gun, high powered rifle, or gun of similar kind and character,
246 held by reason of said permit, and any and all ammunition
247 therefor, and the said department of public safety shall also
248 confiscate any such machine gun, sub-machine gun, and what
249 is commonly known as a high powered rifle, or any gun of
250 similar kind and character and any and all ammunition there-
251 for so owned, carried, transported or possessed contrary to the
252 provisions of this act, and shall safely store and keep the same,
253 subject to the order of the governor. No alien shall own, keep
254 or possess any firearm of any kind or character. It shall be
255 unlawful for any person, firm or corporation to place or keep

256 on public display to passersby on the streets, for rent or sale,
257 any revolver, pistol, dirk, bowie knife, slung shot or other
258 dangerous weapon of like kind or character or any machine
259 gun, sub-machine gun or high powered rifle or any gun of
260 similar kind or character, or any ammunition for the same.
261   All dealers licensed to sell any of the foregoing arms or
262 weapons shall take the name, address, age and general appear-
263 ance of the purchaser, as well as the maker of the gun, manu-
264 facturer's serial number and caliber, and report the same at
265 once in writing to the superintendent of the department of
266 public safety.
267   It shall be unlawful for any person to sell, rent, give or
268 lend any of the above mentioned arms to an unnaturalized
269 person.
270   Any person violating the provisions of sub-section (b) of
271 this act shall be guilty of a misdemeanor and upon conviction
272 thereof shall be fined not less than fifty dollars, nor more than
273 three hundred dollars, or confined in the county jail not less
274 than thirty days nor more than six months, or both such fine
275 and imprisonment, in the discretion of the court.
276   All acts and parts of acts inconsistent herewith are hereby
277 repealed.

# CHAPTER 4

(Senate Bill No. 4—By Joint Special Committee)

AN ACT making appropriations of public moneys to pay general charges upon the treasury.

[Passed June 6, 1925; in effect from passage. Approved by the Governor.]

| Sec. | | Sec. | |
|---|---|---|---|
| 1. | Appropriations made from the treasury. | | cost of new capitol; authorizing construction and limiting cost of second office building. |
| 2. | Fiscal years of 1926 and 1927. | 5. | Appropriations for maintenance and repair of roads; in "state fund general revenue" not otherwise appropriated to be used for road maintenance. |
| 3. | Appropriations under sub-sections "A," "B" and "C" payable out of the general revenue of the state. | | |
| | *Sub-Section "A"* | | |
| 4. | Construction and equipment of second unit of office building of new capitol; Governor to sell all state property on Capitol and Summers streets in Charleston; proceeds to be paid into the treasury as a special capitol building fund; Governor may continue capitol building commission, by re-appointment; limit of total | 5-a. | Recodification commission; salary and expenses of the commission, assistants and stenographers; expenses of the legislative committee; this an additional appropriation. |
| | | | *Sub-Section "B"* |
| | | 6. | Appropriations appearing under sub-section "B" payable only on requisition and approval of the state board of control. |