IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

MARYLAND SHALL ISSUE, INC., *et al.*,  *

   *Plaintiffs*,  *

v.  *  Civil Case No. 16-cv-3311-ELH

LAWRENCE HOGAN, *et al.*,  *

   *Defendants.*  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANTS' UNOPPOSED MOTION TO FILE CONFIDENTIAL STIPULATION UNDER SEAL

Pursuant to Local Rule 105.11, defendants, through undersigned counsel, move to file under seal the confidential stipulation that was attached to the notice of filing of document under seal filed today in this case. In support of this motion, defendants state as follows:

1. In their cross-motion for summary judgment, plaintiffs claim that Maryland's Handgun Qualification License law, which was enacted in 2013, violates the Second Amendment. In support of this claim, plaintiffs assert that "Atlantic Guns' handgun sales decreased by 20 percent in the four years following the HQL requirement's enactment compared to the previous four years, confirming the HQL requirement is a barrier to handgun acquisition by law-abiding citizens." (ECF 135-1 at 13).

2. To support that contention, plaintiffs relied on confidential sales data that had been previously filed under seal with this Court. (ECF 80.) That prior sales data, however, included sales only for years up to 2017.

3. The parties have entered into a stipulation as to the number of handguns and lower receivers transferred by Atlantic Guns, for the years 2018 through 2020, as reflected in the Maryland State Police 77R transfer portal. Defendants have included the stipulation as Exhibit 26 to the response/reply.

4. Defendants cannot refute plaintiffs' contentions regarding the impact of the HQL requirement on the sales of handguns without this information. This information provides the raw numbers from which to demonstrate that plaintiffs' sales have increased—not decreased—since the enactment of the HQL requirement.

5. The parties agree that these figures represent confidential business information that should be protected from public disclosure.

6. There is no viable alternative to filing under seal to preserve the confidentiality of the information in the stipulation.

For the foregoing reasons, pursuant to Local Rule 105.11, Defendants respectfully request that this Court approve the filing under seal of defendants' Exhibit 26.

                                            Respectfully Submitted,

                                            BRIAN E. FROSH
                                            Attorney General

                                              /s/ Ryan R. Dietrich
                                            ROBERT A. SCOTT (Fed. Bar #24613)
                                            RYAN R. DIETRICH (Fed. Bar #27945)
                                            Assistant Attorneys General
                                            200 St. Paul Place, 20th Floor
                                            Baltimore, Maryland 21202
                                            410-576-7648 (tel.); 410-576-6955 (fax)
                                            rdietrich@oag.state.md.us

Dated: March 8, 2021                    Attorneys for Defendants