**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MARYLAND SHALL ISSUE, INC., *et al.*

Plaintiffs

v.

LAWRENCE HOGAN, et al.

Defendants

Civil Case No: 16-cv-03311 MJG

**ANSWERS TO INTERROGATORIES**

TO: LAWRENCE HOGAN, et al., *Defendants*
c/o Jennifer L. Katz, Esq.
Robert A. Scott, Esq.
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202

FROM: Maryland Shall Issue, *Plaintiff*
c/o Cary J. Hansel
HANSEL LAW, P.C.
2514 North Charles Street
Baltimore, MD 21218

COMES NOW Plaintiff Maryland Shall Issue, by and through undersigned Counsel, and pursuant to the Federal Rules of Civil Procedure, answers Defendant Lawrence Hogan's Interrogatories to Plaintiff Maryland Shall Issue.

**NOTICE**

1. The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes the knowledge of the party, agents, representatives, and attorneys, unless privileged.

2. The word usage and sentence structure may be that of the attorney assisting in the preparation of the Answers and thus does not purport to be the exact language of the party.

3. These Answers furnish knowledge, facts, and information presently available and, if subsequent or different information is obtained prior to trial, as requested, such information will be either formally or informally communicated to all parties.



EXHIBIT 3

## GENERAL OBJECTIONS

1. Plaintiff objects to any Interrogatories that seeks the disclosure of information protected by the attorney/client privilege, the work product doctrine, or any other applicable privilege. The inadvertent disclosure of privileged material shall not constitute a waiver of the applicable privilege.

2. Plaintiff objects to any Interrogatories to the extent they call for information that is not relevant to the subject matter of this action, nor reasonably calculated to lead to the disclosure of admissible evidence, or otherwise beyond the scope of the applicable Rules.

3. This Answer is made subject to inadvertent or undiscovered errors and are based upon and therefore limited by records and information still in existence, presently recollected and thus far discovered and reviewed in the course of preparing these responses. Discovery is ongoing at this time. Plaintiffs reserve the right to make any changes to the Answer if it appears that inadvertent erroneous inclusions, omissions or other errors have been made or additional or more accurate information becomes available including information from ongoing discovery.

4. Plaintiff objects to any Interrogatory to the extent it seeks information not discoverable under the Federal Rules of Civil Procedure.

5. Plaintiff objects to any Interrogatory to the extent it is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff objects to Defendant's instructions to the extent they purport to create definitions or instructions greater than that provided by the Federal Rules of Civil Procedure.

7. An objection on the ground that a particular Interrogatory is "vague and ambiguous" is an objection that the Interrogatory is vague, ambiguous, unintelligible, and indefinite.

8. Each of the forgoing objections and responses applies to each individual Answer and is incorporated in the Plaintiff's Answer to each request as if fully set forth therein.

Without waiver of these objections, Plaintiff answers as set forth below.

## INTERROGATORIES

1. Identify all members of MSI since October 1, 2013, and their primary residential addresses.

**Response No. 1:** Objection. Irrelevant. Overly broad and unduly burdensome. Without waiving said objection, there are currently over 800 members. In addition to the objections above, MSI declines to produce the list for reasons of privacy, confidentiality and potential retaliation. Having so stated, MSI identifies the following members whose circumstances MSI relies upon in part to establish standing and other elements of its case:

| | | | |
|---|---|---|---|
| 1. | Deborah "Debbie" Kay Miller 297 Aston Forest Lane Crownsville, MD 21032 | Deterred by all HQL requirements, inconvenience, and health concerns of undergoing training. | Ms. Miller is a 56-year-old female with full-time employment at the DOD as a customer service representative. Ms. Miller possesses a physical disability card due to injuries associated with her back and feet. At work, she has disability consideration in that a special chair is provided for her. Ms. Miller does not currently own any guns, but does occasionally visit a shooting range. |
| 2. | John Matthew Clark 1240 Arnold Road Westminster, MD 21157 | Deterred by the cost of the HQL itself, training, the cost of 3rd-party fingerprinting, and the hassle of finding an "approved" fingerprint service provider. | Mr. Clark works as a computer/web server technician and is 47 years old. He would have to take a day off of work and use vacation time to have fingerprinting done. Mr. Clark reported that his county sheriff refuses to cooperate with HQL applicants. |
| 3. | Dana Hoffman 7051 Carroll Ave, Apt. 915 Takoma Park, MD 2091 | Deterred by the HQL requirements, especially the live fire and training requirements | Ms. Hoffman is 74 years old and is confined to a wheelchair. She has a medical condition that makes it impossible for her to obtain training, including the MSP live fire requirement. Ms Hoffman does not own any guns but wishes to purchase a handgun for self-defense in her home. |
| 4. | Scott Miller 1004 Murdoch Ct Crofton, MD 21114 | Deterred by cost and time requirement | Mr. Miller as a 27-year-old Emergency Medical Technician. Mr. Miller's ambulance was recently caught in a firefight in D.C., and was hit by 7 bullet rounds. Although he could not carry while on the job, Mr. Miller still wants to protect himself. Mr. Miller currently does not own any handguns or have any permit, as his lifelong residency in Maryland has effectively discouraged any such acquisitions. |

