IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARYLAND SHALL ISSUE, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | |
| | ) | Case No. 16-cv-3311-ELH |
| **LAWRENCE HOGAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF ATLANTIC GUNS' UNOPPOSED MOTION
TO FILE A REDACTED VERSION OF THE MEMORANDUM OPINION**

Pursuant to paragraph four of the Court's Order (Dkt. 159), the August 12, 2021 Memorandum Opinion ("2021 Memorandum Opinion") (Dkt. 158, at 57 n.17), and Local Rule 105.11, Plaintiff Atlantic Guns, Inc. ("Atlantic Guns"), through undersigned counsel, objects to lifting the seal on the 2021 Memorandum Opinion. Atlantic Guns respectfully requests that the Court file a redacted version of the 2021 Memorandum Opinion, redacting certain portions of pages 17 and 53 as indicated in Exhibit A. Counsel for Defendants and the other Plaintiffs do not object to the Court filing the 2021 Memorandum Opinion with these portions redacted.

In support of this motion, Atlantic Guns states as follows:

1. Defendants in their initial Memorandum in Support of Motion for Summary Judgment challenged the standing of Plaintiff Atlantic Guns by stating: "Nor has Atlantic Guns produced any evidence linking the implementation of the Handgun Qualification License ("HQL") requirement to a decline in sales of handguns." (Dkt 59-1, at 15.)

2. Atlantic Guns could not refute this statement without presenting the Court in its Opposition to Defendants' Motion for Summary Judgment Atlantic Guns' sales and gross revenue data before and after the HQL took effect, demonstrating that Atlantic Guns suffered a significant loss of

sales of handguns and sales revenues from the sale of handguns fairly traceable to the HQL requirement.

3.  Atlantic Guns presented this evidence to the Court through the declaration of its principal, Mr. Stephen Schneider. (Dkt. 77-1.) Mr. Schneider's declaration attached two exhibits, both containing confidential sales and sales revenue data for its Maryland handgun sales for the years 2009 through 2017, broken down by store and year. (*Id*.) The two exhibits are a statistical spreadsheet prepared and produced by Defendants from the confidential sales data Atlantic Guns is required by law to provide to Maryland State Police and a financial spreadsheet prepared by Atlantic Guns from its confidential sales and business records and produced as "Confidential" pursuant to the Stipulated Confidentially Order entered in this case on January 4, 2018. (Dkt. 41.)

4.  Such detailed product sales and sales revenue information in the mature and highly competitive firearms retail market in Maryland is both confidential and highly sensitive. Its public disclosure would likely expose Atlantic Guns to competitive disadvantage should its competitors obtain this information. Such recent business sales and sale revenues data is confidential financial data and reflects the amount and source of business income. This is confidential business information routinely protected from public disclosure. *See, e.g.*, 18 U.S.C. § 1905.

5.  Defendants and the other Plaintiffs did not object to Atlantic Guns' designation of this information as "Confidential" when produced or subsequently. Defendants and the other Plaintiffs did not oppose Atlantic Guns' Unopposed Motion to File Under Seal Declaration of Stephen Schneider and its Exhibits A and B. (Dkt. 80.) The Court granted Atlantic Guns' motion as it pertained to sealing Exhibits A and B. (Dkt. 85, at 2.)

6.  The Court cited and disclosed certain of the information contained in these spreadsheets in its March 31, 2018 Memorandum Opinion ("2018 Memorandum Opinion"), which it filed under seal, and ordered that the parties "advise the Court . . . as to whether they object to the

lifting of the seal so that the Court may publicly issue this Memorandum Opinion or, alternatively, whether the Court should file a redacted version, as to pages 8 and 39." (Dkt. 98, at 43 & Dkt. 99.)

7. Plaintiffs advised the court, and Defendants and the other Plaintiffs did not oppose, that to preserve the confidentiality of the information in Exhibits A and B to Mr. Schneider's declaration, there was no viable alternative to redacting the information on page 39 of the 2018 Memorandum Opinion. (Dkt. 100.)

8. The Court entered a redacted Memorandum Opinion that redacted the information on page 39 of the 2018 Memorandum Opinion. (Dkt. 101 & Dkt. 102.)

9. After the United States Court of Appeals for the Fourth Circuit held that Atlantic Guns had standing in this case and remanded this case back to this Court, Defendants filed a motion for summary judgment in which they argued:

> [T]he plaintiffs have failed to demonstrate how its requirements impose any constitutionally cognizable burden on their Second Amendment-protected conduct. Indeed, throughout this litigation, plaintiffs have failed to identify even a single individual who was deterred from purchasing a handgun due to the HQL law; nor have they produced any evidence that any law-abiding, responsible citizen has been deprived of the right to purchase a handgun for in-home self-defense due to any inability to comply with the HQL law.

(Dkt. 125-1, at 13.) Defendants also argued that the HQL "does not severely burden the core protection of the Second Amendment." (*Id*. (quotation omitted).)

10. To refute this argument and demonstrate the existence and severity of the burden imposed by the HQL requirement, Plaintiffs again relied on Atlantic Guns' sales and gross revenue data before and after the HQL took effect, arguing that "Atlantic Guns' handgun sales confirms the HQL requirement deters its customers from acquiring a handgun" and that the HQL requirement "has severely impacted Atlantic Guns' business." (Dkt. 135-1, at 5 n.1, 33.) Atlantic Guns again presented this evidence to the Court through the declaration of Mr. Schneider. (135-1 (citing to Dkt. 77-1).)

11. The Court cited and disclosed certain of the information contained in these spreadsheets in its 2021 Memorandum Opinion and ordered that the parties "advise the Court as to

whether they object to the lifting of the seal or, alternatively, whether the Court should file a redacted version, limited to pages 17 and 53." (Dkt. 109, at 1; *see also* Dkt. 158, at 57 n.17.)

12. For the reasons detailed above in paragraphs 2-5, to preserve the confidentiality of the information in Exhibits A and B to Mr. Schneider's declaration, there is no viable alternative to redacting the information on pages 17 and 53 of the 2021 Memorandum Opinion.

13. Counsel for Plaintiffs conferred with counsel for Defendants and the other Plaintiffs, and Defendants' and the other Plaintiffs' counsel do not object to this Motion or to the Court's filing a version of the 2021 Memorandum Opinion with the redactions in Exhibit A.

For the foregoing reasons, pursuant to paragraph four (4) of the Court's Order (Dkt. 159), footnote 17 of the Memorandum Opinion (Dkt. 158, at 57), and Local Rule 105.11, Plaintiff Atlantic Guns respectfully requests that the Court file a redacted version of the 2021 Memorandum Opinion, with the redactions on pages 17 and 53 of the Memorandum Opinion the same as those in Exhibit A.

Respectfully submitted this 23rd day of August, 2021.

/s/ John Parker Sweeney
John Parker Sweeney (Bar No. 08761)
James W. Porter, III (Bar No. 19416)
Marc A. Nardone (Bar No. 18811)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Phone: 202-393-7150
Facsimile: 202-347-1684
jsweeney@bradley.com

Counsel for Plaintiff Atlantic Guns, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of August, 2021, the foregoing was served, via electronic delivery to Defendants' counsel via CM/ECF system which will forward copies to Counsel of Record.

/s/ John Parker Sweeney
John Parker Sweeney (Bar No. 08761)