See also Response 3. As additional members with potential relevant circumstances are identified by MSI, they will be disclosed by way of supplementation of this response.

2. Identify all MSI members who have obtained a Maryland Handgun Qualification License ("HQL").

**Response No. 2:** Objection, irrelevant. Without waiver, MSI further states that MSI does not track such information for its members. MSI has numerous members who do not have an HQL, including the persons identified in the response to Question 1.

3. Identify all members of MSI who have been a Qualified Handgun Instructor, as defined in § 5-101(q) of the Public Safety Article of the Maryland Code, at any time since October 1, 2013, and their primary residential addresses.

**Response No. 3:** Objection, irrelevant. Without waiver, MSI further states that MSI does not track such information for its members, but states further that most of the officers and members of the MSI Board of Directors are Qualified Handgun Instructors, including:

Mark W. Pennak,
7416 Ridgewood Ave.,
Chevy Chase, MD 20815
President, MSI

John Mountjoy
23202 Pembrook Drive
Hollywood, MD 20636
Vice President, MSI

Brook Powers
3501 Ward Lane
Frederick, MD 21704
Chairman of the Board, MSI

Gregory Gambill
3010 Parktowne Rd.
Parkville, MD 21234
Treasurer/Secretary, MSI

Daniel Carlin-Webber
2011 Frames Rd
Dundalk, MD 21222
Board Member, MSI

Brian Bissett
7088 Water Oak Road
Elkridge MD 21075-6525
Board Member, MSI

Michael Burke
PO Box 23111
Baltimore MD 21203
Board Member, MSI

Paul Sill
6515 Dundee Drive
Unit 236
Eldersburg, MD 21784

Board Member, MSI

4. Identify all pricing information you have received regarding the firearms safety training requirement of Maryland's HQL process.

**Response No. 4**: *See* documents produced.

5. Identify all pricing information you have received regarding the fingerprinting requirement of Maryland's HQL process.

**Response No. 5**: *See* documents produced.

6. Identify any individuals, including but not limited to any individual members of MSI, who have been deterred from purchasing a handgun due to the expense and inconvenience of the HQL requirements.

**Response No. 6**: Objection, outside the knowledge of the responding party. Irrelevant. Without waiver, MSI further states that MSI has no way of tracking what are likely thousands of individuals who have been deterred from exercising a constitutional right by Maryland's repressive HQL regime. Without waiving said objection, *see* Complaint and Response No. 1.

7. Identify any individuals, including but not limited to any individual members of MSI, who have an urgent need for a handgun, but who, due to the expense and inconvenience of the HQL requirements, have been deterred from purchasing a handgun.

**Response No. 7**: Objection, outside the knowledge of the responding party. Irrelevant. Without waiver, MSI further states that MSI has no way of tracking what are likely thousands of individuals who have been deterred from exercising a constitutional right by Maryland's repressive HQL regime.

Without waiving said objection, *see* Complaint and Response No. 1.

8. Identify any individuals, including but not limited to any individual members of MSI, who hunt for food and are in need of a handgun, but who, due to the expense and inconvenience of the HQL requirements, have been deterred from purchasing a handgun.

**Response No. 8**: Objection, outside the knowledge of the responding party. Irrelevant. Without waiver, MSI further states that MSI has no way of tracking what are likely thousands of individuals who have been deterred from exercising a constitutional right by Maryland's repressive HQL regime.

9. Identify any individuals, including but not limited to any individual members of MSI, who live in an urban area with no access to Maryland State Police ("MSP") certified handgun trainers and/or a shooting range and are in need of handgun, but who have been deterred from purchasing a handgun by the HQL live-fire requirement.

**Response No. 9**: Objection, outside the knowledge of the responding party. Irrelevant. Without waiver said objections, MSI further states that MSI has no way of tracking what are likely thousands of

individuals who have been deterred from exercising a constitutional right by Maryland's repressive HQL regime.

Without waiving said objections, such persons lacking reasonable access would include every citizen of Maryland who does have reasonable access to one or more of the very few public ranges in an urban area that effectively bans the discharge of firearms in any place other than at a firing range. Such urban areas that impose such bans include most of Montgomery County (County Code Section 57-4), most of Prince Georges County (County Code Section 14-142), much of Baltimore County (County Code 12-2-101), and all of the City of Baltimore (City Code Section 59-2). On information and belief, MSI states that there are no public firing ranges in the City of Baltimore, only one such range in Montgomery County (Gilberts) and only two such public ranges in Prince Georges County (Maryland Small Arms Range and Fred's Outdoors). Such public ranges may also have their own rules and regulations that limit access. See also Complaint and Response 1.

10. Identify any individuals, including but not limited to individual members of MSI, who live in an area with no access to MSP approved fingerprint vendors and are in need of a handgun, but who have been deterred from purchasing a handgun by the HQL live-scan fingerprinting requirement.

**Response No. 10:** Objection, outside the knowledge of the responding party. Irrelevant. Without waiver, MSI further states that MSI has no way of tracking what are likely thousands of individuals who have been deterred from exercising a constitutional right by Maryland's repressive HQL regime.

Without waving said objection, every citizen living in western Maryland between the McHenry/ Oakland area and Cumberland and the small towns and vast rural areas in western Maryland outside those specific towns lacks such reasonable access. In addition, every person living in Thurmont and Emmitsburg, and Taneytown and surrounding vast rural areas and small towns in northern Maryland lacks such reasonable access. Every person living in La Plata and Newburg and St. Mary's City and Lexington Park as well as other small towns and in the vast rural areas in southern Maryland lacks such reasonable access. In addition, every person living in Fredericktown and Denton and Pocomoke City, and Chestertown and Crisfield as well as in other small towns and in the vast rural areas on the Eastern Shore of Maryland lack reasonable access to approved fingerprinting vendors. On information and belief, there is no State approved live-scan vendor currently located in any of the aforementioned towns and rural areas. See https://www.dpscs.state.md.us/publicservs/fingerprint.shtml. All these areas include current or potential MSI members. Every person who does not have the means to afford the cost or time associated with live-scan fingerprinting or the means to travel to a state-approved live-scan vendor lacks reasonable access, regardless of place of residence. Such persons include MSI members and potential members. See Response 1.

11. If you contend that any defendant has made any admission and/or declaration against interest relating to any claims or defenses involved in this lawsuit, identify the person making each such admission or declaration, the substance of each such admission or declaration, the date of each such admission or declaration and identify all documents relating to each such admission or declaration.

**Response No. 11:** *See* documents produced.

12. Identify and describe all communications you had with anyone, other than your attorneys, concerning efforts to locate and identify individuals to serve as plaintiffs in this lawsuit, including in your answer the parties to each communication and the date and time of each communication.

**Response No. 12:** Objection. Irrelevant. Further, this question, when posed by the government, impermissibly infringes on the First Amendment of the United States Constitution.

13. Identify and describe all communications you had with anyone, other than your attorneys, concerning the factual basis for the matters alleged in the Complaint, including in your answer the parties to each communication, the subject matter of each communication and the date and time of each communication.

**Response No. 13:** Objection. Irrelevant, overly broad and unduly burdensome. Without waiving said objection, MSI communicates with its members, the public, legislators and others regarding the referenced matters on a routine basis. As part of its mission, the organization exists to communicate regarding these issues. See, e.g., www.marylandshallissue.org.
It would be impossible to identify and describe every such communication and the date and time of each. Without waiving said objections, see documents produced.

**I SOLEMNLY SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING INFORMATION IS TRUE BASED ON MY PERSONAL KNOWLEDGE AND BELIEF.**

Maryland Shall Issue, Inc.

By: Mark W. Pennak, Esquire,
MSI President.

Dated: January 26, 2018

RESPECTFULLY SUBMITTED,

HANSEL LAW, P.C.

Cary J. Hansel
2514 North Charles Street
Baltimore, MD 21218
(301) 461-1040
(443) 451-8606
Cary@hansellaw.com
*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY certify that on this 26th day of January 2018, a copy of the foregoing Answers to Interrogatories to was mailed, by first class mail, postage prepaid, to:

Jennifer L. Katz, Esq.
Robert A. Scott, Esq.
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
*Counsel for Defendants*

John P. Sweeney, Esq.
T. Sky Woodward, Esq.
Bradley Arant Boult Cummings LLP
1615 L Street NW, Suite 1350
Washington, DC 20036
*Counsel for Plaintiff Atlantic Guns, Inc.*

Cary J. Hansel